# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

| | |
|---|---|
| RAJESH VERMA, on behalf of himself and any others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WALDEN UNIVERSITY, LLC<br><br>    Defendant. | Case No. |

## NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441(a)

Defendant Walden University, LLC removes this action, which was previously pending in the Fourth Judicial Circuit in and for Duval County, Florida, as Case No. 16-2022-CA-003174-MA (the "State Court Action"). This removal is made pursuant to 28 U.S.C. §§ 1331, 1441(a), and 47 U.S.C. § 227, *et seq.* Defendant provides "a short and plain statement of the grounds for removal" pursuant to 28 U.S.C. § 1446(a). For the reasons below, this Court has subject matter jurisdiction.

## BACKGROUND

1.     On June 6, 2022, Plaintiff Rajesh Verma, individually on behalf of himself and others similarly situated, filed a putative class action complaint (the "Complaint") against Defendant Walden University, LLC in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida. In the two-count Complaint, Plaintiff alleges violations of the Telephone Consumer Protection Act, 47

U.S.C. § 227, *et seq.* (the "TCPA"). A true and correct copy of the Complaint is attached as **Exhibit A**.

2. On June 14, 2022, Defendant was served with the Complaint. A true and correct copy of the Affidavit of Process Server is attached as **Exhibit B**.

3. True and correct copies of all process, pleadings, and orders in the State Court Action that are not included in Exhibit A or Exhibit B are attached as **Exhibit C**.

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b)(1) because it is filed within thirty days after Plaintiff's service of the Complaint upon Defendant.

## VENUE

5. Venue is proper under 28 U.S.C. § 1441(a) because this Court is the U.S. District Court for the district and division embracing the location where the State Court Action was pending.

## JURISDICTION

**I. Removal is proper because Plaintiff's Complaint involves a federal question.**

6. This action is a civil action for which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. This action is therefore removable pursuant to 28 U.S.C. § 1441(a).

7. Specifically, Plaintiff alleges that Defendant placed numerous calls for telemarketing purposes to Plaintiff and other individuals who have registered their phone numbers on the National Do Not Call Registry in violation of the TCPA.

(Compl. ¶¶ 1 (Introduction), 11–12 (Factual Allegations), 11 (First Cause of Action), 18-19 (Second Cause of Action).[1]

8. Federal courts have original jurisdiction over claims under the TCPA. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (holding that "federal and state courts have concurrent jurisdiction over private suits arising under the TCPA"); *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014) (ruling that jurisdiction over TCPA claim was "proper under the Federal-Question Statute, 28 U.S.C. § 1331").

## II.  Plaintiff alleges facts that establish Article III standing.

9. The Eleventh Circuit has held that "[t[he receipt of more than one unwanted telemarketing call made in violation of the provisions enumerated in the TCPA is a concrete injury in fact that meets the minimum requirements of Article III standing." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1269 (11th Cir. 2019).

10. Plaintiff has alleged a concrete injury based on multiple calls and intangible harm.  According to Plaintiff, his telephone number "is registered to an individual and primarily used for personal, family, or household purposes" but "Defendant placed numerous calls for telemarking purposes to Plaintiff's" telephone number.  (Compl. ¶¶2 (Factual Allegations); 11 (First Cause of Action).)  Further, Plaintiff alleges the "calls spanned nearly ten months," "were made without Plaintiff's prior express written consent, invitation, or permission," and occurred while Plaintiff's

---

[1] The paragraphs in Plaintiffs' Complaint are non-consecutively numbered.  Defendant references each section in parenthesis to avoid confusion.

number was on the National Do-Not Call Registry. (*Id.* ¶¶ 13-14, 17 (Factual Allegations).) Accordingly, the Complaint establishes grounds for Article III standing.

## NOTICE

11. As required by 28 U.S.C. § 1446(d), Defendant will serve written notice of this Notice of Removal on Plaintiff, and Defendant will file a copy of this Notice of Removal with the clerk of the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida.

## CONCLUSION

WHEREFORE, for the foregoing reasons, removal is proper pursuant to 28 U.S.C. §§ 1331 and 1441(a), and Defendant respectfully requests that this action, previously pending in the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida, proceed as if this case had been originally initiated in this Court.

Dated: July 14, 2022

Respectfully submitted,

*/s/ Ryan T. Hopper*
Ryan T. Hopper (FBN 0107347)
hopperr@gtlaw.com
Raymond Jackson (FBN 1028350)
jacksonra@gtlaw.com
**GREENBERG TRAURIG, P.A.**
101 E. Kennedy Blvd., Ste. 1900
Tampa, Florida 33602
Telephone: (813) 318-5700
Facsimile: (813) 318- 5900

*Attorneys for Defendant, Walden University*