Filing # 150922151 E-Filed 06/06/2022 02:07:40 PM

# IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY

| | |
|---|---|
| **RAJESH VERMA**, on behalf of himself and all others similarly situated,<br><br>                      Plaintiff,<br>v.<br><br>**WALDEN UNIVERSITY, LLC.**<br><br>                      Defendant. | Civil Case No.:<br><br>**CLASS REPRESENTATION**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant Walden University's ("Defendant") practice of placing telephonic sales calls to persons on the National Do-Not-Call Registry, in violation of 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Plaintiff brings this action on behalf of himself and a class of similarly situated individuals.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed tortious acts in and from this District.

4. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District, because Plaintiff is located in this District, and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

5. The damages in this case exceed $30,000.00 exclusive of interest, costs, and attorney's fees.

## PARTIES

6. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Jacksonville, Florida.

7. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant is, and at all times mentioned herein was, a Florida corporation with its headquarters at 650 South Exeter Street, Baltimore, Maryland 21202.

9. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

1. Plaintiff is the regular user of the cellular telephone number 904-###-1065.

2. Plaintiff's number ending in 1065 is registered to an individual and primarily used for personal, family, or household purposes.

3. Plaintiff's telephone number ending in 1065 has been on the National Do-Not-Call Registry since March 31, 2011.

4. Defendant is a for-profit, primarily online university.

5. Beginning in or around October 2020, Defendant began placing telephone calls to Plaintiff's telephone number ending in 1065.

6. In addition to the calls beginning in October 2020, these calls occurred on at least the following dates and times:

| Count | Calling Number | Date | Time |
|---|---|---|---|
| 1 | 480-289-2116 | 1/13/21 | 11:53 AM |
| 2 | | 1/14/21 | 10:40 AM |
| 3 | | 1/17/21 | 1:15 PM |

| 4  |              | 1/19/21  | 5:39 PM  |
|----|--------------|----------|----------|
| 5  | 210-408-3333 | 3/14/21  | 1:49 PM  |
| 6  |              | 3/15/21  | 12:42 PM |
| 7  |              | 3/16/21  | 10:50 AM |
| 8  |              | 3/17/21  | 11:25 AM |
| 9  |              | 3/24/21  | 11:51 AM |
| 10 | 443-537-1495 | 10/4/21  | 8:22 AM  |
| 11 | 210-408-3425 | 10/5/21  | 1:05 PM  |
| 12 | 210-408-3372 | 10/6/21  | 10:04 PM |
| 13 | 210-408-3333 | 10/9/21  | 11:14 AM |
| 14 | 210-408-3373 | 10/12/21 | 5:06 PM  |
| 15 |              | 11/1/21  | 2:03 PM  |
| 16 |              | 11/2/21  | 2:16 PM  |

7. On each call, Defendant asked for or otherwise indicated the call was for an individual named "Taco" or "Taco Ogden", names with which Plaintiff is unfamiliar.

8. On each call, Defendant claimed to be "following up" on Plaintiff's purported inquiry into one of Walden University's programs (usually a nurse practitioner or nursing-adjacent role).

9. Plaintiff never inquired into Defendant's offerings.

10. On these calls, Defendant variously offered to provide Plaintiff information on Walden University and its offerings and/or to help Plaintiff apply for these offerings.

11. Defendant's calls were made for the purpose of encouraging the purchase of

Defendant's educational services.

12. Defendant's calls were therefore telemarketing under the TCPA, 47 C.F.R. § 64.1200(f)(13).

13. As Plaintiff never inquired, these calls were made without Plaintiff's prior express written consent, invitation, or permission.

14. Defendant and Plaintiff also lacked an established business relationship, as Plaintiff did not inquire and even if he had, an established business relationship formed based on an inquiry expires on its own after three months, and Defendant's calls spanned nearly ten months.

15. Accordingly, in addition to being "telemarketing", Defendant's calls also qualify as telephone solicitations under the TCPA, 47 C.F.R. § 64.1200(f)(15).

16. The TCPA prohibits the placement of "telephone solicitations" to telephone numbers on the National Do-Not-Call Registry. 47 C.F.R. § 64.1200(c).

17. Accordingly, because Defendant placed telephone solicitations to Plaintiff's telephone number on the National Do-Not-Call Registry, Defendant's calls to Plaintiff violated 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

18. For violations of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 to $1500 per call.

19. Defendant also made these calls without training its personnel in the existence and use of the do-not-call list, as required by 47 C.F.R. § 64.1200(d)(2).

20. Defendant also made these calls without recording do-not-call requests on any "internal" company do-not-call list as required by 47 C.F.R. §. 64.1200(d)(3).

21. Defendant also made these calls without maintaining a record of do-not-call requests, as required by 47 C.F.R. § 64.1200(d)(6).

## CLASS REPRESNTATION ALLEGATIONS

22.     Plaintiff brings this action pursuant to Florida Rules of Civil Procedure 1.220(a) and (b)(3) on behalf of the following proposed Classes, defined as follows:

> Since June 6, 2018, Plaintiff and all persons to whose telephone number Defendant placed (or had placed on its behalf) more than one telephone call in a 12-month period for the purpose of encouraging enrollment in Walden University when the number was on the National Do-Not-Call Registry and 1) more than three months had elapsed since the last inquiry associated with that number or 2) the telephone number did not belong to the person Defendant was attempting to reach.
>
> ("List Class")
>
> Since June 6, 2018, Plaintiff and all persons to whose telephone number Defendant placed (or had placed on its behalf) more than one telephone call in a 12-month period for the purpose of encouraging enrollment in Walden University.
>
> ("Policy Class")

23.     Excluded from the Class are individuals who file a request for exclusion, governmental entities, Defendant, its parents, directors, officers, attorneys, and members of their immediate families, and the Court and persons within the third degree of relationship to the Court.

