# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

|  |  |
|---|---|
| **RAJESH VERMA**, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br><br>v.<br><br>**WALDEN UNIVERSITY, LLC**<br><br>                    Defendant. | **Case No. 22-cv-776-BJD-JBT** |

## PLAINTIFF'S MOTION FOR PARTIAL REMAND (FIRST CAUSE OF ACTION) AND MEMORANDUM OF LAW IN SUPPORT OF MOTION

Pursuant to 28 U.S.C. § 1447(c) and Art. III, § 2 of the Constitution, Plaintiff, Rajesh Verma, respectfully moves to remand only his first cause of action under 47 U.S.C. § 227(c) and the regulation issued thereunder found at 47 C.F.R. § 64.1200(d) because Defendant cannot meet its burden to show Article III standing for that claim as Plaintiff did not plead that he asked Defendant to stop calling, as required in the 11th Circuit to have standing for a claim under § 64.1200(d).

## MEMORANDUM OF LAW

Plaintiff Rajesh Verma's complaint under the Telephone Consumer Protection Act ("TCPA") pleads two causes of action. The first is that Defendant Walden University ("Defendant") failed to implement the policies and

procedures required for honoring Do-Not-Call requests and maintaining an internal Do-Not-Call list, in violation of § 227(c)(5) of the TCPA through 47 C.F.R. § 64.1200(d). The second is that Defendant placed telephone solicitations to his telephone number which was on the National Do-Not-Call registry at the time in violation of § 227(c)(5) of the TCPA through 47 C.F.R. § 64.1200(c).

Defendant's Notice of Removal establishes this Court's jurisdiction for the latter of these claims, stating that "Plaintiff has alleged a concrete injury based on multiple calls and intangible harm", and giving specific examples from Plaintiff's complaint, such as multiple calls occurring while Plaintiff's telephone number was on the National Do-Not-Call Registry. Plaintiff fully agrees with Defendant's position that Article III standing is present (and removal was proper) for this second cause of action.

But on removal, jurisdiction—including Article III standing—must be established for *all* claims. As the party that invoked this Court's jurisdiction, Defendant bears the burden of establishing each element of federal subject-matter jurisdiction. Under 11th Circuit precedent, for a plaintiff to have Article III standing for claims related to a defendant's failure to maintain an internal do-not-call list, that plaintiff must plead that he asked the defendant to stop and the calls continued. Plaintiff here did not so plead. Accordingly, as

currently pled, Plaintiff does not have Article III standing for his claim under § 64.1200(d). Defendant has failed to establish anything to the contrary. Accordingly, partial remand is mandated, and Plaintiff respectfully requests that this Court remand his cause of action under 47 C.F.R. § 64.1200(d) to the Circuit Court of the Fourth Judicial Circuit, Duval County pursuant to 28 U.S.C. § 1447(c).

## I.   PROCEDURAL AND FACTUAL BACKGROUND

On June 6, 2022, Plaintiff Verma filed a putative class action complaint under the TCPA in the Circuit Court of the Fourth Judicial Circuit, Duval County. Therein, Plaintiff pled two causes of action: the first that Defendant placed telemarketing calls to him in the absence of policies and procedures for maintaining an internal do-not-call list, and the second that Defendant placed telephone solicitations to his telephone number which was on the National Do-Not-Call Registry. 47 C.F.R. § 64.1200(d) and § 64.1200(c).

On July 14, 2022, Defendant Walden removed this matter to the Middle District of Florida pursuant to 28 U.S.C. § 1441 on the basis of 28 U.S.C. § 1331 (Federal Question). [Dkt. No. 1.] In its Notice of Removal, Defendant wrote:

> Plaintiff has alleged a concrete injury based on multiple calls and intangible harm. According to Plaintiff, his telephone number "is registered to an individual and primarily used for personal, family, or household purposes" but "Defendant placed numerous calls for telemarking purposes to Plaintiff's" telephone number. (Compl. ¶¶2 (Factual Allegations); 11 (First Cause of Action).) Further, Plaintiff alleges the "calls spanned nearly ten months," "were made without

Plaintiff's prior express written consent, invitation, or permission," and occurred while Plaintiff's number was on the National Do-Not Call Registry. (*Id.* ¶¶ 13-14, 17 (Factual Allegations).) Accordingly, the Complaint establishes grounds for Article III standing.

