UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

| | |
|---|---|
| RAJESH VERMA, on behalf of himself and any others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>WALDEN UNIVERSITY, LLC<br><br>    Defendant. | Case No. 3:22-cv-776-BJD-JBT |

**WALDEN UNIVERSITY'S OPPOSITION TO
PLAINTIFF'S MOTION FOR PARTIAL REMAND**

Because Plaintiff has pleaded grounds to establish Article III standing and subject matter jurisdiction in this Court, Defendant, Walden University, LLC, opposes Plaintiff's Motion for Partial Remand (Doc. 13).

**PRELIMINARY STATEMENT**

On June 6, 2022, Plaintiff Rajesh Verma, individually on behalf of himself and others similarly situated, filed a two-count putative class action Complaint (the "Complaint") against Defendant Walden University, LLC alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). Following service, Defendant timely removed this action on July 17, 2022 on the grounds of federal question jurisdiction pursuant to 28 U.S.C. §§ 1331. Thereafter, on August 12, 2022, Plaintiff filed a Motion for Partial Remand to remand Count I of the

Complaint to the Circuit Court of the Fourth Judicial Circuit in and for Duval County, Florida (the "Motion").

In his Motion, Plaintiff concedes that Defendant properly removed Count II and the Court has jurisdiction over that TCPA claim, but argues that Count I should be remanded for lack of standing because Plaintiff failed to allege in his Complaint that he asked Defendant to stop placing calls to his telephone. *See* Doc. 13 at 2. Plaintiff relies on the 11th Circuit's ruling in *Cordoba v. DIRECTV, LLC*, for the proposition that a plaintiff does not have Article III standing for a § 64.1200(d) claim where the Plaintiff did not ask to stop receive calls. 942 F.3d 1259, 1270 (11th Cir. 2019). But Plaintiff misreads *Cordoba*, which ruled that Article III standing on a § 64.1200(d) claim "is not a problem" for "individuals on the National Do Not Call Registry, since those whose numbers are on the Registry and nevertheless received marketing calls suffered an injury that is traceable to [defendant's] misconduct." *Id.* at 1271. Accordingly, the Court has standing over Plaintiff's § 64.1200(d) claim because Plaintiff has alleged that he received more than one phone call "without Plaintiff's prior express written consent, invitation, or permission," while Plaintiff's number was on the National Do-Not Call Registry. Doc. 3 ¶¶ 13-14, 17 (Factual Allegations).[1] Put simply, the factual allegations pleaded are sufficient for the Court to establish that Plaintiff has standing on Count I. Accordingly, Defendant requests the Court deny Plaintiff's Motion.

---

[1] The paragraphs in Plaintiff's Complaint are non-consecutively numbered. Defendant references each section in parenthesis to avoid confusion.

## ARGUMENT

Standing requires Plaintiff to have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). In *Cordoba*, the defendant claimed that unnamed class members who did not ask Defendant to stop calling could not meet either of the first two elements to have standing for a § 64.1200(d) claim. The 11th Circuit ruled that the unnamed class members satisfied the first element because "[t]he receipt of more than one unwanted telemarketing call made in violation of the provisions enumerated in the TCPA is a concrete injury that meets the minimum requirements of Article III standing." *Cordoba*, 942 F.3d at 1270. On the second element – traceability – the Court noted that the named plaintiff had "no problem meeting the traceability requirement" because "the complaint squarely alleges that he repeatedly asked [defendants] to stop calling him, [defendant] didn't keep a list of those who asked not to receive calls, and he later suffered the injury of receiving many phone calls." *Id.* at 1271. The Court also noted that individuals on the National Do Not Call Registry also satisfied the traceability requirement. *Id.* The court ruled that some of the unnamed class members could not meet the traceability requirements because:

> [I]f an individual not on the National Do Not Call Registry was called by [defendant] and never asked [defendant] not to call them again, it doesn't make any difference that [defendant] hadn't maintained an internal do-not-call list. [Defendant] could and would have continued to call them even if it had meticulously followed the TCPA and the FCC regulations. For these individuals, then, their injury wouldn't be fairly traceable to the challenged action of the defendant.

*Id.* at 1271-72.  Accordingly, the 11th Circuit ruled that the traceability requirement barred standing to a specific set of the plaintiffs: those who were not on the National Do Not Call Registry and did not allege asking the defendant not to call them.

Here, Plaintiff has alleged that his number was on the National Do Not Call Registry and that he received multiple telephone calls without his "prior express written consent, invitation, or permission."  Doc. 3 ¶¶ 13-14, 17 (Factual Allegations). Consequently, according to *Cordoba*, Plaintiff has standing because he has alleged suffering an injury that is traceable to Defendants.  *See Cordoba*, 942 F.3d at 1271.  The Court has grounds to establish Article III standing over Plaintiff.

