# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

RAJESH VERMA,

    *Plaintiff*,

v.                                        Case No.: 3:22-cv-776-BJD-JBT

WALDEN UNIVERSITY, LLC,

    *Defendant*.

_____/

## DEFENDANT WALDEN UNIVERSITY, LLC'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Walden University, LLC ("Walden") submits its Answer and Affirmative Defenses to Plaintiff Rajesh Verma's ("Verma") Complaint.

### INTRODUCTION

1. Walden admits that Verma purports to bring a claim for violation of the TCPA, but denies that Walden has committed any such violation.

2. Walden admits that Verma purports to bring this action on behalf of himself and a class of similarly situated individuals, but denies that Verma is entitled to any relief, and denies that Verma's claims are suitable for class treatment.

### JURISDICTION AND VENUE

3. Walden admits that it conducts business in this District, but denies that it has committed tortious acts.

4. Walden denies that any wrongful conduct occurred, but does not contest venue.

5. Walden admits that Verma purports to bring claims for damages exceeding $30,000, but denies that Verma is entitled to any relief.

## PARTIES

6. Walden is without knowledge as to the allegations in Paragraph 6 and therefore denies same.

7. Paragraph 7 is admitted.

8. Paragraph 8 is admitted.

9. Paragraph 9 is admitted.

## FACTUAL ALLEGATIONS

1. Walden is without knowledge as to the allegations in Paragraph 1 and therefore denies same.[1]

2. Walden is without knowledge as to the allegations in Paragraph 2 and therefore denies same.

3. Walden is without knowledge as to the allegations in Paragraph 3 and therefore denies same.

4. Paragraph 4 is admitted.

5. Paragraph 5 is denied.

6. Paragraph 6 is denied.

7. Walden is without knowledge as to the allegations in Paragraph 7 and therefore denies same.

---

[1] The paragraph numbering in the Complaint re-starts at 1 after Paragraph 9 and then the paragraph numbers jump back to paragraph 10 in the First Cause of Action.

2

8. Walden is without knowledge as to the allegations in Paragraph 8 and therefore denies same.

9. Paragraph 9 is denied.

10. Walden is without knowledge as to the allegations in Paragraph 10 and therefore denies same.

11. Walden is without knowledge as to the allegations in Paragraph 11 and therefore denies same.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Walden states that the referenced statute speaks for itself.

17. Paragraph 17 is denied.

18. Walden states that the referenced statute and regulations speak for themselves. Walden denies that Verma is entitled to any damages.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

## CLASS REPRESENTATION ALLEGATIONS

22. Walden admits that Verma purports to bring claims on behalf of himself and two different classes, but denies that Walden violated the TCPA, denies

that any class exists, denies that Verma can maintain this action as a class action, and denies that the classes as alleged can be certified.

23. Walden denies that the classes as alleged exist or can be certified, but otherwise does not contest the class exclusions referenced in Paragraph 23.

24. Paragraph 24 is denied.

25. Paragraph 25 is denied.

26. Paragraph 26 is denied.

27. Paragraph 27 is denied.

28. Paragraph 28 is denied.

29. Paragraph 29 is denied.

30. Paragraph 30 is denied.

31. Paragraph 31 is denied.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the Policy Class)

10. Walden re-asserts its responses to the prior paragraphs.

11. Paragraph 11 is denied.

12. Paragraph 12 is denied.

13. Paragraph 13 is denied.

14. Paragraph 14 is denied.

15. Paragraph 15 is denied.

16. Paragraph 16 is denied.

## SECOND CAUSE OF ACTION

### Violations of the TCPA, 47 U.S.C. § 227(c)
### (On Behalf of Plaintiff and the List Class)

17. Walden re-asserts its responses to the prior paragraphs.

18. Paragraph 18 is denied.

19. Paragraph 19 is denied.

20. Paragraph 20 is denied.

21. Paragraph 21 is denied.

22. Paragraph 22 is denied.

23. Paragraph 23 is denied.

## PRAYER FOR RELIEF

To the extent that a response is deemed necessary, Walden denies that Verma is entitled to any of the relief he seeks, either individually or on behalf of any classes which he purports to represent.

