# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

RAJESH VERMA,

    *Plaintiff*,

v.

    Case No. 3:22-cv-00776-BJD-JBT

WALDEN UNIVERSITY, LLC,

    *Defendant*.

_____/

## WALDEN'S UNOPPOSED MOTION FOR ENTRY OF A COURT ORDER 47 USC § 551(c)(2)(B) TO ALLOW ISP TO PRODUCE INFORMATION RESPONSIVE TO A SUBPOENA

Defendant Walden University, LLC ("Walden") moves for entry of an order, pursuant to 47 USC § 551(c)(2)(B), that will allow a subpoenaed internet service provider ("ISP") to produce information in response to a subpoena. Plaintiff Rajesh Verma ("Verma") is not opposed to the issuance of the requested relief.

### THE SUBPOENA AT ISSUE

On June 6, 2022, Verma, individually on behalf of himself and others similarly situated, filed a two-count putative class action Complaint (the "Complaint") against Walden alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA"). (ECF No. 3.)

Verma's Complaint contains a chart listing communications Verma allegedly received from Walden. (*Id.* ¶6.) Walden has been investigating the alleged calls and has learned that any communications from Walden occurred in response to inquiries placed on Walden's website.[1] Walden has identified the Internet Protocol

---

[1] As part of the M.D. Fla. L.R. 3.01(g) meet and confer, Verma requested that the motion note as follows: "Walden has not yet provided to Verma documentation of these inquiries and Verma has,

(IP) addresses, dates, and times associated with the website inquires that submitted the contact information for Verma. Walden has also identified that ISP for each inquiry.

Walden understands that ISPs can identify the name and address of an ISP's subscriber when given the IP address and the date and time of access. ISPs retain subscriber information in ISP subscriber activity log files, but ISPs only keep these log files for a limited periods of time—such as a few days, a few months, or a year—before erasing the data.

On December 14, 2022, Walden served a subpoena upon an ISP (Verizon), pursuant to Fed. R. Civ. P. 45. *See* **Exhibit A**. The subpoena requests that the ISP produce "documents sufficient to identify the subscriber with whom the IP Addresses were associated on or about the dates listed." Walden listed two IP Address and an associated date range for each.

On December 19, 2022, Verizon sent to Walden a letter stating that Verizon requires a court order before disclosing the type of information sought in the subpoena. Verizon stated that, "[l]ike other ISPs, it is Verizon's practice to require a court order signed by a judge or magistrate, as described in 47 USC 551(c)(2)(B), before disclosing the type of information you seek." A copy of the letter is attached as **Exhibit B**.

---

to date, been unable to confirm or challenge the existence of these inquiries through the discovery process. Accordingly, though Verma does not oppose the relief sought in this Motion, Verma does not intend to concede the purported facts upon which it is based, and reserves all right to challenge or dispute those facts as the case proceeds."

Walden understands that Verizon will provide the requested information, if it is available, upon receipt of the Court's Order. Accordingly, Walden seeks an order from this Court, pursuant to 47 U.S.C. § 551(c)(2)(B), stating that Verizon is authorized to produce the documents requested in the subpoena. Verma is also interested in reviewing Verizon's response to the subpoena and does not object to this Motion.

## ARGUMENT

Some ISPs are cable providers, which are prohibited from revealing personally identifiable information absent a court order. However, a "cable operator may disclose such information if the disclosure is…made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed." 47 U.S.C. § 551(c)(2)(B); *see CSC Holdings, Inc. v. Redisi*, 309 F.3d 988 (7th Cir. 2002) ("There is no privilege or restriction on releasing customer records to a non-governmental entity pursuant to a court order."); *United States v. Ortega*, 679 F. App'x. 766, 768 (11th Cir. 2017) (there is "no reasonable expectation of privacy in subscriber information that [i]s voluntarily transmitted and stored by [a] third party internet service provider."); *Tiger v. Dynamic Sports Nutrition, LLC*, 2016 WL 2991624, at *2 (M.D. Fla. May 24, 2016) (Klindt, M.J.) (ordering third party internet service provider to disclose personally identifiable subscriber information in response to subpoena and authorizing disclosure pursuant to 47 U.S.C. § 551(c)(2)(B)); *Malibu Media, LLC v. Doe*, 2013 WL 12145945, at *2 (S.D. Fla. May 16, 2013) (ordering a third party

internet service provider to disclose information pursuant to a Rule 45 subpoena sufficient to identify subscriber information, including the true name, address, telephone number, and e-mail address to whom the ISP assigned an IP address and authorizing disclosure pursuant to 47 U.S.C. § 551(c)(2)(B) if the ISP qualifies as a cable operator).

Good cause exists here for the need to obtain the data from Verizon because there is a danger that Verizon will not long preserve the information that Walden seeks. As discussed above, ISPs typically retain user activity logs containing the information sought for only a limited period of time before erasing the data. If that information is erased, Walden may not be able to confirm the identity of the individual who submitted the inquiry with Verma's contact information on Walden's website. *See, e.g., TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019) (recognizing "the danger that [an] ISP will not preserve...information sought," which may be relevant to the parties to the case).[2]

Furthermore, good cause exists because Verma denies making the inquiries and both parties are interested in reviewing the subpoena information to track the identity of the inquirer. A response to the subpoena will facilitate the parties' efforts to work toward a "just, speedy, and inexpensive determination" of this action. Fed. R. Civ. P. 1.

---

[2] While he does not oppose this motion, Verma indicated as part of the M.D. Fla. 3.01(g) conferral, that he disagrees with the propriety of using IP address information to identify a specific person.

4

## CONCLUSION

For the foregoing reasons, Walden requests that the Court:

(1) grant this motion.

(2) enter an order, pursuant to 47 U.S.C. § 551(c)(2)(B), stating that Verizon is authorized to produce the documents requested in the subpoena.

## M.D. FLA. 3.01(G) CERTIFICATION

I certify that counsel for Defendant Walden conferred with counsel for Plaintiff Verma, who does not oppose this motion.

Dated: January 31, 2023        s/ *Aaron S. Weiss*
Aaron S. Weiss (FBN 48813)
aweiss@carltonfields.com
Charles W. Throckmorton (FBN 101203)
cthrockmorton@carltonfields.com
Carlton Fields, P.A.
700 N.W. 1st Ave., Ste. 1200
Miami, Florida 33136
Telephone: 305-530-0050

*Counsel for Defendant Walden*

5