UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAJESH VERMA, etc.,

    Plaintiff,

v.                           CASE NO. 3:22-cv-776-BJD-JBT

WALDEN UNIVERSITY, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on Defendant's Unopposed Motion for Entry of a Court Order 47 USC § 551(c)(2)(B) [sic] to Allow ISP to Produce Information Responsive to a Subpoena ("Motion") (Doc. 37). For the reasons set forth herein, the Motion is due to be **GRANTED** with the conditions stated herein.

Plaintiff alleges he is registered on the "National Do-Not-Call Registry" and Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") by making telemarketing telephone calls to Plaintiff's personal cellphone "without Plaintiff's prior express written consent, invitation, or permission." (Doc. 3 at 2–4.) Defendant denies the allegations and asserts, among other things, that Plaintiff consented to receiving the calls because the calls were made in response to inquiries Plaintiff submitted to Defendant's website. (Doc. 36 at 5–7.) Defendant served a subpoena on Verizon, the Internet Service Provider ("ISP") identified with the website inquiries. (*See* Doc. 37-1.) The

subpoena commands Verizon to produce information identifying the subscriber associated with these inquiries. (*Id.* at 1.) Verizon indicated that its practice is to require a court order pursuant to 47 U.S.C. § 551(c)(2)(B) prior to disclosing subscriber identity information.[1] (Docs. 37 at 2, 37-2.) Plaintiff does not object to such an order. (Doc. 37 at 3.) The Court is satisfied that Defendant has shown good cause for entry of an order pursuant to 47 U.S.C. § 551(c)(2)(B).

Accordingly, it is **ORDERED**:

1. The Motion (**Doc. 37**) is **GRANTED** with the conditions stated below.

2. Defendant shall serve a copy of this Order on Verizon, the ISP.

3. Pursuant to 47 U.S.C. § 551(c)(2)(B), Verizon is authorized to disclose the subpoenaed information but must notify the subscriber(s) of this Order as stated below.

4. Verizon shall have five (5) business days from the date that this Order is served on it to notify the subscriber(s) of IP addresses 65.198.194.178 and 108.28.85.37 of the subpoena and this Order. Notice may be by any reasonable means, including written notice sent to the subscriber's last known address, transmitted by first-class mail or via overnight service, or by electronic mail service.

5. The subscriber(s) shall have twenty-one (21) days from the date of service to file any motions in this Court contesting the subpoena (including a

---

[1] Section 551(c)(2)(B) of Title 47, United States Code, states, in pertinent part, that "[a] cable operator may disclose [personally identifying information] if the disclosure is . . . made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."

motion to quash or modify the subpoena). If the twenty-one-day period lapses without the subscriber contesting the subpoena, then Verizon shall have ten (10) days to provide the information requested in the subpoena.

      6.      The parties may use the subpoenaed information only to litigate the claims and defenses in this lawsuit and for no other purpose.

      **DONE AND ORDERED** in Jacksonville, Florida, on February 7, 2023.

_____
JOEL B. TOOMEY
United States Magistrate Judge


Copies to:

Counsel of Record