**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

RAJESH VERMA,

    *Plaintiff*,

v.                                        Case No. 3:22-cv-00776-BJD-JBT

WALDEN UNIVERSITY, LLC,

    *Defendant*.

_____/

**STIPULATION**

Plaintiff Rajesh Verma ("Verma") and Defendant Walden University, LLC ("Walden") (collectively, the "Parties") stipulate as follows:

1. The Parties are in agreement that Plaintiff's currently-pled[1] TCPA causes of action are limited to calls to "residential telephone subscribers" and "wireless telephone numbers." *See* 47 C.F.R. § 64.1200(c)(2); 47 C.F.R. § 64.1200(d); 47 C.F.R. § 64.1200(e).

2. With respect to the claims asserted in the Complaint (ECF No. 3), the Parties are in disagreement over, amongst other things:

    (a) the applicable standard for determining whether a person qualifies as a "residential telephone subscriber";

    (b) the applicable standard for determining if a particular wireless telephone number is subject to the TCPA's protections mentioned above; and

---

[1] Plaintiff intends to amend his complaint to add an additional claim or claims under a Florida state analogue to the TCPA. Fla. Stat. § 501.059. It is Plaintiff's position that the issues addressed in this Stipulation are not relevant to these forthcoming claims.

   (c) whether Plaintiff Verma qualifies as a "residential telephone subscriber" with respect to the number at issue or whether his number qualifies as a wireless telephone number subject to the TCPA's protections.

  3. Accordingly, and consistent with proceeding "with an eye towards the 'just, speedy, and inexpensive determination'"[2] of this action, the Parties agree that it is most practical and consistent with the dictate of Fed. R. Civ. P. 1 for there to be an early resolution regarding these aforementioned issues.

  4. Accordingly, the parties will jointly seek entry of an order providing for the following:

   (a) The deadlines in the Amended Case Management and Scheduling Order (ECF No. 30) will be vacated.

   (b) On or before May 8, 2023, Defendant will file a Motion for Summary Judgment that, with respect to the causes of action alleged in the Complaint (ECF No. 3), Plaintiff Verma is not a "Residential Telephone Subscriber" under the TCPA and also that his telephone number does not qualify for the TCPA's protection of wireless telephone numbers.

   (c) The Parties further propose that discovery prior to the resolution of these issues will be limited to seeking evidence regarding this issue, and/or other

---

[2] *Hairston v. ED Nelson Transp.*, 2015 WL 12843868, at *1 (M.D. Fla. Nov. 24, 2015) (Toomey, M.J.) (citing Fed. R. Civ. P. 1).

discovery specifically limited to Verma's individual claims (as opposed to class issues).[3]

(d) The Parties will request a status conference to discuss these issues with the Court.

**Stipulated: February 24, 2023**

s/ *Jeremy M. Glapion*
Jeremy M. Glapion (admitted PHV)
jmg@glapionlaw.com
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Telephone: 732-455-9737

Eric W. Kem (FBN 0106042)
ekem@kemlawfirm.com
Eric Kem Injury Lawyers
2233 NW 41st Street, Ste. 700-H
Gainesville, Florida 32606
Telephone: 352-356-5075

*Counsel for Plaintiff Rajesh Verma*

s/ *Aaron S. Weiss*
Aaron S. Weiss (FBN 48813)
aweiss@carltonfields.com
Charles W. Throckmorton (FBN 101203)
cthrockmorton@carltonfields.com
Carlton Fields, P.A.
700 N.W. 1st Ave., Ste. 1200
Miami, Florida 33136
Telephone: 305-530-0050

*Counsel for Defendant Walden*

---

[3] Should an initial deposition of Plaintiff Verma by Defendant Walden be taken during this period, the time for such deposition shall count against the total standard seven hour allotment under Fed. R. Civ. P. 30(d)(1). Plaintiff Verma and Defendant Walden further agree that Defendant Walden may conduct a second day of deposition of Plaintiff Verma after the issues that are the subject of this stipulation are resolved, but the time for that second day of deposition shall be limited to the period remaining in the seven hour allotment under Fed. R. Civ. P. 30(d)(1), unless otherwise permitted by law, rule, and/or order of the court. Defendant also agrees that any second deposition of Plaintiff Velma will be taken by remote means, regardless of whether the first deposition is taken by remote means. Nothing in this stipulation shall be construed to waive or limit Defendant Walden's right to seek leave of court for additional time to depose Plaintiff Verma beyond the standard seven hour allotment and for Plaintiff Verma to oppose any such request.