# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

| | |
|---|---|
| **RAJESH VERMA**, on behalf of himself and all others similarly situated,<br><br>                  Plaintiff,<br>v.<br><br>**WALDEN UNIVERSITY, LLC.**<br><br>                  Defendant. | Civil Case No.: 22-cv-776<br><br>**FIRST AMENDED COMPLAINT**<br><br>**CLASS ACTION**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This action arises out of Defendant Walden University's ("Defendant") unrestrained and abusive telemarketing practices.

2. On June 6, 2022, Plaintiff Rajesh Verma filed a putative class action complaint against Defendant related to its unsolicited, unstoppable, and abusive telemarketing practices.

3. Remarkably, on October 21, 2022—with two motions pending and with the first wave of discovery not only served, but past due—Defendant placed an additional telemarketing call to Plaintiff.

4. Accordingly, Plaintiff brings this action on behalf of himself and classes of similarly situated individuals for three distinct causes of action (compared to two in the original complaint).

5. First (contained the original complaint), Defendant places telephone solicitations to persons on the National Do-Not-Call Registry, in violation of 47

U.S.C. § 227(c), *et seq.* ("TCPA"), through the regulations promulgated thereunder and found at 47 C.F.R. § 64.1200(c).

6. Second (contained in the original complaint), Defendant places telemarketing calls despite not having the required policies and procedures for handling do-not-call requests in place prior to making such calls, in violation of the TCPA through the regulations promulgated thereunder and found at 47 C.F.R. § 64.1200(d).

7. Third (newly added), Defendant places telephonic sales calls to Florida consumers, such as Plaintiff, after those consumers have previously communicated to Defendant that they do not wish to receive such calls, in violation of the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. 501.059(5).

## JURISDICTION AND VENUE

8. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed tortious acts in and from this District.

9. Venue is proper in this District because Defendant conducts significant amounts of business transactions within this District, because Plaintiff is located in this District, and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

10. Plaintiff is, and at all times mentioned herein was, a citizen and resident of Jacksonville, Florida.

11. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is, and at all times mentioned herein was, a Florida corporation with its headquarters at 650 South Exeter Street, Baltimore, Maryland 21202.

13. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

14. Defendant is, and at all times mentioned herein was, a "telephone solicitor" as defined at Fla. Stat. 501.059(1)(i).

## FACTUAL ALLEGATIONS

15. Plaintiff is the regular user of the telephone number 904-###-1065.

16. Plaintiff's number ending in 1065 is registered to an individual and primarily used for personal, family, or household purposes.

17. Plaintiff's telephone number ending in 1065 has been on the National Do-Not-Call Registry since March 31, 2011.

18. Defendant is a for-profit, primarily online university.

19. Beginning in or around October 2020, Defendant began placing telephone calls to Plaintiff's telephone number ending in 1065.

20. In addition to the calls beginning in October 2020, these calls, prior to this litigation, occurred on at least the following dates and times:

| Count | Calling Number | Date | Time |
|---|---|---|---|
|  |  |  |  |

| 1 | 480-289-2116 | 1/13/21 | 11:53 AM |
|---|---|---|---|
| 2 | | 1/14/21 | 10:40 AM |
| 3 | | 1/17/21 | 1:15 PM |
| 4 | | 1/19/21 | 5:39 PM |
| 5 | 210-408-3333 | 3/14/21 | 1:49 PM |
| 6 | | 3/15/21 | 12:42 PM |
| 7 | | 3/16/21 | 10:50 AM |
| 8 | | 3/17/21 | 11:25 AM |
| 9 | | 3/24/21 | 11:51 AM |
| 10 | 443-537-1495 | 10/4/21 | 8:22 AM |
| 11 | 210-408-3425 | 10/5/21 | 1:05 PM |
| 12 | 210-408-3372 | 10/6/21 | 10:04 PM |
| 13 | 210-408-3333 | 10/9/21 | 11:14 AM |
| 14 | 210-408-3373 | 10/12/21 | 5:06 PM |
| 15 | | 11/1/21 | 2:03 PM |
| 16 | | 11/2/21 | 2:16 PM |

21. On each call, Defendant asked for or otherwise indicated the call was for an individual named "Taco" or "Taco Ogden", names with which Plaintiff is unfamiliar.

22. On each call, Defendant claimed to be "following up" on Plaintiff's

purported inquiry into one of Walden University's programs (usually a nurse practitioner or nursing-adjacent role).

23. Plaintiff never inquired into Defendant's offerings.

24. As Plaintiff never inquired, these calls were made without Plaintiff's prior express written consent, invitation, or permission.

25. On these calls, Defendant variously offered to provide Plaintiff information on Walden University and its offerings and/or to help Plaintiff apply for these offerings.

