UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAJESH VERMA, on behalf of
himself and all others similarly
situated,

    Plaintiff,

v.                                       Case No. 3:22-cv-776-BJD-JBT

WALDEN UNIVERSITY, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on three pending motions: (1) Defendant's Motion to Dismiss (Doc. 9); (2) Plaintiff's Motion for Partial Remand (Doc. 13); and (3) the parties' Joint Motion to Modify the Amended Case Management and Scheduling Order (Doc. 39). In addition to the motions, the Court also considers the corresponding briefing (Docs. 15, 19, and 26).

Plaintiff initiated this case in state court with his two count Complaint alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. (Doc. 1.1; Complaint). Defendant removed this case from state Court by invoking the Court's federal question jurisdiction. (Doc. 1 ¶ 6). Defendant then moved to dismiss this case and Plaintiff moved for a partial remand.

Since the parties' motion practice, Plaintiff filed his Amended Complaint. (Doc. 40). The Amended Complaint rendered moot the motion to dismiss directed to the Complaint. See Malowney v. Federal Collection Deposit Group, 193 F.3d 1342, 1345 n.1 (11th Cir. 1999) (noting that "[a]n amended complaint supercedes a previously filed complaint"); Meterlogic, Inc. v. Copier Solutions, Inc., 185 F. Supp.2d 1292, 1297 (S.D. Fla. 2002) (explaining that the plaintiff's filing of an amended complaint "rendered moot the parties' previous pleadings and the defendants' summary judgment and Daubert motions").

While the Amended Complaint mooted the motion to dismiss, courts must generally return to the time of removal for determining whether a case was properly removed. Sierminski v. Transouth Fin. Corp., 216 F.3d 945, 949 (11th Cir. 2000). "The test ordinarily applied for determining whether a claim arises under federal law is whether a federal question appears on the face of the plaintiff's well-pleaded complaint." Resnick v. KrunchCash, LLC, 34 F.4th 1028, 1034 (11th Cir. 2022). Both Counts I and II asserted claims under the TCPA. It is well established that claims asserted pursuant to the TCPA provide federal courts federal question jurisdiction. Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1249 (11th Cir. 2014). The twist on Plaintiff's

argument is that Count I in the initial Complaint failed to provide standing. Plaintiff argues the lack of standing requires Count I to be remanded.[1]

"Standing 'is the threshold question in every federal case, determining the power of the court to entertain the suit.'" CAMP Legal Def. Fund, Inc. v. City of Atlanta, 451 F.3d 1257, 1269 (11th Cir. 2006) (quoting Warth v. Seldin, 422 U.S. 490, 499 (1975)). "To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." Clapper v. Amnesty Int'l USA, 133 S. Ct. 1138, 1147 (2013) (internal quotations omitted). "[T]he party invoking federal jurisdiction bears the burden of establishing these elements." Palm Beach Golf Ctr.-Boca, Inc. v. John G. Sarris, D.D.S., P.A., 781 F.3d 1245, 1251 (11th Cir. 2015) (internal quotations and citation omitted); see also Harrell v. The Florida Bar, 608 F.3d 1241, 1253 (11th Cir. 2010) (requiring the plaintiff to demonstrate standing by showing a sufficient injury in his facial challenge to nine provisions of the Florida Bar's advertising rules).

---

[1] While the parties do not address whether the Amended Complaint cured any putative standing defects, case law suggests such a cure may be possible. Freeman v. First Union Nat., 329 F.3d 1231, 1235 (11th Cir. 2003), certified question answered sub nom. Freeman v. First Union Nat. Bank, 865 So. 2d 1272 (Fla. 2004). Because the issue ultimately has no bearing on this Order's outcome, the Court will not make a ruling regarding any possible curing.

Among his arguments, Plaintiff contends that Defendant failed to adequately plead Plaintiff's injuries were traceable to Defendant's conduct in Count I.[2] To establish traceability, "there must be a causal connection between the injury and the conduct complained of—the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (internal alterations and quotations omitted).

The Complaint was completely based on the TCPA, which grants this Court federal subject matter jurisdiction. The Complaint establishes clear injury in fact because Plaintiff alleges that he received more than one unwanted, unsolicited phone call to his cellular phone in a year. See Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1270 (11th Cir. 2019) ("The receipt of more than one unwanted telemarketing call made in violation of the provisions enumerated in the TCPA is a concrete injury that meets the minimum requirements of Article III standing."). Plaintiff argues that Count I relies on 47 C.F.R. § 64.1200(d), which requires telemarketers to maintain an internal

---

[2] As the removing party, Defendant bears the burden to establish the Court's jurisdiction. See City of Vestavia Hills v. Gen. Fid. Ins. Co., 676 F.3d 1310, 1313 n.1 (11th Cir. 2012). In a procedural oddity, Plaintiff argues Defendant must establish Plaintiff's standing. The Court does not consider the potential nuances between cases that were removed pursuant to diversity jurisdiction and those removed pursuant to a federal question. Instead, the Court assumes it was Defendant's burden to establish Plaintiff's standing for this motion only.

do-no-call list. Plaintiff takes the position that because he did not allege that he asked Defendant to no longer call him, he has not met Article III's standing requirement that his injuries be traced to Defendant's conduct.

Plaintiff's position is based on Cordoba, a case wherein the Eleventh Circuit Court of Appeals decertified a TCPA class that brought claims under 47 C.F.R. § 64.1200(d). Cordoba, 942 at 1270. The Court reasoned that a telemarketer's actions could not be traced to all the class member's injuries because some of the call recipients never asked to not be called while also being absent from the national do-not-call list. Id. at 1271. If some recipients never asked to not be called, then their injuries could not be traced to the telemarketer's failure to maintain a do-not-call list.

Cordoba is easily distinguishable from this case because in this case Plaintiff alleges he was on the national do-not-call list. (Doc. 3 ¶ 19). The obvious starting point for any internal do-not-call list would necessarily include the national do-not-call database. Had Defendant maintained an internal do-not-call list, Plaintiff would have appeared and would not have been called—absent a separate violation of the TCPA. Therefore, Plaintiff's injury is traceable to Defendant's failure to maintain the do-not-call list. Further, Count I did not specifically limit its claims to subsection (d). It included, however improperly, claims for other violations of the TCPA. (Doc. 3 ¶¶ 10, and 17-21).

Even had the Court found Count I to be insufficiently pled, it doubts remand was the appropriate solution. It is hard to fathom that a plaintiff could defeat a defendant's right of removal by asserting deficient federal claims and then relying on those deficiencies to obtain remand. However, because standing exists, the Court does not need to consider whether dismissal or remand would be the appropriate remedy.

Accordingly, after due consideration, it is

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 9) is **DENIED as moot.**

2. Plaintiff's Motion for Partial Remand (Doc. 13) is **DENIED.**

3. The parties' Joint Motion to Modify the Amended Case Management and Scheduling Order (Doc. 39) is **GRANTED.** The Amended Case Management and Scheduling Order is **VACATED.** The deadlines to submit dispositive motions regarding Plaintiff's individual claims is May 8, 2023. The Court will enter a second amended case management and scheduling order if necessary, after resolution of any dispositive motions regarding Plaintiff's individual claims.

**DONE and ORDERED** in Jacksonville, Florida this 29th day of March, 2023.

BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record
Unrepresented Parties