UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAJESH VERMA,

    *Plaintiff*,

v.

WALDEN UNIVERSITY, LLC,

    *Defendant*.

_____/

Case No. 3:22-cv-00776-BJD-JBT

**JOINT MOTION FOR EXTENSION OF
DEADLINE TO SUBMIT DISPOSITIVE MOTIONS
REGARDING PLAINTIFF'S INDIVIDUAL CLAIMS**

Plaintiff Rajesh Verma ("Verma") and Defendant Walden University, LLC ("Walden") (collectively, the "Parties") jointly move for an extension of the deadline, to September 22, 2023, to submit dispositive motions regarding Verma's individual claims.

The Parties' current deadline to submit dispositive motions regarding Verma's individual claims is July 7, 2023. [ECF No. 44]. That deadline was previously extended in part to allow the Parties to schedule, prepare for, and attend a mediation. *See* ECF No. 43 at 2. However, due to the Parties' and the mediators' scheduling and availability, the Parties were not able to schedule a mediation until August 7, 2023, as indicated in the Notice of Mediation. [ECF No. 45].

In order to allow the Parties to focus their efforts in this case over the next few months on mediation—and potential settlement—and to pursue appropriate discovery should mediation be unsuccessful, the Parties jointly request a further extension of the

deadline, to September 22, 2023, to submit dispositive motions regarding Verma's individual claims.

## MEMORANDUM OF LAW

While the Parties are presently only requesting that Court adjust the deadline to submit dispositive motions regarding Verma's individual claim, the Parties note that the Court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). And when mediation is part of the request to a modify a schedule, "district courts have inherent, discretionary authority to issue stays in many circumstances, and granting a stay to permit mediation (or to require it) will often be appropriate." *Advanced Bodycare Sols., LLC v. Thione Int'l, Inc.*, 524 F.3d 1235, 1241 (11th Cir. 2008)

Good cause exists to extend the July 7, 2023 deadline with respect to dispositive motions regarding Verma's individual claim because mediation may result in a settlement of this case, which would conserve the resources of the Parties and the Court. *See* Fed. R. Civ. P. 1 (the Federal Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action.

Indeed, there is considerable authority from this district fully staying cases pending mediation. *See, e.g*, *Stann v. First Liberty Ins. Corp.*, 6:18-cv-1499, ECF No. 41 (M.D. Fla. May 21, 2019) (Mendoza, J.) ("The case is STAYED for sixty days, and Defendant is ordered to submit the case to mediation."); *PNC Bank, Nat'l Ass'n v. Pharis*, 2018 WL 5807351, at *1 (M.D. Fla. Nov. 6, 2018) (Mirando, M.J.) ("the Court

2

finds good cause to grant the motion in part and stay these proceedings pending mediation and settlement discussions. The stay may reduce the burden and cost of litigation on the parties by facilitating settlement of the case or narrowing the issues."); *Gottlieb & Gottlieb, P.A. v. Crants*, 2017 WL 9398655, at *2 (M.D. Fla. Apr. 10, 2017) (Pizzo, M.J) (noting that earlier in the case, "the Court stayed the action for six months pending mediation."); *Miller v. DirecTV, LLC*, 2016 WL 816611, at *2 (M.D. Fla. Mar. 2, 2016) (Barksdale, M.J.) (noting that earlier in the case, the "court stayed the case pending…mediation."); *Kopp v. Meritplan Ins. Co.*, 2011 WL 397951, at *1 (M.D. Fla. Jan. 14, 2011) (Pizzo, M.J.) (noting that the Court previously "stayed the action pending mediation, directed the Clerk to administratively close the case and directed the parties to file a status report."); *Swartz v. Westminister Services, Inc.*, 2010 WL 3522141, at *2 (M.D. Fla. Sept. 8, 2010) (Moody, J.) ("The Court hereby STAYS this case pending mediation and this case will be administratively closed pending mediation.").

## CONCLUSION

For the reason set forth herein, the parties request entry of an order extending the time, through and including **September 22, 2023**, to submit dispositive motions regarding Verma's individual claims.

## M.D. FLA. 3.01(G) CERTIFICATION

The Parties have conferred regarding the issues that are the subject of this joint motion and are in agreement with respect to the requested relief.

Jointly Submitted: June 20, 2023

<table>
<tr><td>

s/ *Jeremy M. Glapion*
Jeremy M. Glapion (admitted PHV)
jmg@glapionlaw.com
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
Telephone: 732-455-9737

Eric W. Kem (FBN 0106042)
ekem@kemlawfirm.com
Eric Kem Injury Lawyers
2233 NW 41st Street, Ste. 700-H
Gainesville, Florida 32606
Telephone: 352-356-5075

*Counsel for Plaintiff Rajesh Verma*

</td><td>

s/ *Aaron S. Weiss*
Aaron S. Weiss (FBN 48813)
aweiss@carltonfields.com
Charles W. Throckmorton (FBN 101203)
cthrockmorton@carltonfields.com
Carlton Fields, P.A.
700 N.W. 1st Ave., Ste. 1200
Miami, Florida 33136
Telephone: 305-530-0050

*Counsel for Defendant Walden University, LLC*

</td></tr>
</table>