UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAJESH VERMA, on behalf of
himself and all others similarly
situated,

     Plaintiff,

                              Case No. 3:22-cv-776-BJD-JBT

v.

WALDEN UNIVERSITY, LLC,

     Defendant.

_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASSES

**THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Classes (Doc. 58) filed November 27, 2023. The proposed settlement agreement is attached (Doc. 58.1), as is a proposed order (Doc. 59), that, among other things, conditionally certifies two settlement classes; preliminarily approves the proposed settlement agreement encompassing both classes; approves the proposed notice program; appoints class representative; appoints class counsel; and sets a final approval hearing. Defendant has no objection to the relief sought. (Doc. 58 at 29).

### A.   Background

On June 6, 2022, Plaintiff filed a class action complaint (Doc. 1.1) against Defendant alleging violations of the Telephone Consumer Protection Act ("TCPA") and federal regulations promulgated under it. (Doc. 40 at 1-2). See 47 U.S.C. § 227(c), et seq. See also 47 C.F.R. § 64.1200. Plaintiff alleged Defendant: (1) repeatedly called his and others' phone numbers which were on the national do-not-call registry to solicit business, and (2) did not have policies and procedures required by law for handling do-not-call requests at the time these calls were made. (Doc. 40 at 1-2; 3-5). On July 24, 2022, Defendant removed the suit to federal court. Id. at 7.

On August 5, 2022, Defendant filed a motion to dismiss the complaint (Doc. 9). Plaintiff filed a response (Doc. 15) on August 15, 2022. Defendant filed a reply (Doc. 26) on September 8, 2022.

On August 12, 2022, Plaintiff filed a motion for partial remand (Doc. 13). Defendant filed its response (Doc. 19) on August 26, 2022.

On March 2, 2023, Plaintiff filed an amended class action complaint (Doc. 40). This complaint alleges Defendants committed additional violations of the TCPA after the first complaint was filed. Plaintiff also alleged Defendant repeatedly called himself and others with Florida area coded phone numbers to solicit business. Id. at 2. Plaintiff argued these calls violated the Florida Telephone Solicitation Act ("FTSA"). See Fla. Stat. 501.059. Defendant answered the amended complaint (Doc. 41) on March 16,

- 2 -

2023. On March 29, 2023, this Court denied the motion for partial remand, and denied the motion to dismiss the first complaint as moot. (Doc. 42).

On September 18, 2023, parties participated in mediation and reached an "agreement in principle on a class wide settlement." (Doc. 52). On September 26, 2023, parties filed a joint notice of settlement and request to hold pending deadlines in abeyance (Doc. 52).

B.   Settlement Agreement

The proposed settlement agreement defines the settlement classes as follows:

> The "National Class":
>
> Since June 6, 2018, all persons to whose telephone number Defendant has placed (or had placed on its behalf) more than one telephone call in a 12-month period for the purpose of encouraging enrollment in or providing information about Walden University, after that person had asked Defendant to stop calling.
>
> The "Florida Class":
>
> Since July 1, 2021, all persons to whose telephone number with a Florida area code Defendant placed (or had placed on its behalf) a telephone call for the purpose of encouraging enrollment in or providing information about Walden University after that person had asked Defendant to stop calling.

(Doc. 58.1 at 12). Plaintiff Rajesh Verma is named as the class representative of both classes. Id. at 64. "Any member of the Florida Class with an Approved Claim is not eligible to also receive a payment as a member of the National

- 3 -

Class." Id. at 21. "[Defendant] Walden represents that the National Class

contains approximately 3,773 individuals total, and that the Florida Class

contains approximately 123 individuals." Id. at 13.

