# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

| | |
|---|---|
| **RAJESH VERMA**, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>**WALDEN UNIVERSITY, LLC**<br><br>　　　　　　Defendant. | Case No. 22-cv-776-BJD-JBT |

**PLAINTIFF'S MOTION AND SUPPORTING MEMORANDUM FOR ATTORNEYS' FEES AND COSTS**

TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................. 1

II. BACKGROUND .................................................................................................. 2

III. DISCUSSION ....................................................................................................... 3

    A.    Legal Standard for Attorneys' Fees .............................................................. 3

        1. Class Counsel's fee request is presumptively reasonable. ............... 4
        2. The *Johnson* factors support the requested fee. ............................ 5

        a. Factor 1: Time and labor required. ............................................... 5
        b. Factors 2, 3, and 9: Difficulty of the issues, skill required, and experience of Class Counsel. ...................................................... 6
        c. Factor 4: Preclusion of other employment. ............................... 10
        d. Factors 5 and 12: Customary fee and awards in similar cases. .... 10
        e. Factor 6: Fixed or contingent. .................................................... 11
        f. Factor 8: Amount involved and results obtained. ...................... 11
        g. Factor 10: Undesirability of the case. ........................................ 12

    B.    Class Counsel's costs are reasonable. ........................................................ 13

IV. CONCLUSION ................................................................................................... 13

Pursuant to the Court's Order granting Plaintiff's Motion for Preliminary Approval, and adopting the schedule proposed therein, Dkt. 60, Plaintiff respectfully submits this Motion for Attorneys' Fees and Costs.

## I. INTRODUCTION

On May 16, 2024, this Court preliminarily approved a class action settlement ("Settlement"), Dkt. 60, between Plaintiff Rajesh Verma ("Plaintiff") and Defendant Walden University, LLC ("Walden") (collectively with Plaintiff, "Settling Parties") related to Defendant's alleged practice of continuing to place telemarketing calls to persons after those persons asked Defendant to stop. Under the Settlement, Defendant has agreed to pay $97.50 to each of the 3,766 class members meeting the class definition of the "National Class" and who files an Approved Claim, and $400 to each of the approximately 124 class members meeting the definition of the Florida Class and who files an Approved Claim ("Settlement Relief")—a total cash value of $416,785.00. This result is strong and the benefit conferred upon Class Members is substantial and real.

In addition, Plaintiff's efforts made Defendant aware of a purported glitch causing the calls at issue, preventing a potentially significant number of unwanted calls from being made to other persons.

Now, Class Counsel respectfully moves the Court for an award of attorneys' fees in the amount of $103,705.75, which is 24.88% of the total cash value of the settlement. This request is appropriate and presumptively reasonable under 11th

1

Circuit guidance on fee awards in consumer class actions. In addition, Class Counsel requests $8,310.40 in costs, plus reasonable costs incurred, if any, related to the final approval hearing.[1] Plaintiff does not request any service or incentive award in this matter.[2] *Johnson v. NPAS Sols., LLC*, 975 F.3d 1244 (11th Cir. 2020), *rehearing denied en banc*, *Johnson v. NPA Sols. LLC*, 43 F.4th 1138 (11th Cir. 2022).

## II.   BACKGROUND

The Florida Telephone Solicitation Act ("FTSA") prohibits a "telephone solicitor" from initiating telephonic sales calls to a consumer who has previously asked the solicitor to stop. Fla. Stat. § 501.059(5). The Telephone Consumer Protection Act ("TCPA") prohibits "telephone solicitations" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c). In addition, the TCPA prohibits initiating calls for telemarketing purposes without certain minimum policies and procedures. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d).

On June 6, 2022, Plaintiff filed his initial class action complaint against Defendant alleging that Defendant placed telephone calls regarding its for-profit University to Plaintiff after he asked Defendant to stop. The complaint was removed to this Court on July 14, 2022. [Dkt. 1.] On August 5, 2022, Defendant moved to dismiss, which Plaintiff opposed. [Dkts. 9, 15, 26.] On January 18, 2023, Defendant

---

[1] Plaintiff's counsel will provide these reasonable additional costs, if any, at the final approval hearing. Per the settlement, however, in no circumstances may requested or awarded costs exceed $10,000.

