UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAJESH VERMA, on behalf of himself
and all others similarly situated,

        Plaintiff,

v.                                   CASE NO. 3:22-cv-776-BJD-SJH

WALDEN UNIVERSITY, LLC,

        Defendant.

_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before me on Plaintiff's Motion and Supporting Memorandum for Attorneys' Fees and Costs ("Motion") Doc. 63. For the reasons herein, I **recommend** the Motion be **granted**.

### I.    Background

On June 6, 2022, Plaintiff Rajesh Verma ("Plaintiff"), individually and on behalf of others similarly situated, filed a putative class action complaint against Defendant Walden University, LLC, ("Defendant") in state court. The complaint alleged Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA"). Doc. 3. Defendant removed the action to this Court. Doc. 1.

On August 5, 2022, Defendant filed a motion to dismiss Plaintiff's complaint. Doc. 9. On August 15, 2022, Plaintiff filed a response in opposition to Defendant's motion to dismiss. Doc. 15. On September 8, 2022, Defendant filed its reply in support

of its motion to dismiss. Doc. 26. On January 18, 2023, Defendant withdrew its motion to dismiss and answered the complaint. Docs. 35-36. On March 2, 2023, Plaintiff filed an amended class action complaint, which among other changes, added a claim under the Florida Telephone Solicitation Act, Fla. Stat. 501.059(5) ("FTSA"). Doc. 40. Defendant answered the amended complaint on March 16, 2023. Doc. 41.

On September 18, 2023, the parties participated in a mediation before Terrence White, Esq. Doc. 49. During the mediation, the parties reached an agreement in principle on a class-wide settlement. Doc. 52. On November 27, 2023, Plaintiff filed an unopposed motion for preliminary approval of class action settlement, Doc. 58, which the Court granted on May 16, 2024, Doc. 60. Thereafter, Plaintiff filed this Motion, seeking $103,705.75 in attorneys' fees, which is 24.88% of the total cash value of the settlement ($416,785.00), as well as $8,310.40 in costs.[1] Doc. 63. Defendant does not oppose the requested relief. *Id.* at 17.

## II.    Standard

"Notwithstanding the lack of opposition, courts maintain an independent duty to assess the reasonableness of an award of attorneys' fees under a settlement of a class action." *Tweedie v. Waste Pro of Florida, Inc.*, No. 8:19-cv-1827-AEP, 2021 WL 5843111, at *8 (M.D. Fla. Dec. 9, 2021). "It is well-established that 'a litigant or a lawyer who recovers a common fund for the benefit of persons other than himself or his client is

---

[1] Plaintiff also requests "reasonable costs incurred, if any, related to the final approval hearing." Doc. 63 at 4. Plaintiff states that "Plaintiff's counsel will provide these reasonable additional costs, if any, at the final approval hearing. Per the settlement, however, in no circumstances may requested or awarded costs exceed $10,000." *Id.* at 4 n.1.

entitled to a reasonable attorney's fee from the fund as a whole.'" *Ferron v. Kraft Heinz Foods Co.*, No. 20-CV-62136-RAR, 2021 WL 2940240, at *18 (S.D. Fla. July 13, 2021) (citations omitted). This "common benefit doctrine is applied the same way to claims-made settlements[,]" such that class counsel can be awarded a percentage of the funds made available, not actually paid, through a settlement. *Id.*; *see also Poertner v. Gillette Co.*, 618 F. App'x 624, 628 n.2 (11th Cir. 2015); *Hanley v. Tampa Bay Sports & Ent. LLC*, No. 8:19-cv-550-CEH-CPT, 2020 WL 2517766, at *6 (M.D. Fla. Apr. 23, 2020).

"In *Camden I*, which is the controlling authority regarding attorneys' fees in the Eleventh Circuit, the court held that the percentage of the fund approach (versus the lodestar approach) is the better reasoned approach in a common fund case." *Ferron*, 2021 WL 2940240, at *19 (citing *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991)); *see also In re Equifax Inc. Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1279-80 (11th Cir. 2021) (reiterating that *Camden I* "and the percentage method remain the law in this Circuit" in common-fund cases). Nor should a lodestar be imposed in lieu of this percentage as a back-door cross check. *See Sec. & Exch. Comm'n v. Davison*, No. 8:20-cv-325-MSS-MRM, 2023 WL 2931641, at *3 (M.D. Fla. Mar. 8, 2023), *report and recommendation adopted*, 2023 WL 3995481 (M.D. Fla. June 1, 2023).