24.     **Numerosity:** The Members of the Class are so numerous and geographically dispersed that individual joinder of all Members is impracticable within the meaning of Rule 1.220(a)(1). However, such information is in the control of Defendant. While the exact number of Class Members can be determined only by appropriate discovery, Plaintiff believes that the Class includes, at minimum, thousands of members. The disposition of claims of Class Members in a single action will provide substantial benefits to all parties and the Court.

25.     The Class is comprised of hundreds, if not thousands, of individuals nationwide.

26.     **Commonality:** Plaintiff's claims raise questions of law and fact that are common to all putative Class Members within the meaning of Rule 1.220(a)(2). *See Soper v. Tire Kingdom Inc.*, 124 So. 3d 804 (Fla. 2013). The common issues presented are as follows:

a. Whether Defendant placed telephone calls using an artificial or prerecorded voice;

b. Whether Defendant had any processes or protocols in place to stop calls to persons who asked that the calls stop or told Defendant that it had the wrong number;

c. Whether Defendant continued to place telephone calls to Class members after they asked it to stop;

d. Whether Plaintiff and the Class were damaged thereby, and the extent of damages for such violations; and

e. Whether Defendant should be enjoined from engaging in such conduct in the future.

27. Plaintiff Verma is a member of the Class in that Defendant placed a prerecorded or artificial voice call to his cellular telephone number despite not having Plaintiff's consent, as Plaintiff was not a customer of Defendant.

28. **Typicality:** As required by Rule 1.220(a)(3), Plaintiff's claims are typical of the claims of other Members of the Class, as all such claims arise from a similar act or a series of similar acts committed by Defendant. *See Soper*, 124 So. 3d at 804. Plaintiff is advancing the same claims and legal theories on behalf of himself and other members of the Class. Plaintiff is not advancing any unique claims nor is she subject to any unique defenses.

29. **Adequacy:** As required by Rule 1.220(a)(4), Plaintiff and his counsel will fairly and adequately protect and represent the interests of the Class. Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in prosecuting and/or defending class actions. Plaintiff and his counsel possess no interests adverse or antagonistic to the interests of the Class.

30. **Predominance and Superiority:** This action is properly maintained as a class action pursuant to Rule 1.220(b)(3) because questions of law and fact common to Plaintiff's claims

and the claims of the members of the Class predominate over questions of law and fact affecting only individual members of the Class, such that a class action is superior to other methods for the fair and efficient adjudication of this controversy. The issues relating to Plaintiff's claims are similar to the issues relating to the claims of the other members of the Class, such that a class action provides a far more efficient vehicle to resolve the claims rather than a myriad of separate and individual lawsuits. The maintenance of this action under Rule 1.220(b)(3) is also supported by the following considerations:

- The relatively small amount of damages that members of the Class have suffered on an individual basis would not justify the prosecution of separate lawsuits; and

- Counsel in this class action are not aware of any earlier litigation against Defendant to which any other members of the Class are a party and in which any question of law or fact controverted in the subject action is to be adjudicated.

31. A class action provides a fair and efficient method for adjudication of the controversy.

**FIRST CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Policy Class)**

10. Plaintiff and the proposed Policy Class incorporate the foregoing allegations as if fully set forth herein.

11. Defendant placed numerous calls for telemarketing purposes to Plaintiff's and Policy Class Members' telephone numbers.

12. Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list.

13. Defendant did so despite not recording or honoring "do not call" requests.

14. Defendant placed two or more telephone calls to Plaintiff and Policy Class Members in a 12-month period.

15. Plaintiff and Policy Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

16. Plaintiff and Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

## SECOND CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the List Class)

17. Plaintiff and the proposed List Class incorporate the foregoing allegations as if fully set forth herein.

18. Defendant placed numerous calls for telemarketing purposes to Plaintiff's and List Class Members' telephone numbers.

19. Plaintiff's and List Class Members' telephone numbers were all on the national "do not call" list at the time of the calls.

20. Defendant did not have an established business relationship with Plaintiff or List Class Members prior to making at least two telemarketing calls in a 12-month period.

21. Defendant placed two or more telephone calls to Plaintiff and List Class Members in a 12-month period.

22. Plaintiff and List Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5), in addition to and separate from any award for damages related to Defendant's policy violations.

23. Plaintiff and List Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5), in addition to and separate from any award for damages related to Defendant's policy violations.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Verma, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes as defined above, appointing Plaintiff Verma as the representative of the Classes and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § (c);

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D. An award of statutory damages for each violation of 227(c) and the regulations promulgated thereunder;

E. An award of treble damages;

F. An award of reasonable attorneys' fees and costs; and

G. Such other and further relief that the Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** June 6, 2022

Respectfully Submitted,

/s/ Eric W. Kem
Eric W. Kem
FL Bar No.: 0106042
**ERIC KEM INJURY LAWYERS**

2233 NW 41st Street, Suite 700-H
Gainesville, FL 32606
Tel: 352.356.5075
Fax: 844.536.3476
ekem@kemlawfirm.com

Jeremy M. Glapion*
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com

*Attorneys for Plaintiff and the Proposed Class*

*\*Pro Hac Vice* to be filed