On August 5, 2022, Defendant moved to dismiss the complaint for reasons unrelated to Article III standing.

## II.   LEGAL ARGUMENT

While Defendant appears content, for the time being, to allow this case to proceed as if Article III standing were present for each claim, Article III standing is not subject to waiver or forfeiture. *See FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 230-31 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction, and standing 'is perhaps the most important of [the jurisdictional] doctrines.'") (quoting *Allen v. Wright*, 468 U.S. 737, 750 (1984)). If this issue is not raised and resolved now, the Parties risk litigating for months (if not—hopefully not—years) only for it to be decided that the Court is without subject-matter jurisdiction because Plaintiff lacks Article III standing for one or both of his claims. This is not only a risk to judicial and party economy, but it invites unnecessary gamesmanship, where a party might choose to keep the Article III standing issue in its back pocket until it sees which way the winds are blowing in a particular court or before a particular judge. *See, e.g. Dartell v. Tibet Pharms., Inc.*, Case No. 14-cv-3620, 2018 U.S. Dist. LEXIS 125643, *12 (D.N.J. July 27,

2018) (expressing sympathy to plaintiff, but considering an Article III standing objection brought six years after the case was filed).

As the Supreme Court has stated, "the party invoking federal jurisdiction bears the burden of establishing" the basis of that jurisdiction. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). In cases removed from state court, then, the removing defendant must prove the federal court's jurisdiction.[1] *Id.; see also Bowling v. United States Bank N.A.*, 963 F.3d 1030, 1034 (11th Cir. 2020) ("On a motion to remand, the removing party shoulders the burden of establishing federal subject-matter jurisdiction."); *Steel Valley Authority v. Union Switch and Signal Division,* 809 F.2d 1006, 1010 (3d Cir. 1987)) citing *Batoff v. State Farm Ins. Co.,* 977 F.2d 848, 851 (3d Cir. 1974); *Boyer v. Snap–On Tools Corp.,* 913 F.2d 108, 111 (3d Cir. 1990), *cert. denied,* 498 U.S. 1085 (1991); *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92 (1921)). Parties cannot stipulate to or concede subject-matter jurisdiction because a federal court has a special obligation to satisfy itself of its own jurisdiction. *Sosna v. Iowa,* 419 U.S. 393, 398 (1975); *see also* Wright & Miller, 13 Fed. Prac. & Proc. Juris. § 3522, Courts of Limited Jurisdiction (3d ed.) ("The parties

---

[1] Removal of state court actions into federal court is governed by 28 U.S.C. § 1441, which provides: "[g]enerally . . . any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

cannot confer on a federal court jurisdiction that has not been vested in that court by the Constitution and Congress.").

To meet its burden, Defendant must establish that two requirements are met: (1) that the claims asserted are within the judicial powers of the federal court as defined by Article III, § 2 of the Constitution; *and* (2) Congress has authorized the court to hear the claim in question. *See Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 89 (1998); *see also Moore v. Olson*, 368 F.3d 757, 760 (7th Cir. 2004) ("If Congress has authorized federal courts to resolve particular claims, and if the claim presents a case or controversy within the scope of Article III, then federal courts have subject-matter jurisdiction."), *cert. denied*, 543 U.S. 949 (2004). Standing is "an essential and unchanging part of the case-or-controversy requirement of Article III". *Lujan* 504 U.S. at 560. "Article III standing is a prerequisite to a federal court's exercise of subject-matter jurisdiction." *J W v. Birmingham Bd. Of Educ.*, 904 F.3d 1248, 1264 (11th Cir. 2018); *see also Hartig Drug Company Inc. v. Senju Pharmaceutical Company, Ltd.*, 836 F.3d 261, 269 (3d Cir. 2016) ("Article III standing is essential to federal subject matter jurisdiction.").

Article III standing requires the party invoking jurisdiction to prove three elements:

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or

hypothetical[.] Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely ... that the injury will be redressed by a favorable decision.

*Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see also Friends of the Earth, Inc. v. Laidlaw Envtl. Sys. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000) (same). *Bock v. Pressler & Pressler, LLP*, 658 Fed. Appx. 63, 64 (3d Cir. 2016) (quoting *Lujan*, 504 U.S. at 560-61 (alterations in original)). In determining whether Article III standing is present, courts look to the allegations in the complaint.[2] *See Salcedo v. Hanna*, 936 F. 3d 1162, 1167 (11th Cir. 2019).

Should Defendant fail to prove any element of subject-matter jurisdiction, including Article III standing, for all of Plaintiff's claims, the only remedy is to remand the entire case to state court. 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); *see Coccaro v. GEICO Gen. Ins. Co.*, 648 Fed. Appx. 876, 881 (11th Cir. 2016) (citing and quoting *Int'l Primate Prot. League v. Administrators of Tulane Educ. Fund*, 500 U.S. 72, 89 (1991) ("[T]he literal words of § 1447(c), . . . on their face, give . . . no discretion to dismiss rather than remand an action. . . .)).

---

[2] Notably, even if Defendant were not required to prove Article III standing in its Notice of Removal, it is indisputably Defendant's burden to do so now. *Mittenthal v. Fla. Panthers Hockey Club, Ltd.*, 472 F. Supp. 3d 1211, 1222 (S.D. Fla. 2020).

While the above is Black Letter Law, the more interesting question is what to do about a removed case where there is unequivocally standing for one cause of action (Plaintiff's claim based on the National Do-Not-Call Registry), and unequivocally *no* standing for another (Plaintiff's claim based on the internal do-not-call policies and procedures). The proper answer appears to be to remand the claim for which there is no subject-matter jurisdiction and retain jurisdiction over the claim for which subject-matter jurisdiction is present and removal was proper.

This is because Supreme Court precedent requires courts to evaluate each claim separately for subject-matter jurisdiction. *See DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 352-53 (2006) (rejecting the notion that a "common nucleus of operative facts" could supplant Article III requirements and requiring "standing separately for each claim of relief sought"). A court cannot exercise jurisdiction—supplemental or otherwise—over a claim that lacks Article III standing. *Id.* at 351-52. Should standing be present for one claim but not another, there appear to be two theoretical options: remand the entire case, though the Court has subject-matter jurisdiction over one of the claims and removal was proper for that claim, or remand only the claim over which the Court lacks subject-matter jurisdiction and removal was improper for that claim.

The Supreme Court has appeared to foreclose the former option, holding that an "ordinary reading" of the remand statute suggests that remand is only required when subject-matter jurisdiction is lacking over the entire case, and that § 1447 could conceivably be read to provide for the remand of "a claim within a case". *Wisconsin Department of Corrections, et. al. v. Schacht*, 524 U.S. 381, 392 (1998). This makes logical sense. Courts lack power to remand properly removed federal claims to state court. *In re City of Mobile*, 75 F.3d 605, 607-08 (11th Cir. 1996) ("[T]he district court must retain jurisdiction over the properly removed federal claim."). Just as a "common nucleus of operative facts" cannot *provide* subject-matter jurisdiction for claims over which a court would not otherwise have subject-matter jurisdiction, *DaimlerChrysler*, a "common nucleus of operative facts" cannot *remove* subject-matter jurisdiction from a claim over which a court *would* otherwise have subject-matter jurisdiction. Similarly, if a court has no discretion to dismiss rather than remand an improperly removed case, it presumably does not have the discretion to dismiss rather than remand an improperly removed claim.

Plaintiff has found only one court in this circuit to address this question directly in the context of standing. This court found that the "lack of standing for Count I does not require remand of the entire case—the Court need only remand the claims over which it lacks jurisdiction." *Tarpon Transp. Servs. v.*

*Total Quality Logistics, LLC*, 2021 U.S. Dist. LEXIS 136574, *7-8 (M.D. Fla. July 22, 2021). Other cases have found partial remand appropriate when the count was, by statute, barred from removal. *See, e.g. Johnston v. Morton Plant Mease Healthcare, Inc.*, 2007 U.S. Dist. LEXIS 11700, *7-8 (M.D. Fla. Feb. 20, 2007) (remanding a single count over which the court was deprived of jurisdiction by statute).