Interestingly, although Plaintiff misreads *Cordoba* to suggest that no standing exists for his Count I claim, he also suggests that a plaintiff should satisfy the injury and traceability requirements of standing for a § 64.1200(d) claim regardless of whether a plaintiff asked a caller to stop calling.  *See* Doc. 13, fn. 3.  Plaintiff notes that "[r]equiring a plaintiff to prove that they asked a caller to 'stop' calling in order to have standing" is a "spoilation-adjacent tactic, and its impact on Plaintiff's ability to represent their own claims and to bring a class action, constitute injury and these impacts are directly traceable to a defendant's failure to keep records."  *Id.*  Thus, taking Plaintiff's desired position on *Cordoba* into account, Plaintiff would have the Court find that standing exists on its § 64.1200(d) claim.

Additionally, while Plaintiff's Motion is based on the contention that he never alleged in the Complaint that he asked Defendant's to "stop" calling him, Plaintiff

never affirmatively states that he did not make such a request. Thus, it is ironic that Plaintiff argues for remand on the grounds that his potential lack of standing "is not only a risk to judicial and party economy, but it invites unnecessary gamesmanship." Doc. 13 at 4.

Undoubtably, remanding Count I will waste judicial resources and require duplicative discovery in the federal and state courts. Plaintiff admits to only finding *one* case in the 11th Circuit allowing for his requested bifurcation of claims between the federal and state court in the context of standing.[2] In actuality, requests for a partial remand have been rejected by other Middle District courts in TCPA cases. *See Speidel v. Am. Honda Fin. Corp.,* No. 2:14-CV-19-FTM-38CM, 2014 WL 820703, at *3 (M.D. Fla. Mar. 3, 2014) ("The Court will not, as Plaintiff requests, remand the state law claims while the federal claim remains in this Court. Such piecemeal litigation could result in inconsistency between the two cases that would not encourage judicial economy."); *Pedraza v. Monarch Recovery Mgmt., Inc.,* No. 2:13-CV-892-FTM-38, 2014 WL 545370, at *2 (M.D. Fla. Feb. 11, 2014) (denying Plaintiff's request to partially remand a TCPA matter and bifurcate the complaint). Here, "[f]rom a pragmatic, efficiency standpoint (as well as the standpoint of avoiding undue risk of inconsistent results), it would make little sense to carve this case into pieces, keeping one portion of it in federal court and remanding the remainder to state court, inasmuch as similar

---

[2] *Tarpon Transp. Servs. v. Total Quality Logistics, LLC* addressed a Rule 12(b)(1) motion to dismiss – not a motion to remand – in which the Court determined that "because this case was removed from state court, the proper remedy is remand." No. 8:20-cv-2656-VMC-CPT, 2021 U.S. Dist. LEXIS 136574, at *7 (M.D. Fla. July 22, 2021).

issues involving the same course of conduct are at issue in both." *Whitney Nat'l Bank v. Lakewood Inv'rs*, No. 11-0179-WS-B, 2011 U.S. Dist. LEXIS 83775, at *33 n. 19 (S.D. Ala. July 28, 2011) (finding partial remand unpalatable where all of the claims were linked to the same chain of events). Additionally, the matter would likely return to this Court after discovery into Plaintiff's requests to Walden to stop placing the calls – something that appears to have occurred since Plaintiff has pleaded that he was on the National Do Not Call Registry.

## CONCLUSION

For the forgoing reasons, Defendant Walden University, LLC respectfully requests the Court deny Plaintiff's Motion for Partial Remand.

Dated: August 26, 2022

Respectfully submitted,

| | |
|---|---|
| Ian C. Ballon* | /s/ Raymond D. Jackson |
| ballon@gtlaw.com | Ryan T. Hopper (FBN 0107347) |
| Lori Chang* | hopperr@gtlaw.com |
| changl@gtlaw.com | Raymond Jackson (FBN 1028350) |
| GREENBERG TRAURIG, LLP | jacksonra@gtlaw.com |
| 1840 Century Park East, Suite 1900 | **GREENBERG TRAURIG, P.A.** |
| Los Angeles, California 90067 | 101 E. Kennedy Blvd., Ste. 1900 |
| Telephone: (310) 586-6575 | Tampa, Florida 33602 |
| Facsimile: (310) 586-7800 | Telephone: (813) 318-5700 |
| | Facsimile: (813) 318-5900 |

*Motions for Special Admission Forthcoming*

*Attorneys for Defendant, Walden University*

## **CERTIFICATE OF SERVICE**

I certify that on August 26, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to counsel of record.

*/s/ Raymond D. Jackson*
Attorney