## WALDEN'S AFFIRMATIVE DEFENSES

The following defenses are based on Walden's knowledge, information, and belief at this time. Walden specifically reserves the right to assert additional affirmative or other defenses and/or modify, amend, or supplement any defense contained herein at any time. Without admitting any of the facts in the Complaint, Walden asserts and alleges the following affirmative defenses. By setting forth these defenses, Walden does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Verma.

Furthermore, all defenses are pleaded in the alternative, and do not constitute an admission of liability or that Verma is entitled to any relief whatsoever.

1. **Calls Not "Telemarketing" or "Advertising."** The phone calls allegedly made to Verma and any members of the putative classes were not "telemarketing" or "advertising" and as such, the prior express written consent of Verma and/or any members of the putative class was not required under the TCPA.

2. **No ATDS or Prerecorded Voice.** The phone calls allegedly made to Verma and any members of the putative classes were not sent using an automatic telephone dialing system or prerecorded voice.

3. **Ratification.** The claims of Verma and any members of the putative classes are barred, in whole or in part, by the doctrine of ratification and because Verma and/or any members of the putative classes acquiesced to any conduct engaged in by Walden.

4. **Waiver.** The claims of Verma and any members of the putative classes are barred by the doctrine of waiver.

5. **Estoppel.** The claims of Verma and any members of the putative classes are barred, in whole or in part, by their own conduct, actions, and inactions, which amount to and constitute an estoppel of all claims and relief sought.

6. **TCPA Unconstitutional.** The TCPA violates the First Amendment, Fifth Amendment, Sixth Amendment, Eighth Amendment, Fourteenth Amendment and Article I to the United States Constitution, and it is unconstitutional under state law.

7. **Statute of Limitations.** To the extent the claims of any members of the putative classes arose prior to the applicable prescriptive or statutory period, those claims are barred, in whole or in part, by the statute of limitations.

8. **Good Faith.** The claims of Verma and any members of the putative class are barred, in whole or in part, by Walden's good faith and/or good faith legal defense. Walden reasonably believed it had consent to make calls to the numbers of any customers who consented to such communications. To the extent that calls were made, such calls were not made for reasons of solicitation but instead to provide a service to Walden's customers.

9. **Adequate Remedy at Law.** Injunctive, equitable, and/or declaratory relief is inappropriate because Verma and members of the putative classes have an adequate remedy at law.

10. **Not Willful.** The conduct and/or violations of the law alleged against Walden are not sufficient to be "willful." To the extent any violation of the TCPA occurred, it resulted from a *bona fide* error, notwithstanding procedures reasonably adapted to avoid such error, and therefore, was not willful or knowing.

11. **Suit May Not Proceed as a Class Action.** Walden alleges that Verma may not maintain this lawsuit as a class action because his purported claim is not sufficiently typical or representative of those of the putative classes, his purported claim is adverse to the interests of the members of the putative classes, there are no questions of law or fact common the putative classes, common issues of fact and law do not predominate over individual issues, proof particular to each

7

putative class member's claims and defenses thereto will vary widely, damages cannot be proven on a class-wide basis, the putative class representative will not adequately represent the putative classes, and a class action is not a manageable or superior method for adjudicating the purported claims set forth in the complaint.

12. **No Ascertainability.** Verma may not maintain this lawsuit as a class action because the classes cannot be readily ascertained through Walden's records or any other means.

13. **No Administrative Feasibility.** Verma's class definitions do not contain objective criteria that allow for class members to be identified in an administratively feasible way.

14. **No Numerosity.** Verma may not maintain this lawsuit as a class action because the actual classes are not sufficiently numerous.

15. **No Typicality.** Verma may not maintain this lawsuit on behalf of a class because there is not a sufficient nexus between the claims of the Verma and those of the classes at large.

16. **Standing.** Verma lacks standing to assert the claims alleged in the Complaint.

17. **Failure to State a Claim for Injunctive Relief.** Verma has failed to state a claim for injunctive relief.

18. **Failure to State a Claim for Declaratory Relief.** Verma has failed to allege facts from which it appears there is a substantial likelihood he will suffer injury in the future.