26. Defendant's calls were made for the purpose of encouraging the purchase of Defendant's educational services.

27. Defendant's calls were therefore telemarketing under the TCPA, 47 C.F.R. § 64.1200(f)(13).

28. Defendant's calls were therefore "telephonic sales calls" under the FTSA, Fla. Stat. 501.059(1)(j).

29. Defendant and Plaintiff also lacked an established business relationship, as Plaintiff did not inquire and even if he had, under the TCPA, an established business relationship formed based on an inquiry expires on its own after three months, and Defendant's pre-litigation calls spanned nearly ten months.

30. Accordingly, in addition to being "telemarketing", Defendant's calls also qualify as "telephone solicitations" (i.e. telemarketing calls without consent and without an established business relationship) under the TCPA, 47 C.F.R. § 64.1200(f)(15).

31. Prior to filing the instant lawsuit, on March 3, 2022, Plaintiff, through counsel, contacted Roger McKinney, Defendant's Interim President and CFO, to get a better understanding of what happened.

32. President McKinney was apologetic, claiming that this is "well outside of the boundaries [Walden] operate[s] under."

33. President McKinney copied Chevez Wells, Defendant's Associate General Counsel and Chief Privacy Officer.

34. AGC Wells requested Plaintiff's name and phone number, which Plaintiff, through counsel, provided.

35. On March 9, 2022, President McKinney replied noting that Walden has "taken all steps to insure[sic] that your client is no longer contacted and you have my apology."

36. President McKinney also noted that, based on Walden's systems, "[w]e called a number of times with no answer before your client answered and asked that we not call again. Based on our systems, that was back in November 2021[.]"

37. That same day, Plaintiff replied by asking for information on the source of his supposed lead and a call log.

38. On March 15, President McKinney replied that he felt Walden had satisfactorily addressed the situation.

39. Despite follow ups on March 15, March 21, and March 30, Defendant did not respond further to Plaintiff.

40. On June 6, 2022, Plaintiff initiated litigation in the Circuit Court of the

Fourth Judicial Circuit, Duval County related to the above-mentioned calls.

41. Therein, Plaintiff pled two causes of action: the first, that Defendant placed telephone solicitation calls to telephone numbers on the National Do-Not-Call Registry; the second, that Defendant placed telemarketing calls despite not having required do-not-call policies and procedures in place prior to making such calls.

42. On July 14, 2022, Defendant removed this case to this Court.

43. On August 5, 2022, Defendant filed a Motion to Dismiss Plaintiff's complaint. [Dkt. 9.]

44. On August 12, 2022, Plaintiff filed a Motion for (Partial) Remand. [Dkt. 13.]

45. On August 17, 2022, Plaintiff served his First Set of Requests for Production on Defendant.

46. After two agreed-upon extensions (the second due to Hurricane Ian), Defendant's responses were due on October 7, 2022.

47. Defendant was thus very aware of this litigation, the nature of the allegations, and the identity of the Plaintiff and his phone number.

48. Nevertheless, on October 21, Defendant placed another telemarketing call to Plaintiff's telephone number ending in 1065, from its telephone number 866-492-5336.

49. The telephone number 866-492-5336 is listed on Defendant's "Contact Us" webpage.

50. This call was for the same telemarketing purposes described above (i.e.

an inquiry whether Plaintiff was still interested in attending Walden and an offer to provide information/assist in enrollment).

51. On this call, Plaintiff informed the caller that he was currently suing Defendant, and the caller replied that he was not aware of this.

## LAWS VIOLATED

52. Section 227(c) of the TCPA provides a private right of action to "[a] person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection[.]" 47 U.S.C. § 227(c)(5).

53. The TCPA prohibits the placement of "telephone solicitations" to telephone numbers on the National Do-Not-Call Registry. 47 C.F.R. § 64.1200(c).

54. 47 C.F.R. § 64.1200(c) was promulgated under 47 U.S.C. § 227(c).

55. Accordingly, because Defendant placed telephone solicitations to Plaintiff's telephone number which was on the National Do-Not-Call Registry at the time of the calls, Defendant's calls to Plaintiff violated 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c).

56. For violations of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 to $1500 per call.

57. The TCPA also prohibits the placement of calls for "telemarketing purposes" unless the caller has instituted certain minimum procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of the caller.

58. Defendant made its calls without implementing several of these policies and procedures.

59. Defendant made these calls without training its personnel in the existence and use of the do-not-call list, as required by 47 C.F.R. § 64.1200(d)(2).

60. Defendant made these calls without recording do-not-call requests on any "internal" company do-not-call list as required by 47 C.F.R. §. 64.1200(d)(3).

61. Defendant made these calls without honoring do-not-call requests made as required by 47 C.F.R. § 64.1200(3).

62. Defendant also made these calls without maintaining a record of do-not-call requests, as required by 47 C.F.R. § 64.1200(d)(6).