Under the settlement agreement the settlement fund will be

established in the following fashion:

> within fourteen (14) days of Final Approval of the
> Settlement, and after receiving specific payment
> instructions and all required tax information from
> the Class Administrator and all information needed
> to determine the identities of Claimants, Walden will
> deposit the sum of any awarded Attorneys' Fees and
> Costs, the costs of administration plus an amount
> necessary to cover a good faith estimate of the
> remaining work to be done from the Settlement
> Administrator, plus $97.50 per Approved Claim from
> a member of the National Class and $400.00 per
> Approved Claim from a member of the Florida Class,
> into an interest-bearing escrow account maintained
> by the Settlement Administrator. This collected sum
> shall constitute the "Settlement Fund." The
> Settlement Administrator will hold these amounts
> until such time as the Parties authorize the
> distribution of payments to Claimants.

Id. at 19-20. The settlement class member payments, attorneys' fees and

costs, and administration costs will be paid out of the settlement fund. Id. All

notice and administrative costs will be paid from the settlement fund. Id. at

22. The deadline for claimants to cash payment checks will be ninety (90)

days after issuance. Id. at 21. The amounts of any uncashed checks after the

deadline will be returned to Walden. Id.

- 4 -

Regarding attorneys' fees and costs, Walden has "agreed to separately cover any awarded attorneys' fees and all costs, including administrative costs and attorneys' costs." (Doc. 58 at 6). Class Counsel intends to request "25% of the total amount made available to class members as part of the settlement" as attorneys' fees. Id. at 7-8; Doc. 58.1 at 36-37. Parties currently understand this to be $104,266.87. (Doc. 58 at 8). "Class Counsel will also seek costs not to exceed $10,000." (Doc. 58.1 at 36).

## C.   Discussion

"The claims, issues, or defenses of a certified class--or a class proposed to be certified for purposes of settlement--may be settled ... only with the court's approval. Fed. R. Civ. P. 23(e). "[I]n order to approve a settlement, the district court must find that it is fair, adequate and reasonable and is not the product of collusion between the parties." Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984) (citation and quotation omitted). "Determining the fairness of the settlement is left to the sound discretion of the trial court." Id. Judgment should "informed by the strong judicial policy favoring settlement as well as by the realization that compromise is the essence of settlement." Id. "Notice of the proposed settlement must be provided to all class members who would be bound by the proposal if it is shown that the court will likely be able to (1) approve the proposal as 'fair, reasonable, and adequate,' and (2) certify the class for purposes of judgment on the proposal." Precision Roofing

- 5 -

of N. Fla., Inc. v. Centerstate Bank, 3:20-cv-352-BJD-LLL, 2023 U.S. Dist.
LEXIS 61612, *10 (M.D. Fla. Apr. 6, 2023), report and recommendation
adopted, 2023 U.S. Dist. LEXIS 108398 (M.D. Fla. June 20, 2023) (quoting
Cook v. Palmer, Reifler, & Assocs., 3:16-cv-673-J-39JRK, 2019 WL 3383634,
*3 (M.D. Fla. May 17, 2019), report and recommendation adopted, 2019 WL
12522285 (M.D. Fla. July 24, 2019).

### 1.    Class Certification

"It is well established that a class may be certified solely for the
purpose of settlement if a settlement is reached before a litigated
determination of the class certification issue." In re Checking Acct. Overdraft
Litig., 275 F.R.D. 654, 659 (S.D. Fla. 2011) (quotation omitted). "[P]rior to the
certification of a class, and technically speaking before undertaking any
formal typicality or commonality review, the district court must determine
that at least one named class representative has Article III standing to raise
each class subclaim." Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266,
1279 (11th Cir. 2000). The factors used to certify a proposed litigation class
are used to certify a settlement class. In re Checking, 275 F.R.D. at 659. All
Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied,
but for the manageability of a potential trial, as no trial will occur if the
settlement is approved. Id. The proposed class must be "adequately defined

- 6 -

and clearly ascertainable." <u>Little v. T-Mobile USA, Inc.</u>, 691 F.3d 1302, 1304 (11th Cir. 2012).