[2] A service award would be entirely appropriate in this matter and is generally appropriate to encourage individuals to undertake a significant, selfless responsibility to help hold companies accountable. Nevertheless, Plaintiff understands the binding 11th Circuit precedent on this issue.

2

withdrew its Motion to Dismiss. [Dkt. 35.] On March 2, 2023, Plaintiff filed a First Amended Complaint ("FAC"). [Dkt. 40.]

After significant probative discovery, the Parties agreed to a mediation before Terrence White. This mediation was conducted on September 18, 2023. At the end of this full day of mediation, the Settling Parties reached the principle terms of the Settlement Agreement set forth in more detail in Plaintiff's Unopposed Motion for Preliminary Approval, Dkt. 58, which was preliminarily approved by this Court on May 16, 2024. [Dkt. 60.]

Pursuant to the schedule set forth therein, Plaintiff now moves for an award of attorneys' fees.

### III.   DISCUSSION

#### A. Legal Standard for Attorneys' Fees

"The district court has great latitude in formulating attorneys' fees awards subject only to the necessity of explaining its reasoning…." *Waters v. International Precious Metals Corp.*, 190 F.3d 1291, 1293 (11th Cir. 1999). In the 11th Circuit, "attorneys' fees awarded from a common fund shall be based upon a reasonable percentage of the fund established for the benefit of the class." *Camden I Condo Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774-75 (11th Cir. 1991); *see also Pinto v. Princess Cruise Lines, Ltd.*, 513 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007).

"The percentage applies to the total fund created, even where the actual payout following the claims process is lower." *Id.* This covers claims-made settlements such as this one. *See Poertner v. Gillette Co.*, 618 F3d. Appx. 624, 628 n.2 (11th Cir. July 16,

3

2015) ("No principled reason" counsels against applying the percentage-of-recovery rule to the maximum value of a claims-made settlement); *see also, e.g. Waters*, 190 F.3d at 1295-1298 (11th Cir. 1999) (rejecting, in detail, defendant's argument that fees should be awarded on the payout rather than the total made available to the class); *Carter v. Forjas*, 701 Fed. Appx. 759, 766-67 (11th Cir. June 29, 2017) (affirming award of fees based on total value in claims made settlement and rejecting argument to contrary); *Ferron v. Kraft Heinz Foods Co.*, 2021 U.S. Dist. LEXIS 129955, n.5 (S.D. Fla. July 13, 2021) (same, and collecting cases).

### 1. Class Counsel's fee request is presumptively reasonable.

When using the percentage method, the benchmark is 25 percent. *See Camden I Condo Ass'n*; *Benson v. Enter. Leasing Co. of Orlando*, 2022 U.S. Dist. LEXIS 169992, *6 (M.D. Fla. Sept. 20, 2022). Fee requests at or below this benchmark are presumptively reasonable. *See, e.g. Arkin v. Pressman*, 2022 U.S. App. LEXIS 18205, *3 n.3 (11th Cir. June 30, 2022) ("[A]wards of up to 25% of the common fund are presumptively reasonable in this circuit[.]")

Class Counsel's request of 24.88% of the total here is therefore presumptively reasonable.[3] The Court may end its inquiry here. *See SEC v. Davison*, 2023 U.S. Dist. LEXIS 71511, *13 (M.D. Fla. Mar. 8, 2023).

---

[3] Notably, for the purposes of this Motion, Plaintiff does not assign value to the prevention of additional calls, which would otherwise be appropriate to do. Nevertheless, in the TCPA/FTSA context, courts may consider a "Plaintiff's success in stopping … calls" in considering the reasonableness of an attorneys' fee request, even if no monetary value has been assigned to such relief. *See e.g. Mahoney v. TT of Pine Ridge, Inc.*, 2017 U.S. Dist. LEXIS 217470, *34-35 (S.D. Fla. Nov. 17, 2017). This further supports the reasonableness of Class Counsel's request.