"Courts typically award fees of 20 to 30 percent of the common fund and view the mean of that range—25 percent—as a rough benchmark[.]" *In re Blue Cross Blue Shield Antitrust Litig. MDL 2406*, 85 F.4th 1070, 1100 (11th Cir. 2023) (internal citation omitted); *see also Ferron*, 2021 WL 2940240, at *19. A fee award that falls between 20

to 25% of the common find "is presumptively reasonable." *In re Blue Cross Blue Shield Antitrust Litig.*, 85 F.4th at 1100. If the fee exceeds 25%, the district court must assess reasonableness using 12 factors known as the "*Johnson* factors." *Id.*

> The *Johnson* factors include: (1) the time and labor required; (2) the difficulty of the issues; (3) the skill required; (4) the preclusion of other employment by the attorney because he accepted the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1242-43 (11th Cir. 2011); *see also Cooper v. Nelnet, Inc.*, No. 6:14-cv-314-Orl-37DAB, 2015 WL 4623700, at *1 (M.D. Fla. July 31, 2015).

## III.   Analysis

### a.  Fees

The requested 24.88% of the total settlement fund is presumptively reasonable. *See In re Blue Cross Blue Shield Antitrust Litig.*, 85 F.4th at 1100.[2] As such, it is subject to approval without further analysis. *See Davison*, 2023 WL 2931641, at *3; *see also Faught*, 668 F.3d at 1242-43. Nevertheless, an analysis of the *Johnson* factors further confirms that the fees requested are reasonable. *Cf. In re Blue Cross Blue Shield Antitrust Litig.*, 85

---

[2] Costs are analyzed separately and need not be aggregated with the requested fees to determine whether the latter is reasonable under the percentage-of-fund analysis. *See Davison*, 2023 WL 2931641, at *3; *see also Hanley*, 2020 WL 2517766, at *6. Even aggregating fees and costs, the total is approximately 27% of the fund and is reasonable upon consideration of the *Johnson* factors, as discussed below.

4

F.4th at 1100.

### (1) The Time and Labor Required

This action was litigated for nearly two years (and has been pending for longer than two years). It included motion practice that involved a fully briefed dispositive motion (albeit one that was later withdrawn). Yet, as the Motion acknowledges, this case "did not last as long as other TCPA cases" or involve as exhaustive discovery. Doc. 63 at 7-8. On balance, the first factor is neutral.

### (2) The Difficulty of the Issues

"Courts have recognized that the novelty and difficulty of the issues in a case are significant factors to be considered in making a fee award." *Lamones v. Human Resource Profile, Inc.*, No. 8:16-cv-2422-T-35AAS, 2018 WL 8578301, at *3 (M.D. Fla. Aug. 2, 2018) (citation omitted), *report and recommendation adopted*, 2018 WL 8578302 (M.D. Fla. Nov. 5, 2018). As discussed in the Motion, TCPA class actions include complex legal and factual issues, such as "whether Plaintiff's telephone number would qualify as a 'residential' telephone number—required under the TCPA—and, more broadly, whether it is possible to determine on a class-wide basis if a number was residential." Doc. 63 at 8. TCPA actions are also relatively novel. *Cooper*, 2015 WL 4623700, at *2 ("[T]he Court recognizes that it is not easy for consumers to obtain counsel in TCPA actions, especially considering that … TCPA law is relatively new."). Accordingly, the ability to litigate these issues and reach an efficient and positive result supports the 24.88% fees request.

### (3) The Skill Required and (9) The Experience, Reputations, and Ability of the Attorneys

Class Counsel has significant experience litigating consumer class actions, including specifically TCPA actions. Mr. Glapion and Mr. Kem have been appointed Class Counsel in other TCPA class action cases, as well as other consumer class action cases. *See* Doc. 63-1 at ¶¶ 2-5, 7-8; Doc. 63-2 at ¶¶ 2-4, 6-7; *see also Cooper*, 2015 WL 4623700, at *2 ("Class Counsel is highly experienced in this sort of litigation; regularly engages in complex litigation involving consumer issues; lectures on the TCPA; and has been lead counsel in numerous TCPA cases. The skill and experience of the lawyers involved, particularly Class Counsel, is likely responsible, at least in part, for the early and efficient resolution of the claim."). These factors support granting the requested fees.