Partial remand appears to be the consensus outside of this District and Circuit. *See, e.g. Lee v. American Nat. Ins. Co.*, 260 F.3d 997, 1002, 1007 (9th Cir. 2001) (holding that "a district court may not under § 1447(c) remand a case in its entirety where there is subject matter jurisdiction over some portion of it" and that "[a] case that is properly removed in its entirety may nonetheless be effectively split up when it is subsequently determined that some claims cannot be adjudicated in federal court."); *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 993 (8th Cir. 2016) (partially remanding a case for lack of Article III standing); *Berquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010) ("If some parts of a single suit are within federal jurisdiction, while others or not, then the federal court must resolve the elements within federal jurisdiction and remand the rest[.]"); *Am. Capital Acquisitions Partners LLC v. Fortigent LLC*, 595 Fed. App'x 113 (3d Cir. 2014) (successful standing challenge to one claim did not warrant remand of other claims);*Shaw v.*

*Marriott Intern., Inc.*, 603 F.3d 1039, 1044 (D.C. Cir. 2010) (rejecting plaintiff's argument for remand of entire case and stating that "[t]he federal court may hear the claims for which federal jurisdiction exists); *Moriarty v. Am. Gen. Life Ins. Co.*, 2022 U.S. Dist. LEXIS 133021, *17-18 (S.D. Cal. July 26, 2022) (finding partial remand to be proper); *California v. N. Tr. Corp.*, 2013 U.S. Dist. LEXIS 53155 (C.D. Cal. Apr. 10, 2013) (same); *Santiago v. City of Chicago*, 2022 U.S. Dist. LEXIS 63108, *19-20 (N.D. Ill. Apr. 5, 2022) (same).

While this might seem superficially unfair to Defendant, this is a risk for the removing party to consider prior to removing a case where the Plaintiff's Article III standing is questionable. *Reyes v. Checksmart Fin., LLC*, 701 F. App'x 655, 660 (9th Cir. 2017) (Bencivengo, J., concurring in part). It is also preferable to the alternative, which would "enabl[e] defendants to prevent plaintiffs from seeking relief for which they have standing in state court, but not under Article III, by removing the entire case." *Id.*

### a. Plaintiff's § 64.1200(c) claim: Defendant Carried Its Burden of Demonstrating Federal Jurisdiction Under Article III, § 2 of the Constitution.

In Defendant's Notice of Removal, it states the following:

Plaintiff has alleged a concrete injury based on multiple calls and intangible harm. According to Plaintiff, his telephone number "is registered to an individual and primarily used for personal, family, or household purposes" but "Defendant placed numerous calls for telemarking purposes to Plaintiff's" telephone number. (Compl. ¶¶2 (Factual Allegations); 11 (First Cause of Action).) Further, Plaintiff alleges the "calls spanned nearly ten months," "were made without

> Plaintiff's prior express written consent, invitation, or permission," and occurred while Plaintiff's number was on the National Do-Not Call Registry. (*Id.* ¶¶ 13-14, 17 (Factual Allegations).) Accordingly, the Complaint establishes grounds for Article III standing.

Indeed, Plaintiff pleads he received from Defendant at least 16 calls, despite his number being on the National Do-Not-Call Registry. Under 11th Circuit precedent, this is sufficient for Article III standing. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1270 (11th Cir. 2019) ("The receipt of more than one unwanted telemarketing call made in violation of the provisions enumerated in the TCPA is a concrete injury that meets the minimum requirements of Article III standing."); *see also Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301, 1306 (11th Cir. 2020) (same). And the injury that § 64.1200(c) was meant to remedy—unwanted telephone solicitations to persons who made clear their numbers were not to be solicited—is traceable to Defendant's actions of calling such a number. Accordingly, Plaintiff's allegations are sufficient to establish Article III standing with respect to Plaintiff's claim for telephone solicitations to numbers on the National Do-Not-Call Registry. The Court has jurisdiction over this claim (Count II).

### b. Plaintiff's § 64.1200(d) claim: Walden Failed to Carry Its Burden of Demonstrating Federal Jurisdiction Under Article III, § 2 of the Constitution.