19. **Non-Delegation Doctrine.** The TCPA represents an unconstitutional delegation of authority from Congress and is unenforceable pursuant to the non-delegation doctrine.

20. **Prior Express Invitation or Permission**. Verma and the putative classes are barred in whole or in part from asserting their claims because they provided Walden with the requisite "prior express invitation or permission" to receive telephone calls of the type about which the Complaint complains.

21. **Unclean Hands**. Verma and the putative class members are barred from asserting their claims, in whole or in part, to the extent they are subject to the doctrine of unclean hands.

22. **Failure to Mitigate Damages**. To the extent that Verma and the putative class members suffered any damages, Verma and the putative class members failed to take any and all reasonable actions to avoid or reduce their damages, and any damages awarded to them must be reduced accordingly.

23. **No Proximate Cause**. Walden did not proximately cause any damage, injury or violation alleged in the Complaint.

24. **Established Business Relationship**. The claims of Verma and the putative classes are barred, in whole or in part, to the extent they maintained an established business relationship with the caller.

25. **Safe Harbor**. The claims of Verma and the putative class are barred, in whole or in part, by the TCPA's "Safe Harbor" provision or other "Safe Harbor" defenses. Walden's actions are protected by the TCPA's statutory safe harbor provision, 47 C.F.R. § 64.1200(c)(2), because Walden's conduct meets the standards set forth by that provision.

26. **Response to Customer Inquiry/Request**. The claims of Verma and the putative classes are barred, in whole or in part, to the extent that the calls at issue were made in response to a customer inquiry, or request to be called.

27. **Negligence**. Verma and the putative classes' claims are barred because their alleged damages are the result of their own negligence.

28. **Failure to Join all Necessary Parties.** The claims of Verma and the putative classes are barred to the extent they have failed to join all necessary parties.

29. **No Actual Harm**. The claims of Verma and the putative classes are barred in whole or in part because they have not been harmed by any alleged acts of Walden.

30. **Mobile Phones.** To the extent that the sections of the TCPA at issue do not apply to mobile phones, Verma's claims fail.

31. **Unjust Enrichment.** Verma's claims are barred because Verma would be unjustly enriched if allowed to recover all or any part of the damages or remedies alleged in the Complaint.

32. **No Liability for Left Message.** Verma's claims are barred in whole or in part to the extent there is no liability for calls to residential lines where the called party did not suffer any disruption or interruption at the time of the call.

33. **Laches.** Verma's and the putative classes' claims are barred, in whole or in party, by the doctrine of laches.

34. **Business Number.** The claims of Verma and the putative classes are barred in whole or in part to the extent their numbers are business numbers, not residential numbers, to which the TCPA regulations at issue do not apply.

35. **No Private Cause of Action under TCPA Regulations.** Verma and the putative classes are not entitled to relief under 47 C.F.R. § 64.1200(d) because there is no private right of action under this regulation.

36. **No Relief under 47 U.S.C. § 227 (c)(5).** Verma and the putative classes are not entitled to relief under 47 U.S.C. § 227(c)(5) because Walden did not make any alleged telephone solicitations to them on their residential telephone lines.

37. **Reasonable Reliance**. The claims of Verma and the putative class are barred in whole or in part to the extent Walden reasonably relied on the consent of the intended call recipients.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38, Walden demands a trial by jury on all triable issues.

## WALDEN'S PRAYER FOR
## RELIEF AS TO VERMA'S COMPLAINT

Wherefore, with respect to Verma's Complaint, Walden respectfully requests that this Court enter judgment in its favor and against Verma as follows:

a. ordering that Verma shall receive no relief and shall take nothing by this action;

b. permitting Walden to go hence without day;

c. awarding Walden such attorneys' fees and costs as allowable by law; and,

d. granting Walden such other relief as the Court deems just and proper.

Dated: January 18, 2023

_____
Aaron S. Weiss (FBN 48813)
aweiss@carltonfields.com
Charles W. Throckmorton (FBN 101203)
cthrockmorton@carltonfields.com
Carlton Fields, P.A.
700 N.W. 1st Avenue, Ste. 1200
Miami, Florida 33136
Telephone: 305-530-0050

*Attorneys for Defendant Walden*