63. For violations of 47 U.S.C. § 227(c) through 47 C.F.R. § 64.1200(d), Plaintiff is entitled to $500 to $1500 per call.[1]

64. In addition, the FTSA prohibits a "telephone solicitor" from making a telephonic sales call to persons after that person previously communicated to the solicitor that he or she does not want further calls. Fla. Stat. 501.059(5).

65. On March 3, 2022, in communication with President McKinney and AGC Wells, Plaintiff made clear that he did not want further calls.

66. This was reiterated through the initiation of the instant litigation.

67. Nevertheless, as discussed, on October 21, 2022, Defendant placed at

---

[1] Plaintiff's inclusion of this claim herein is not intended to waive his pending arguments that this claim is not properly pursued in Federal Court and must be remanded, and nothing about the post-litigation call changes this analysis.

least one additional telephonic sales call to Plaintiff.

## CLASS ALLEGATIONS

68. Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of on behalf of the following proposed Classes, defined as follows:

> Since June 6, 2018, all persons to whose telephone number Defendant placed (or had placed on its behalf) more than one telephone call in a 12-month period for the purpose of encouraging enrollment in or providing information about Walden University.
>
> ("Policy Class")
>
> Since June 6, 2018, all persons to whose telephone number Defendant placed (or had placed on its behalf) more than one telephone call in a 12-month period for the purpose of encouraging enrollment in or providing information about Walden University when the number was on the National Do-Not-Call Registry and 1) more than three months had elapsed since the last inquiry associated with that number or 2) the telephone number did not belong to the person Defendant was attempting to reach.
>
> ("List Class")
>
> Since July 1, 2021, all persons to whose telephone number with a Florida area code Defendant placed (or had placed on its behalf) a telephone call for the purpose of encouraging enrollment in or providing information about Walden University after it was asked to stop further calls.
>
> ("Stop Class")

69. Excluded from the Classes are individuals who file a request for exclusion, governmental entities, Defendant, its parents, directors, officers, attorneys, and members of their immediate families, and the Court and persons within the third degree of relationship to the Court.

70. **Numerosity:** The putative members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

71. The Classes are comprised of hundreds, if not thousands, of individuals nationwide.

72. Such classes are ascertainable in that Defendant maintains data, or data is available publicly or via subpoena, showing:

   a. The dates and times Defendant placed its calls;

   b. The telephone numbers to which Defendant placed its calls;

   c. The timing and source of the leads, if any, resulting in the calls;

   d. Numbers on the National Do-Not-Call Registry.

73. **Commonality:** There are common questions of law and fact affecting the rights of the members of the Classes, including, *inter alia*, the following:

   a. The purpose of Defendant's telephone calls;

   b. Whether Defendant had any processes or protocols in place to stop calls to persons who asked that the calls stop;

   c. Whether Defendant called persons who asked it to stop;

   d. The existence and adequacy of Defendant's internal do-not-call policies and procedures;

   e. Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

   f. Whether Defendant should be enjoined from engaging in such conduct in the future.

  74. Plaintiff Verma is a member of the List Class because Defendant placed a telephone call, to encourage his enrollment at Walden University, to his telephone number despite Plaintiff's number being on the National Do-Not-Call Registry when the calls were wrong number calls and when more than three months had elapsed since the inquiry ostensibly providing consent for such calls.

  75. Plaintiff Verma is a member of the Policy Class because Defendant placed a telephone call to his telephone number to encourage his enrollment at Walden University.

  76. Plaintiff Verma is a member of the Stop Class because Plaintiff communicated to Defendant that he wanted its calls to stop, yet Defendant placed an additional call to his telephone number to encourage his enrollment at Walden University.

  77. **Typicality:** Plaintiff's claims are typical of the claims of members of the Classes in that they arise from Defendant's uniform conduct and are based on the same legal theories.

  78. Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

79. On information and belief, Plaintiff avers that Defendant treated him in same manner as they have treated hundreds, if not thousands of individuals.

80. **Adequacy:** Plaintiff will thoroughly and adequately protect the interests of the Classes, as Plaintiff and his retained counsel do not have any conflicts of interest with the proposed Classes; Plaintiff's counsel is experienced in class actions of this type and can adequately represent the interests of the class; and Plaintiff and his counsel have adequate financial resources to assure that the interests of the class will not be harmed.

81. **Predominance and Superiority:** Defendant has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Class.

82. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

83. A class action provides a fair and efficient method for adjudication of the controversy.

84. Common questions will predominate, and there will be no unusual manageability issues.

85. A class action provides a fair and efficient method for adjudication of the controversy.

**FIRST CAUSE OF ACTION**

**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the Policy Class)**

86. Plaintiff and the proposed Policy Class incorporate the foregoing allegations as if fully set forth herein.

87. Defendant placed numerous calls for telemarketing purposes to Plaintiff's and Policy Class Members' telephone numbers.