Here, the named class representative, Rajesh Verma possesses Article III standing. Plaintiff alleges he has suffered an injury in fact, the injury is traceable to Defendant' challenged conduct, and the injury is likely to be redressed by a favorable judicial decision. <u>Florence Endocrine Clinic, PLLC v. Arriva Medical, LLC</u>, 858 F.3d 1362, 1366 (11th Cir. 2017). Specifically, he alleges Defendant called him multiple times to solicit business despite his phone number being on the national do-not-call registry and requesting no further calls. (Doc. 1 at 13-17). He argues these calls violated rights created by federal and state laws and the same laws entitle him to statutory damages. <u>Id.</u> <u>See</u> <u>Florence Endocrine</u>, 858 F.3d at 1366 ("Where a statute confers new legal rights on a person, that person will have Article III standing to sue where the facts establish a concrete, particularized, and personal injury to that person as a result of the violation of the newly created legal rights." (citation omitted)).

The proposed classes are adequately defined and clearly ascertainable. The two classes are identified and divided based on information "Defendant ascertained ... through a review of its call and lead records, and in accordance with Plaintiff's discovery requests and guidance." (Doc. 58 at 17). The class definitions contain "objective criteria that allow for class members to be

identified in an administratively feasible way" by a "manageable process that does not require much, if any, individual inquiry." Karhu v. Vital Pharms., Inc., 621 F. App'x 945, 946 (11th Cir. 2015) (citation omitted).

> a.   Rule 23(a)

> > One or more members of a class may sue or be sued as representative parties on behalf of all members only if:

> > (1) the class is so numerous that joinder of all members is impracticable;

> > (2) there are questions of law or fact common to the class;

> > (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and

> > (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a). Parties state the proposed National Class has 3,773 members and the proposed Florida Class has 123 members. (Doc. 58.1 at 13). While there is no required minimum for numerosity, generally "more than forty is adequate." Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1266-67 (11th Cir. 2009). Here, joinder is impracticable due to the large number of members of each class.

"Commonality requires the plaintiff to demonstrate that the class members have suffered the same injury." Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 349-50 (2011) (citation and quotation omitted)). All class members

have the common issue of repeated calls from Defendant in violation of the TCPA and FTSA. (Doc. 58 at 17-18). The commonality requirement is met.

"The typicality requirement is met if the claims of the named plaintiffs stem from the same event, practice, or course of conduct that forms the basis of the class claims and are based upon the same legal or remedial theory." Gibbs Properties Corp. v. CIGNA Corp., 196 F.R.D. 430, 436 (M.D. Fla. 2000). Typicality "measures whether a sufficient nexus exists between the claims of the named representatives and those of the class at large." Prado-Steiman, 221 F.3d at 1279. For there to be typicality the named representative must have individual standing to raise the class' claims. Id. Here, Plaintiff Verma, the class representative, has the standing to raise the claims of both classes. He received multiple calls violating the TCPA and FTSA and his phone number has a Florida area code. (Doc. 58 at 18). The typicality requirement is satisfied.

The adequacy of representation requirement is met when: (1) no substantial conflicts of interest exist between the representatives and the class; and (2) the representatives will adequately prosecute the action. Valley Drug Co. v. Geneva Pharma., 350 F.3d 1181, 1189 (11th Cir. 2003). Here, Plaintiff is seeking relief for the same harms as other class members and therefore has the same interests as them. Plaintiff has remained actively involved in the case. (Doc. 58 at 19). Plaintiff and the proposed class members

are represented by competent and experienced counsels who are qualified to

be class counsel. See Docs. 58.2; 58.3 (outlining the experience and

qualifications of proposed class counsel). The adequacy of representation

factor is satisfied and Plaintiff's counsel, Jeremy M. Glapion and Eric Kem,

shall be appointed as class counsel.

            b.    Rule 23(b)

    Plaintiff argues rule 23(b)(3) is satisfied. (Doc. 58 at 21-23) Rule

23(b)(3) states:

> the court finds that the questions of law or fact
> common to class members predominate over any
> questions affecting only individual members, and
> that a class action is superior to other available
> methods for fairly and efficiently adjudicating the
> controversy. The matters pertinent to these findings
> include:
>
> (A)    the class members' interests in
>        individually controlling the prosecution or
>        defense of separate actions;
>
> (B)    the extent and nature of any litigation
>        concerning the controversy already begun by or
>        against class members;
>
> (C)    the desirability or undesirability of
>        concentrating the litigation of the claims in a
>        particular forum; and
>
> (D)    the likely difficulties in managing a class
>        action.