4

## 2. The *Johnson* factors support the requested fee.

Though the Court need not reach the *Johnson* factors applicable to those situations where the fee request exceeds the 25% benchmark, in the interest of thoroughness, those factors will be discussed briefly, as relevant. The factors are:

> (1) the time and labor required; (2) the difficulty of the issues; (3) the skill required; (4) the preclusion of other employment by the attorney because he accepted the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.[4]

*Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1242-43 (11th Cir. 2011) (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

### a. Factor 1: Time and labor required.

The first factor requires the Court to consider the time and labor required. This case settled after more than a year of litigation, including Motion practice and probative discovery. That said, Plaintiff acknowledges that this case was not as lengthy, and discovery was not as exhaustive, as in other cases, and that such circumstances can justify a downward variance from the 25% benchmark. For example, a Middle District court has noted in a TCPA matter that a quick settlement (seven months and with only documentary discovery taken) justified a downward

---

[4] To quickly summarize: factors 2, 3, 4, 5, 6, 8, 9 and 12 support the fee request. Factors 1 and 10 support a downward adjustment. Factors 7 (time limitations imposed by client or circumstances) and 11 (duration of relationship with client) seem inapplicable to the case and are therefore neutral. There were no meaningful time limitations imposed by the client, and the relationship with the client was limited to the duration of the case.

variance from the 25 percent benchmark. *See Cooper v. Nelnet, Inc.*, 2015 U.S. Dist. LEXIS 100350, *4 (M.D. Fla. July 31, 2015). Despite this, however, it found the other factors outweighed this, and ultimately awarded 27.78%. *Id.* at *7. This case was more vigorously litigated than *Cooper*, and lasted longer, but did not last as long as other TCPA cases. As such, Plaintiff submits that this factor is neutral.

> b. Factors 2, 3, and 9: Difficulty of the issues, skill required, and experience of Class Counsel.

Courts in the Middle District have previously acknowledged the difficulty of class action TCPA litigation. *See Cooper*, 2015 U.S. Dist. LEXIS 100350 at *5 ("[T]he Court recognizes that it is not easy for consumers to obtain counsel in TCPA actions, especially considering that the work for a class action is typically done on a contingent basis and that TCPA law is relatively new."). While this has changed in the intervening nine years, and many modern TCPA cases are "by-the-numbers", this was not such a by-the-numbers case. As described in Plaintiff's Motion for Preliminary Approval, the issues here were novel and complex, and led to significant uncertainty.

To summarize: first, Defendant raised concerns about whether Plaintiff's telephone number would qualify as a "residential" telephone number—required under the TCPA—and, more broadly, whether it is possible to determine on a class-wide basis if a number was residential. Case law on this issue is mixed. For example, some courts have examined a Plaintiff's actual use of his phone to determine if it qualifies as residential. *See, e.g., Mantha v. QuoteWizard.com, LLC*, 2022 U.S. Dist. LEXIS 195902, *13-15 (D. Mass. Feb. 3, 2022). Other courts, however, have found that what

6

matters is whether the telephone belongs to a business plan or a personal plan. *See Spurlark v. Dimension Serv. Corp.*, 2022 U.S. Dist. LEXIS 120468, *8 (S.D. Ohio July 7, 2022) ("A 'residential telephone subscriber' is a 'subscriber to a telephone exchange service that is not a business subscriber.' 47 C.F.R. § 64.2305(d)."); *Rose v. New TSI Holdings, Inc.*, 2022 U.S. Dist. LEXIS 56525, *6 (S.D.N.Y. Mar. 28, 2022) ("The FCC, which possesses authority to issue implementing rules and regulations for the TCPA … defines a 'residential subscriber" as a "subscriber to a telephone exchange service that is not a business subscriber,' 47 C.F.R. § 64.2305(d)."); *Kemen v. Cincinnati Bell Tel. Co. LLC*, 2023 U.S. Dist. LEXIS 11552, *12 (S.D. Ohio, Jan. 23, 2023). The former interpretation proves challenging—though not necessarily insurmountable—to the certification of a class consisting only of residential numbers.