### (4) The Preclusion of Other Employment

Class Counsel consists of two solo practitioners. Doc. 63 at 12. As a result, Class Counsel "was limited in the ability to undertake other employment or devote time to other matters due to the hours required to prosecute this action" which "support[s] the requested attorney's fees." *Tweedie*, 2021 WL 5843111, at *9.

### (5) The Customary Fee and (12) Awards in Similar Cases

The requested fee of 24.88% of the total settlement fund is reasonable when compared to other TCPA class actions. *See, e.g., James v. JPMorgan Chase Bank, N.A.*, No. 8:15-cv-2424-T-23JSS, 2017 WL 2472499, at *2 (M.D. Fla. June 5, 2017) (awarding 30% in TCPA class action); *Cooper*, 2015 WL 4623700 at *3 (awarding total

6

fees, costs, and expenses of 27.78% in TCPA class action). As discussed, it also falls within the range of presumptive reasonableness. *See In re Blue Cross Blue Shield Antitrust Litig.*, 85 F.4th at 1100. These factors weigh in favor of approving the requested fees.

### (6) Whether the Fee is Fixed or Contingent

Class Counsel have not submitted any fee agreement but represent that they took this case on a contingency arrangement, Doc. 63 at 13, which is common in TCPA cases. *Cooper*, 2015 WL 4623700 at *2. "A contingency fee arrangement often justifies an increase in the award of attorneys' fees." *Gibbs v. Centerplate, Inc.*, No. 8:17-cv-02187-EAK-JSS, 2018 WL 6983498, at *7 (M.D. Fla. Dec. 28, 2018) (citation omitted), *report and recommendation adopted*, 2019 WL 1093441 (M.D. Fla. Jan. 7, 2019). "Without the 'bonus' from a contingency fee arrangement, 'very few lawyers could take on the representation of a class client given the investment of substantial time, effort, and money, especially in light of the risks involved in recovering nothing.'" *Lamones*, 2018 WL 8578301, at *2 (citation omitted); *see also Tweedie*, 2021 WL 5843111, at *9. The contingency arrangement required counsel to defer any compensation and risk not prevailing and potentially not recovering anything. *See Tweedie*, 2021 WL 5843111, at *9; *Lamones*, 2018 WL 8578301, at *2. This factor weighs in favor of approving the requested fees.

### (7) Time Limitations Imposed by the Clients or the Circumstances

There is no indication this factor was an issue in this case; therefore, it is neutral. *See Western Sizzlin Franchise Corporation v. Maali*, No. 6:16-cv-2193-Orl-28GJK, 2018

WL 3843960, at *5 (M.D. Fla. July 23, 2018), *report and recommendation adopted*, 2018 WL 4381169 (M.D. Fla. Aug. 13, 2018).

### (8) The Amount Involved and the Results Obtained

The settlement allows class members to receive approximately $97.50 per National Class Member, and $400 per Florida Subclass Member, providing significant relief for each class member, negotiated with a skilled mediator. *See Cooper*, 2015 WL 4623700, at *2; *see also Tweedie*, 2021 WL 5843111, at *9. This factor weighs in favor of approving the requested fees.

### (10) The Undesirability of the Case

The Motion concedes "most competent and capable TCPA attorneys would have taken this case, if given the opportunity" such that this factor supports a downward fee adjustment. Doc. 63 at 14-15.

### (11) The Nature and Length of the Professional Client Relationship

There is no indication this factor was an issue in this case; therefore, it is neutral. *See Flores v. Acorn Stairlifts, Inc.*, No. 6:19-cv-844-Orl-40GJK, 2020 WL 9549901, at *4 (M.D. Fla. June 22, 2020), *report and recommendation adopted*, 2020 WL 9549900 (M.D. Fla. June 26, 2020).

### Summary of *Johnson* Factors

Nearly all the *Johnson* factors support the fee request or are neutral. On balance, those supporting the request outweigh the one factor weighing slightly against it. *See Cooper*, 2015 WL 4623700, at *2. Accordingly, Class Counsel's request of $103,705.75,

or 24.88% of the total settlement fund, is reasonable.