While the Complaint's allegations are sufficient for Article III standing with respect to Plaintiff's § 64.1200(c) claim, the same is not so for Plaintiff's §

64.1200(d) claim, which alleges that Defendant made telemarketing calls to his telephone number without maintaining the required policies and procedures for internally honoring this request. The 11th Circuit has directly addressed what is necessary for Article III standing for a § 64.1200(d) claim and found that only persons who received calls after asking the caller to stop can bring a claim under § 64.1200(d). *Cordoba*, 942 F.3d at 1272.[3] In other words, a person might have received an unwanted telemarketing call, but until they say stop, that injury is not traceable to a caller's lack of an internal do-not-call policy, because that policy (or lack thereof) was never triggered. Nowhere in Plaintiff's operative complaint does he plead that he asked Defendant to stop calling. Accordingly, under *Cordoba*, Plaintiff lacks Article III standing for this claim (Count I) and this claim must be remanded.

   None of this is to say that Plaintiff could not amend his complaint to plead the elements necessary for Article III standing for his § 64.1200(d) claim. But Congress has authorized state courts to hear claims under the TCPA. *See* 47 U.S.C. § 227(b)(3) ("A person or entity may, if otherwise permitted by the laws or rules of Court of a State, bring in an appropriate court of that State…).

---

[3] Plaintiff respectfully disagrees with this ruling. Requiring a plaintiff to prove that they asked a caller to "stop" calling in order to have standing to bring a claim that the caller did not track requests to stop calling allows a caller to avoid liability for its actions by doing the very thing the statute prohibits. If anything, this spoliation-adjacent tactic, and its impact on a Plaintiff's ability to represent their own claims or to bring a class claim, constitute injury, and these impacts are traceable to a defendant's failure to keep records. Nevertheless, *Cordoba* remains binding precedent.

Therefore, Plaintiff, as "the master of his complaint … may opt to sue in State court." *Davis v. Yates*, Case No. 15-cv-6943, 2016 U.S. Dist. LEXIS 94719 at *3 (D.N.J. July 20, 2016). Plaintiff chose to do so. Since Florida does not follow Article III, Article III standing concerns were not considered in the drafting of the complaint and Article III standing elements were not required to be pled. As the Florida Supreme Court wrote:

> Unlike the federal courts, Florida's circuit courts are tribunals of plenary jurisdiction. Art. V, § 5, Fla. Const. They have authority over any matter not expressly denied them by the constitution or applicable statutes. Accordingly, the doctrine of standing certainly exists in Florida, but not in the rigid sense employed in the federal system.

*Dep't of Revenue v. Kuhnlein*, 646 So. 2d 717, 720 (1994). Accordingly, Plaintiff's silence on issues that might be relevant to Article III standing for § 64.1200(d) claim is not intended to indicate anything other than Plaintiff filed his complaint in state court, intended to remain in state court, and did not need to tailor his complaint to Article III standing issues relevant only to Federal Court.

## III.   CONCLUSION

Defendant has not shown and cannot show that this Court has Article III jurisdiction over Plaintiff's § 64.1200(d) claim as pled and, therefore, as the removing party, has not met its burden of establishing that federal jurisdiction is proper for that claim. Accordingly, Plaintiff respectfully requests that this

Court remand Plaintiff's § 64.1200(d) claim (First Cause of Action) to state court pursuant to 28 U.S.C. § 1447(c).

**Dated:** August 12, 2022

/s/ Eric W. Kem
Eric W. Kem
FL Bar No.: 0106042
Eric Kem Injury Lawyers
2233 NW 41st Street, Suite 700-H
Gainesville, FL 32606
Tel: 352-356-5075
Fax: 844-536-3476
ekem@kemlawfirm.com

Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com

## <u>LOCAL RULE 3.01(g) CERTIFICATION</u>

I certify that I have conferred with counsel for Defendant via email and telephone, who opposes the request in the instant Motion.

**Dated:** August 12, 2022          /s/ Eric W. Kem
                                    Eric W. Kem


## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 12, 2022, I electronically filed the foregoing with the Clerk of Court by using the Cm/ECF system, which will send notice of electronic filing to counsel of record.

**Dated:** August 12, 2022          /s/ Eric W. Kem
                                    Eric W. Kem