88. Defendant did so despite not training its personnel on the existence or use of any internal "do not call" list.

89. Defendant did so despite not recording or honoring "do not call" requests.

90. Defendant placed two or more telephone calls to Plaintiff and Policy Class Members in a 12-month period.

91. Plaintiff and Policy Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5).

92. Plaintiff and Policy Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5).

**SECOND CAUSE OF ACTION**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the List Class)**

93. Defendant placed numerous calls for telemarketing purposes to Plaintiff's and List Class Members' telephone numbers.

94. Plaintiff's and List Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of the calls.

95. Defendant did not have an established business relationship with Plaintiff or List Class Members prior to making at least two telemarketing calls in a 12-month period.

96. Defendant did not have consent from Plaintiff and List Class Members prior to making at least two telemarketing calls in a 12-month period.

97. Plaintiff and List Class Members are entitled to an award of $500 in statutory damages telephone call pursuant to 47 U.S.C. § 227(c)(5), in addition to and separate from any award for damages related to Defendant's policy violations.

98. Plaintiff and List Class Members are entitled to an award of treble damages in an amount up to $1,500 telephone call, pursuant to 47 U.S.C. § 227(c)(5), in addition to and separate from any award for damages related to Defendant's policy violations.

### THIRD CAUSE OF ACTION
### Violations of the FTSA, § 501.059(5)
### (On Behalf of Plaintiff and the Stop Class)

99. The FTSA provides that "[a] telephone solicitor or other person may not initiate [a] … text message … to a consumer, business, or potential donor … who has previously communicated to the telephone solicitor or other person that he or she does not wish to receive an outbound … text message … made by or on behalf of the seller whose goods or services are being offered[.]"

§ 501.059(5).

100. "Telephone solicitor" is defined as "a natural person, firm, organization, partnership, association, or corporation, or a subsidiary or affiliate thereof, doing business in this state, who makes or causes to be made a telephonic sales call[.]" § 501.059(1)(i).

101. "Telephonic sales call" is defined as a "…telephone call … to a consumer for the purpose of soliciting a sale of any consumer goods or services[.]" § 501.059(1)(j).

102. "Consumer goods or services" means "real property or tangible or intangible personal property that is normally used for personal, family, or household purposes[.]" § 501.059(1)(c).

103. Defendant made its calls to Plaintiff and putative Stop Class members with the goal of encouraging and securing their enrollment at Walden University.

104. Educational services qualify as "consumer goods or services."

105. Defendant's calls to solicit enrollment were therefore "telephonic sales calls."

106. Defendant, as the entity placing the telephonic sales calls, was therefore a "telephone solicitor."

107. Defendant directed the calls to Florida consumers.

108. Plaintiff and putative Stop Class members asked Defendant to

stop, but it continued its calls.

109. Defendant's continued calls to Plaintiff and putative Stop Class Members after they asked it to stop therefore violate § 501.059(5).

110. Each member of the putative Stop Class has Article III standing as, by definition, each member took the time to ask Defendant to stop yet continued to receive calls, invading their privacy, wasting their time, and constituting a nuisance.

111. For violations of § 501.059(5), Plaintiff and putative Stop Class Members are entitled to $500 per text message in statutory damages. § 501.059(10)(a).

112. Plaintiff and putative Stop Class Members are entitled to $1,500 per text message should the Court find the violations willful. § 501.059(10)(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Verma, individually and on behalf of the Classes, prays for the following relief:

A. An order certifying the Classes, appointing Plaintiff Verma as the representative of the Classes and appointing his counsel as Class Counsel;

B. An order declaring that Defendant's actions, as set out above, violate 47 U.S.C. § 227(c) and Fla. Stat. 501.059(5).

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendant from

engaging in the wrongful and unlawful acts described herein;

    D.    An award of statutory damages for each violation of 227(c) and the regulations promulgated thereunder;

    E.    An award of statutory damages for each violation of Fla. Stat. 501.059(5);

    F.    An award of treble damages for all violations;

    G.    An award of reasonable attorneys' fees and costs; and

    H.    Such other and further relief that the Court deems reasonable and just.

## DEMAND FOR JURY TRIAL

Plaintiff requests a trial by jury of all claims that can be so tried.

**Dated:** March 2, 2023

Respectfully Submitted,

/s/ Eric W. Kem
Eric W. Kem
FL Bar No.: 0106042
Eric Kem Injury Lawyers
2233 NW 41st Street, Suite 700-H
Gainesville, FL 32606
Tel: 352-356-5075
Fax: 844-536-3476
ekem@kemlawfirm.com

Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.965.8006
jmg@glapionlaw.com

*Attorneys for Plaintiff and the Proposed Class*