Fed. R. Civ. P. 23(b).

Common questions predominate of law or fact predominate over other matters if "the addition of more plaintiffs leaves the quantum of evidence introduced by the plaintiffs as a whole relatively undisturbed." Vega, 564 F.3d at 1270 (citation omitted). Here, common issues of fact and law dominate for both settlement classes. For the National class, the common issues of fact is if members received multiple telemarketing calls from Defendant during the relevant period. (Doc. 58 at 23). The common issue of law is whether 47 C.F.R. § 64.1200(d) was violated by Defendant not having regulatory compliant policies when the calls were made. Id. For the Florida class, the common issue of fact whether members received calls from Defendant after requesting to not receive such calls. Id. at 25. The common issue of law is whether these calls were "telephonic sales calls" and violated FTSA § 501.059(5). Id. at 24-25. Common issues predominate for both classes.

Superiority means "a class action is superior to other available methods for adjudicating the controversy." Vega, 564 F.3d at 1265. It is found when "the moving party can demonstrate 'increased efficiency' through the class mechanism." C-Mart, Inc. v. Metropolitan Life Ins. Co., 299 F.R.D. 679, 686 (S.D. Fla. 2014) (quoting Jackson v. Motel 6 Multipurpose Inc., 130 F.3d 999, 1006 (11th Cir. 1997)). Here, the size of each class and the factual similarity of class members' claims make a class action superior to alternative methods for fairly and efficiently adjudicating the controversy.

2.     *The Settlement Agreement*

"In order to approve a settlement, the district court must find that it is fair, adequate and reasonable and is not the product of collusion between the parties." Bennett v. Behring Corp., 737 F.2d 982, 986 (11th Cir. 1984). The relevant factors for this determination are: (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved. Id.

a.     Likelihood of success at trial

Plaintiff states success at trial is "far from certain on several levels." (Doc. 58 at 10). Defendant has raised issues as to whether the Plaintiff and other class members would qualify for recovery under the TCPA as their phone numbers may not be "residential" phone numbers. Id. Different courts have used different criteria in making this determination including usage or the phone plan it is enrolled in. Id. The deference the FCC's interpretations and rules relating to the TCPA should receive is also in question, increasing the risks of continued litigation. Id. at 11.

A review of the case reveals it was vigorously defended by Defendant. Defendant raised multiple affirmative defenses and a motion to dismiss.

- 12 -

(Docs. 41 at 8-14; 9). Plaintiff indicates "significant, targeted discovery has been taken" despite the case settling "relatively early." (Doc. 58 at 15). Plaintiff states the settlement is a result of a "full day of mediation before a well-respected mediator." Id. at 9-10. Plaintiff's counsels recognize that "the uncertain path to recovery suggests that the Settlement Agreement may represent the better alternative for Plaintiff and the class versus continued litigation." Id. at 12. The likelihood of success at trial favors approval of the settlement.

> b.    Range of possible recovery and point on range

Plaintiff indicates the range of possible recovery for TCPA claims is $0 to more than $4 million and $500 per call. Id. at 12. However, Plaintiff states information learned during discovery bearing on Defendant's culpability indicates "he was unlikely to obtain a full $500 per call for the National Class." Id. Plaintiff's counsel states to the best of their knowledge the relief for the National Class compares favorably to a survey of TCPA settlements. Id. at 13-14. The sizable amount of recovery and representations about the strength of Plaintiff's cases indicate this factor weighs in favor of approving the settlement.