Second, there is a question about whether cell phone numbers are properly allowed on the Do-Not-Call Registry in the first place. The FCC has determined that they are, but regulatory law is in flux after the Supreme Court's 2024 decisions in *Loper Bright* and *Corner Post*.[5] While Plaintiff still believes 11th Circuit courts remain bound by the Hobbs Act to follow the FCC's determination on this front—indeed, *Corner Post* appears to have left the Hobbs Act undisturbed—it be only a matter of time before this too changes. Several recent Supreme Court and 11th Circuit cases have hinted at this possibility. *See PDR Network, LLC v. Carlton & Harris Chiropractic, Inc.*, 139 S. Ct. 2051

---

[5] These types of changes are precisely what Plaintiff had in mind in choosing to resolve the case when he did, and to what Plaintiff was referring in the Motion for Preliminary Approval when he wrote about "the shifting landscape at the appellate level" potentially impacting the case as it moved forward.

7

(2019); *Gross Motels, Inc. v. Safemark Sys., LP*, 931 F.3d 1094, 1105-12 (11th Cir. 2019) (Pryor, J., concurring); *Turzio v. Subway Franchisee Adver. Fund Trust LTD.*, 603 F. Supp. 3d 1334, 1341-42 (S.D. Fla. 2022). Should this change come to pass, it is possible Plaintiff and National Class members lose any claim rooted in the National Do-Not-Call Registry.

Third, while the FTSA claim mandates a $500 minimum per violative call, under the TCPA provisions at issue, damages are "up to" $500 per call rather than the $500 minimum. *Compare* 47 U.S.C. § 227(c)(5) *with* 47 U.S.C. § 227(b)(3). While the Parties strongly disagree (and would continue to disagree) about Defendant's level of culpability for the post-stop calls here, the impact of this disagreement on damages is far from certain.

Class Counsel was able to navigate these hurdles and obtain a strong settlement in part due to their skill and experience in consumer class actions and TCPA litigation in particular. *See* Declaration of Jeremy M. Glapion ("Glapion Decl."), ¶¶ 1-8. Since founding The Glapion Law Firm in May 2015, Attorney Glapion has been appointed co-lead counsel in *Willis et al. v. IHeartMedia, Inc.*, Case No. 16-CH-02455 (Cook County, Feb. 19, 2016), a TCPA class action in which the court approved an $8.5 million non-reversionary class action settlement, which was successfully administered. In 2017, Attorney Glapion was appointed as sole lead counsel in *Allard et al. v. SCI Direct, Inc.*, a TCPA class action in which the Court approved a $15 million non-reversionary class action settlement, which was successfully administered. Case No. 17-cv-4692 (N.D. Illinois). In 2018, Attorney Glapion was also appointed co-lead

counsel in *Griffith v. ContextMedia, Inc.*, Case No. 16-cv-2900 (N.D. Illinois), a TCPA class action in which the Court approved a $2.9 million non-reversionary settlement, which was successfully administered. In 2022, Attorney Glapion was appointed sole lead counsel in *Walker v. Highmark BCBS Health Options, Inc.*, 2020 U.S. Dist. LEXIS 225998 (W.D. Pa. Dec. 13, 2022), a $1.85m non-reversionary TCPA class action settlement which was successfully administered. In 2024, Attorney Glapion was appointed co-lead counsel in a claims-made TCPA class action settlement with a total cash value of $5,238,080, and which has been successfully administered. *DeSouza v Aerocare Holdings, LLC*, Case No. 22-cv-1047 (M.D. Florida). Attorney Glapion has also recovered over $1 million for clients in hundreds of individual TCPA cases. Attorney Glapion's familiarity with the underlying law has and will continue to serve the Settlement Class well. *See* Declaration of Jeremy M. Glapion. Attorney Glapion has never been found to be inadequate counsel.