**b. Costs**

"Courts typically allow counsel to recover their reasonable out-of-pocket expenses. Indeed, courts normally grant expense requests in common fund cases as a matter of course." *Hanley*, 2020 WL 2517766, at *6. The costs here are roughly 2% of the total settlement fund, which is a reasonable and normal expenditure as a percentage of the total recovery amount. *See id.* Moreover, Class Counsel submitted declarations itemizing and supporting the requested expenses. Doc. 63-1 at ¶ 9; Doc. 63-2 at ¶ 8; *see also Hanley*, 2020 WL 2517766, at *6.

Class Counsel seeks reimbursement of $8,310.40, mostly incurred at mediation (including the mediator's fee and travel and lodging expenses for mediation). The remainder of the expenses are for the filing fee, service of process, *pro hac vice* fees, and computerized legal research. Doc. 63-1 at ¶ 9. In general, these expenses appear reasonable and appropriate for reimbursement. *See Gibbs*, 2018 WL 6983498, at *9 ("Class Counsel submitted a summary of their expenses ..., the majority of which were filing fees and mediation expenses.... The costs sought are recoverable as reasonable and necessary out-of-pocket expenses incurred in the course of activities that benefitted the class."); *James*, 2017 WL 2472499, at *2 ("The expenses, which include mediation, *pro hac vice* admission fees, and travel expenses incurred 'in connection with this matter,' appear reasonable.").

One potential exception is the request for $48.00 in legal research. Doc. 63-1 at

¶ 9. Courts have expressed "differing views on this issue," and I perceive potential merit in the "opinion that expenses for computerized legal research are part of the general overhead of a law firm and are not compensable." *See In re Saf T Lok, Inc. Sec. Litig.*, No. 02-80252-CIV, 2005 WL 8156138, at *10 (S.D. Fla. June 29, 2005). But I need not evaluate whether and to what extent research expenses may or may not be reimbursable in another context. The amount requested for legal research in this case is small and has been limited to only out-of-plan costs, suggesting expenses in this instance are less akin to general overhead. For that reason, and because courts in this district have allowed reimbursement of computer-research expenses—which do benefit the class and are incurred in the ordinary course of litigation—I recommend approval here. *See Kukorinis v. Walmart, Inc.*, No. 8:22-CV-2402-VMC-TGW, 2024 WL 3226772, at *13 (M.D. Fla. June 28, 2024); *In re Health Ins. Innovations Sec. Litig.*, No. 8:17-cv-2186-TPB-SPF, 2021 WL 1341881, at *13 (M.D. Fla. Mar. 23, 2021), *report and recommendation adopted*, 2021 WL 1186838 (M.D. Fla. Mar. 30, 2021); *see also Lamones*, 2018 WL 8578301, at *4. Accordingly, the requested costs of $8,310.40 are reasonable.

Finally, the Motion requests "reasonable costs incurred, if any, related to the final approval hearing." Doc. 63 at 4. Plaintiff states "Plaintiff's counsel will provide these reasonable additional costs, if any, at the final approval hearing. Per the settlement, however, in no circumstances may requested or awarded costs exceed $10,000." *Id.* at 4 n.1.

Though reasonable costs related to the final approval hearing may be reimbursable, the Motion provides no certainty as to whether any such costs will be incurred nor estimate of what costs may be incurred. *See Mahoney v. TT of Pine Ridge, Inc.*, No. 17-80029-CIV, 2017 WL 9472860, at *12 (S.D. Fla. Nov. 20, 2017). Insofar as Plaintiff's counsel has committed to providing any additional costs at the final approval hearing, in recommending that the Motion be granted I express no view on the reasonableness at this time of any future costs.

## IV.   Conclusion

For the foregoing reasons, I respectfully **recommend** that the Motion (Doc. 63) be **granted**.

## Notice

"Within 14 days after being served with a copy of [a] recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations impacts the scope of review by a district judge and by an appellate court. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C); 11th Cir. R. 3-1. "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). "A party failing to object to a magistrate judge's findings or recommendations contained in a report and

recommendation ... waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions[.]" 11th Cir. R. 3-1.

      **DONE AND ENTERED** in Jacksonville, Florida, on September 6, 2024.

                                          _____

                                          Samuel J. Horovitz
                                          United States Magistrate Judge

Copies to:

The Honorable Brian J. Davis, United States District Judge

Counsel of Record