> c.    Complexity, expense, and duration of litigation

The original complaint in this case was filed June 6, 2022. (Doc. 1.1). The settlement was reached approximately September 26, 2023 after full

briefing of a motion to dismiss and partial discovery. (Doc. 52). Plaintiff states the uncertain recovery, novel legal issues, and likely appeals indicate "continued litigation would be lengthy, complex, and expensive." This factor weighs in favor of approving the settlement.

### d.    Attorneys' fees and costs

The settlement states "Class Counsel will request attorneys' fees of 25% of the total amount made available to class members as part of the Settlement." (Doc. 58 at 7-8). They will also seek costs not to exceed $10,000. Id. at 8. Plaintiff states parties have agreed "[a]ny awarded Attorney's Fees and Costs will be paid separately and will not reduce the amount paid to Settlement Class Members." Id. In the Eleventh Circuit it is "well-settled law" that 25% of a settlement fund is a reasonable fee award. Nelson v. Mead Johnson & Johnson Co., 484 Fed. Appx. 429, 435 (11th Cir. 2012).

For the reasons discussed above, the proposed settlement is fair, adequate, and reasonable and is not the product of collusion between parties for purposes of preliminary approval.

### 3.    Notice

After preliminary approval of a settlement, the court "must direct notice in a reasonable manner to all class members who would be bound by the proposal..." Fed. R. Civ. P. 23(e)(1)(B).

- 14 -

> [U]pon ordering notice Rule 23(e)(1) to a class proposed to be certified for purposes of settlement under Rule 23(b)(3)--the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.... The notice must clearly and concisely state in plain, easily understood language:
>
> (i) the nature of the action;
>
> (ii) the definition of the class certified;
>
> (iii) the class claims, issues, or defenses;
>
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
>
> (v) that the court will exclude from the class any member who requests exclusion;
>
> (vi) the time and member for requesting exclusion; and
>
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3)

Fed. R. Civ. P. 23(c)(2)(B).

Plaintiff's counsel proposes notice occur by email from the Settlement Administrator to the class members. (Docs. 58 at 27; 58.1 at 23-24). This is in part because Defendant currently "has contact information for each putative Class Member." (Doc. 58 at 27) The email notice will contain material settlement terms, attorneys' fees and costs, the final hearing date, and how and by what date members may object or opt out. (Docs. 58 at 27; 58.1 at 47-48). It will also include the address and phone number of the involved

attorneys, a toll-free inquiry phone number, and the settlement website.
(Doc. 57 at 27-28). While the plan only provides notice through one method,
"email notice in class actions is becoming the preferred method of notification
not only because it is reliable but it is actually more likely to be received by
the Class members." Morgan v. Public Storage, 301 F. Supp. 3d 1237, 1261
(S.D. Fla. 2016). The proposed Settlement Administrator has administered
over 600 cases including several TCPA settlements. (Doc. 58.4 at 1-2). The
proposed notice and delivery method is adequate, fair, reasonable, and meets
the requirements of Rule 23. See Faught v. Am. Home Shield Corp., 668 F.3d
1233, 1239 (11th Cir. 2011) ("The standard for the adequacy of a settlement
notice in a class action is measured by reasonableness.")

Accordingly, after due consideration, it is

**ORDERED:**

1. The Plaintiff's Unopposed Motion for Preliminary Approval of Class
   Action Settlement and Certification of Settlement Classes (Doc. 58)
   is **GRANTED**.

2. This Order incorporates by reference the definitions in the Settlement
   Agreement and all terms defined therein shall have the same
   meaning in this Order as set forth in the Settlement Agreement.

3. Plaintiff's Motion is GRANTED. It appears to this Court on a
   preliminary basis that the Settlement Agreement satisfies the
   elements of Fed. R. Civ. P. 23 and is fair, adequate, and reasonable.