Co-Class Counsel, Attorney Kem has extensive experience litigating TCPA matters individually and on a class-wide basis. *See* Declaration of Eric Kem ("Kem Decl.") Attorney Kem was appointed co-lead counsel in *Martinez v. Medicredit*, Case No. 16-CV-01138 (E.D. Missouri), a TCPA class action in which the court approved a $5 million non-reversionary class action settlement, which was successfully administered. Attorney Kem has also recovered substantial awards for individual TCPA litigants, both as confidential settlements and as judgments, including an individual judgment of $184,500 in *Bortmes v. National Brokers of America, In.*, Case No. 16-cv-146 (N.D. Florida). Attorney Kem has also achieved substantial recoveries for

9

individuals under other consumer protection statutes, including the Fair Debt Collection Practices Act and the Fair Credit Reporting Act. Attorney Kem served as local counsel in *Roman et al. v. McCoy Federal Credit* Union, Case No. 2021-CA-000252 (Seminole County, Florida, 2024), a case involving allegations of improper overdraft fee practices which resulted in a class action settlement of $1 million in payments and $400,000 in debt forgiveness. *See* Kem Decl. Attorney Kem has never been found to be inadequate counsel.

These factors support the requested fee award.

### c. Factor 4: Preclusion of other employment.

The fourth factor requires Courts to consider the preclusion of other employment because of the case. In general, and as was the case here, the nature of class action work precludes other work. Class Counsel are solo practitioners, and, as such, class action work takes up a large "chunk" of counsel's workload, both in terms of actual work to be done and in terms of managing and anticipating future workload. This factor minimally weighs in favor of the fee request, or is at worst neutral.

### d. Factors 5 and 12: Customary fee and awards in similar cases.

The fee requested here is lower than that awarded in other cases, some of which obtained lesser relief than that obtained here. *See James v. JP Morgan Chase Bank, N.A.*, 2017 U.S. Dist. LEXIS (M.D. Fla. June 5, 2017) (awarding 30% in TCPA where "[e]ach claimant will receive approximately $81, which equals or exceeds the recovery in a typical TCPA class action."); *Cooper*, 2015 U.S. Dist. LEXIS at *7 (27.78% on

$150 per class member); *Shelton v. Agentra*, 2021 U.S. Dist. LEXIS 144659 (W.D. Pa. Aug. 3, 2021) (33% award on settlement paying between $48.39 and $145.17 per class member); *Kolinek v. Walgreen Co.*, 311 F.R.D. 483, 502-03 (N.D. Ill. 2015) (36% award).

Accordingly, this factor strongly supports the fee request.

e. Factor 6: Fixed or contingent.

"The inherent risk of a contingency fee arrangement is an important factor in determining the reasonableness of a fee award." *SEC v. Davison*, 2023 U.S. Dist. LEXIS at *13. Class Counsel took this case on a contingency fee arrangement and, to date, has received no compensation for this litigation while incurring significant costs. There was no guarantee of such recovery, and should Plaintiff not have prevailed or obtained a settlement, Class Counsel would have received nothing. Accordingly, this factor supports the reasonableness of the fee requested.

f. Factor 8: Amount involved and results obtained.

To the best of Class Counsel's knowledge, the relief here—which will pay out over $100 on average—exceeds most approved TCPA settlements. A sample of such approved settlements is shown here:

| Case | Per Claimant Recovery |
|---|---|
| *Couser v. Comenity Bank* 125 F. Supp. 3d 1034 (S.D. Cal. 2015) (collecting other settlements) | $13.75 |
| *Ott v. Mortg. Inv'rs Corp. of Ohio, Inc.*, 2016 U.S. Dist. LEXIS 892 (D. Or. Jan. 5, 2016) | $140.86 |
| *Franklin v. Wells Fargo Bank, N.A.*, 2016 U.S. Dist. LEXIS 13696 (S.D. Cal. Jan. | $71 |