4. The proposed Settlement Classes are hereby preliminarily certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2) for purposes of settlement. The Settlement Classes are defined as:

Since June 6, 2018, all persons to whose telephone number Defendant placed (or had placed on its behalf) more than one telephone call in a 12-month period for the purpose of encouraging enrollment in or providing information about Walden University, after that person had asked Defendant to stop calling.

("National Class")

Since July 1, 2021, all persons to whose telephone number with a Florida area code Defendant placed (or had placed on its behalf) a telephone call for the purpose of encouraging enrollment in or providing information about Walden University after that person had asked Defendant to stop calling.

("Florida Class").

5. The Court finds that Plaintiff Rajesh Verma will fairly and adequately protect the interests of the Settlement Classes. As a result, the Court appoints and designates Plaintiff as representative of the Settlement Class.

6. The Court finds that attorney Jeremy M. Glapion of Glapion Law Firm and Eric Kem of Eric Kem Injury Lawyers are experienced and competent counsel who will continue to protect the interests of the Settlement Classes fairly and adequately. As a result, the Court appoints and designates Attorney Glapion and Attorney Kem as Class Counsel for the Settlement Class.

7. The Court finds that the Notice documents attached to the Settlement Agreement as Agreement Exhibits A and B and the Notice Plan included in the pending motion meet the requirements for due process, the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, and ensure Notice is well calculated to reach representative class members. The Notice and Notice Plan are hereby approved.

8.  As soon as practicable, but no later than forty-five (45) days after the Court's entry of a Preliminary Approval order (the "Notice Deadline"), the Settlement Administrator shall cause notice to be disseminated in accordance with the Notice Plan, and make available for download on the Settlement website:

    a.  the class action complaint;

    b.  Plaintiff's unopposed motion for preliminary approval of class action settlement and certification of settlement class, and supporting documents; and

    c.  the Court's preliminary approval orders, as well as any supporting memorandum.

9.  No less than fifteen (15) days before the fairness hearing scheduled in the Litigation, Plaintiff shall file a declaration from the stipulated class action settlement administrator that summarizes the work the administrator performed, proof of notice, and the list of exclusions (if any).

10.  The list of exclusions may be filed under seal.

11.  Within thirty (30) days of the Notice Deadline, Plaintiff shall move for reasonable attorneys' fees and costs, if requested.

12.  Within ninety (90) days of the Notice Deadline, any Settlement Class Member may object to the Settlement Agreement by filing written objections with the Clerk of the Court ("Objection Deadline"). Only such objecting Settlement Class Members shall have the right, and only if they expressly seek it in their objection, to present objections orally at the Fairness Hearing.

13.  Within seven (7) days after the Objection Deadline defined above, the Parties may respond to any timely-filed objections.

14.  Class Members may submit claims or request exclusion for ninety (90) days after the Notice Deadline.

15.  A final approval hearing shall be held before this Court no earlier than one hundred and twenty (120) days after the Notice Deadline. The Court hereby sets this hearing for which is **Friday, September 13, 2024**, at **9:00 AM EDT** in the United States District Court for the

Middle District of Florida, located at Bryan Simpson United States Courthouse, 300 North Hogan Street, Courtroom 12C, Jacksonville, Florida to determine whether the Settlement Agreement shall be granted final approval, and to address any related matters. No less than twenty (20) days before this date, Plaintiff shall file his Motion for Final Approval.

16.     The Fairness Hearing may, from time to time and without further notice to the Settlement Class members (except those who have filed timely objections or entered appearances), be continued or adjourned by order of the Court.

17.     Counsel for the Parties are hereby authorized to utilize all

reasonable procedures in connection with the administration of the

Settlement Agreement which are not materially inconsistent with

either this Order or the terms of the Settlement Agreement.

**DONE** and **ORDERED** in Jacksonville, Florida this $\underline{16}^{th}$ day of May, 2024.

_____
BRIAN J. DAVIS
United States District Judge

9
Copies furnished to:

Counsel of Record
Unrepresented Parties

- 19 -