11

| | |
|---|---|
| 29, 2016) | |
| *Gehrich v. Chase Bank* 316 F.R.D. 215 (N.D. Ill. 2016) | $52.50 |
| *Somogyi v. Freedom Mortg. Corp.*, 495 F. Supp. 3d 337, 345 (D.N.J. 2020) | $75.30 |
| *Lalli v. First Team Real Estate—Orange Cnty*, 2022 U.S. Dist. LEXIS 161756 (C.D. Cal., Sept. 6, 2022) | $110[6] |

As one court has recently noted, most TCPA settlements result in a "range from $20 to $100 per-class member." *Retina Assocs. Med. Group. v. Keeler Instruments*, 2019 U.S. Dist. LEXIS 239998, *10 (C.D. Cal. Dec. 13, 2019). Indeed, in a court-created chart in another TCPA settlement, of the 12 cases listed, only four had a higher per-claimant award than the per-claimant award here, and several of those were only higher because the low claims rates (whereas here, all claimants receive their full amount regardless of whether the claims rate is 1% or 100%). *See Ward v. Flagship Credit Acceptance LLC*, 2020 U.S. Dist. LEXIS 25612, Appendix A (E.D. Pa. Feb. 13, 2020).

This factor strongly supports the fee request.

g.  Factor 10: Undesirability of the case.

TCPA cases have grown in popularity and tend to be desirable. That said, this type of TCPA case—involving the Do-Not-Call Registry and policies and procedures—is less frequently brought, as such a case has more nuance and pitfalls than a prerecorded call or a text message case. Nevertheless, Class Counsel believes most competent and capable TCPA attorneys would have taken this case, if given the

---

[6] Described by the court as a "strong result." *Id.* at *30.

opportunity. Accordingly, this factor supports a downward adjustment from the fee request.

### B. Class Counsel's costs are reasonable.

Class Counsel requests costs of $14,341.83. These costs are:

| Item | Cost |
| --- | --- |
| State Court filing fee | 425.39 |
| Service of Process | $25.00 |
| *Pro Hac Vice* fee | $150.00 |
| Legal Research (e.g. out-of-plan state court case purchases) | $48.00 |
| Lodging for mediation | 672.90 |
| Travel for mediation | $807.11 |
| Mediation Fee | $6,175.00 |
|  | $8,310.40 |

*See* Glapion Decl., ¶ 10. These costs were "reasonable and necessary … to the prosecution of the case" and directly benefitted Class Members. *Waters*, 190 F.3d at 1298-99; *see also Mahoney*, 2017 U.S. Dist. LEXIS at *41-42. Plaintiff's counsel also anticipated some expenses involved in the upcoming final approval hearing (primarily travel and lodging). Counsel will provide those exact costs to the Court at the hearing and will request that those be awarded as well. Per the settlement, however, costs will not exceed $10,000 total.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff and Class Counsel respectfully request the Court grant the fee request of $103,703.75 and costs of $8,310.40, plus reasonable costs incurred related to the final approval hearing, to be provided to the Court at the final approval hearing.

Dated: July 30, 2024

*/s/ Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com

Eric W. Kem
**ERIC KEM INJURY LAWYERS**
2233 NW 41st Street, Ste. 700-H
Gainesville, FL 32606
Tel: 352.356.5075
Fax: 352.565.5341
ekem@kemlawfirm.com

## **LOCAL RULE 3.01(g) CERTIFICATION**

Plaintiff conferred with Defendant on the relief sought in this Motion, and Defendant does not oppose.

### CERTIFICATE OF SERVICE

I hereby certify that on July 30, 2024, I caused Plaintiff's MOTION AND SUPPORTING MEMORANDUM FOR ATTORNEYS' FEES AND COSTS to be filed with the Clerk of the U.S. District Court for the Middle District of Florida, using the CM/ECF system, which will send notification of such filing to all filing users.

Dated: July 30, 2024

*/s/ Jeremy M. Glapion*
Jeremy M. Glapion
**THE GLAPION LAW FIRM, LLC**
1704 Maxwell Drive
Wall, New Jersey 07719
Tel: 732.455.9737
Fax: 732.709.5150
jmg@glapionlaw.com