### SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release is entered into between and among Plaintiff Rajesh Verma ("Plaintiff"), on behalf of himself and all Settlement Class Members as defined herein on the one hand, and Walden University, LLC ("Walden" or "Defendant"), on the other. Plaintiff and Walden are referred to individually in this Settlement Agreement as a "Party" and collectively as the "Parties."

## 1.  RECITALS

1.1.  On June 6, 2022, Plaintiff filed a class action complaint against Walden, alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), arising from the alleged receipt of phone calls, which was removed to the United States District Court for the Middle District of Florida (the "Court") on July 14, 2022. On March 2, 2023, Plaintiff filed an amended class action complaint asserting an additional claim under the Florida Telephone Solicitation Act, Fla. Stat. 501.059 ("FTSA").

1.2.  In 2023, the Parties agreed to mediate the case. The Parties met with mediator Terry White on September 18, 2023, and conducted an all-day, arm's-length mediation. The Parties agreed that day to settle this action on a class basis, as delineated herein.

1

1.3.   Walden maintains that it has substantial legal defenses to all claims and class allegations in the Litigation. Without admitting any liability or wrongdoing whatsoever, Walden agrees to the terms of this Settlement Agreement in order to resolve the claims Plaintiff and the class assert against Walden in the Litigation.

## 2.   DEFINITIONS

As used herein, the following terms have the meanings set forth below.

2.1.   "Affiliate" of an entity means any person or entity that controls, is controlled by, or is under common control with such entity, including any parents or subsidiaries.

2.2.   "Approved Claim" means a Claim submitted by a Settlement Class Member that is timely submitted in accordance with the directions on the Claim Form and the terms of this Settlement Agreement.

2.3.   "Attorneys' Fees and Expenses" means such funds as may be awarded to Class Counsel by the Court to compensate them (and all other attorneys for Plaintiff or the Settlement Class) for their fees and all expenses incurred by Plaintiff or Class Counsel in connection with the Litigation.

2.4.   "Claim" means a written request for Settlement Relief submitted by a Settlement Class Member to the Settlement Administrator, pursuant to

the Claim Form in a form substantially similar to one of the documents attached as <u>Exhibit C</u> to this Settlement Agreement or as ultimately approved by the Court.

2.5. "Claim Form" means a set of documents in forms substantially similar to <u>Exhibit C</u> to this Settlement Agreement or as ultimately approved by the Court.

2.6. "Claimant" means any Settlement Class Member who submits an Approved Claim pursuant to this Settlement Agreement.

2.7. "Class Counsel" means Jeremy Glapion of The Glapion Law Firm and Eric Kem of Eric Kem Injury Lawyers.

2.8. "Class Notice" means the program of notice described in Section 6 of this Settlement Agreement to be provided to potential Settlement Class Members, including the Email Notice and Website Notice on the Settlement Website, which will notify potential Settlement Class Members about, among other things, their rights to opt out or object to the Settlement, the preliminary approval of the Settlement, the manner by which to submit a Claim, and the scheduling of the Final Approval Hearing.

2.8.1.  "Email Notice" means the notice that is emailed by the Settlement Administrator to potential Settlement Class Members, in a form substantially similar to <u>Exhibit A</u> to this Settlement Agreement and/or as ultimately approved by the Court.

2.8.2.  "Website Notice" means the long form notice that is available to Settlement Class Members on the Settlement Website, in a form substantially similar to <u>Exhibit B</u> to this Settlement Agreement and/or as ultimately approved by the Court.

2.9.  "Days" means calendar days, except that, when computing any period of time prescribed or allowed by this Settlement Agreement, the day of the act, event, or default from which the designated period of time begins to run shall not be included.  Further, when computing any period of time prescribed or allowed by this Settlement Agreement, the last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday, in which event the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday.

2.10. "Deadlines" As used herein, the Parties agree to the following deadlines, subject to Court approval:

2.10.1.      "Notice Deadline" means the last day for the Settlement Administrator to send Email Notice to potential Settlement Class

Members. The Notice Deadline shall be not less than forty-five (45) Days after the Court's Preliminary Approval Order.

2.10.2.      "Fee Motion Deadline" means the last day for Plaintiff to file a motion for an award of Attorneys' Fees and Expenses. The Fee Motion shall be filed not later than thirty (30) Days after the Notice Deadline.

2.10.3.      "Objection Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Settlement Class Member must serve written objections, if any, to the Settlement in accordance with Section 12 of this Settlement Agreement to be able to object to the Settlement.  The Objection Deadline shall be not later than ninety (90) Days after the Notice Deadline.

2.10.4.      "Opt Out Deadline" means the date identified in the Preliminary Approval Order and Class Notice by which a Request for Exclusion must be filed in writing with the Settlement Administrator in accordance with Section 11 of this Settlement Agreement in order for a potential Settlement Class Member to be excluded from the Settlement Class.  The Opt Out Deadline shall be no later than ninety (90) Days after the Notice Deadline.

2.10.5.      "Claim Deadline" means the last date by which a Claim

submitted to the Settlement Administrator by a Settlement Class

Member must be postmarked or submitted electronically, which

will be ninety (90) Days after the Notice Deadline.  All Claims

postmarked or submitted electronically at the Settlement Website

on or before the Claim Deadline shall be timely, and all Claims

postmarked or submitted electronically at the Settlement Website

after the Claim Deadline shall be untimely and barred from

entitlement to any Settlement Relief.

2.10.6.      "Final Approval Motion Deadline" means the date by which

Class Counsel shall file the motion seeking final approval of the

Settlement.  The Final Approval Motion Deadline shall be no later

than one-hundred (100) Days after the Notice Deadline.

2.11. "Defense Counsel" means Aaron Weiss and Charles Throckmorton of the

law firm of Carlton Fields, P.A.

2.12. "Final" with respect to the Final Approval Order, the Judgment, and any

award of Attorneys' Fees and Expenses means that the time for appeal or

writ review has expired or, if an appeal or petition for review is taken and

dismissed or the Settlement (or award of Attorneys' Fees and Expenses)

is affirmed, the time period during which further petition for hearing,

6

appeal, or writ of certiorari can be taken has expired.  If the Final Approval Order and/or Judgment is set aside, modified, or overturned by the Court or on appeal, and is not fully reinstated on further appeal, the Final Approval Order and/or Judgment shall not become Final.

2.13. "Final Approval" means the entry of the Judgment after the Final Approval Hearing.

2.14. "Final Approval Order" means the Order Granting Final Approval of Class Action Settlement and Dismissing Class Plaintiff's Claims, to be entered by the Court pursuant to the Settlement.

2.15. "Final Approval Hearing" means the hearing held by the Court to determine whether the terms of this Settlement Agreement are fair, reasonable, and adequate for the Settlement Class as a whole, and whether the Final Approval Order and the Judgment should be entered. The Parties shall seek to have the Final Approval Hearing on a date not earlier than one hundred and twenty (120) Days after the Notice Deadline.

2.16. "Final Settlement Date" means the earliest date on which both the Final Approval Order and the Judgment are Final (as defined in Section 2.12). If no appeal has been taken from the Final Approval Order or the

Judgment, the Final Settlement Date means the day after the last date on which either the Final Approval Order or the Judgment could be appealed. If any appeal has been taken from the Final Approval Order or from the Judgment, the Final Settlement Date means the date on which all appeals of either the Final Approval Order or the Judgment, including petitions for rehearing, petitions for rehearing en banc, and petitions for certiorari or any other form of review, have been finally disposed of in a manner that affirms the Final Approval Order and the Judgment.

2.17. "Judgment" means the judgment to be entered by the Court pursuant to the Final Approval Order.

2.18. "Litigation" means the case captioned *Verma v. Walden University,* LLC, No. 3:22-cv-00776-BJD-JBT (M.D. Fla.).

2.19. "Notice and Administrative Costs" means all reasonable and authorized costs and expenses of disseminating and publishing the Class Notice in accordance with the Preliminary Approval Order, and all reasonable and authorized costs and expenses incurred by the Settlement Administrator in administering the Settlement, including but not limited to costs and expenses associated with assisting Settlement Class Members, processing claims, escrowing funds, and issuing and mailing Settlement Relief.

2.20. "Plaintiff" means Rajesh Verma.

2.21. "Preliminary Approval Application" means Plaintiff's motion for the Court to approve the Settlement preliminarily and to enter the Preliminary Approval Order, including all exhibits and documents attached thereto.

2.22. "Preliminary Approval Order" means the order (once entered by the Court) in a form substantially similar to <u>Exhibit D</u> to this Settlement Agreement and providing for, among other things, preliminary approval of the Settlement as fair, reasonable, and adequate; preliminary certification of the Settlement Class for settlement purposes only; dissemination of the Class Notice to potential Settlement Class Members; and a finding that the proposed Class Notice is reasonably calculated to apprise potential Settlement Class Members of the material terms of the proposed Settlement, and potential Settlement Class Members' options and rights with respect thereto.

2.23. "Release" or "Releases" means the releases of all Released Claims by the Releasing Persons against the Released Person

2.24. "Released Claims" means the Claims released as provided for in Section 10 of the Settlement Agreement.

2.25. "Released Persons" means Walden and each of its Affiliates, including but not limited to, each entity's divisions, corporate parent(s) (including AdTalem Global Education), subsidiaries (whether direct or indirect), predecessors, investors, and other schools or entities operating under the AdTalem umbrella, whether past or present, along with all of the officers, directors, managers, employees, agents, brokers, insurers, distributors, representatives and clients, whether past or present, of any of the foregoing entities.

2.26. "Releasing Persons" means Plaintiff, all Settlement Class Members, and anyone claiming through them such as heirs, next-of-kin, administrators, executors, personal representatives, successors, and assigns.

2.27. "Request for Exclusion" means a written request from a potential Settlement Class Member that seeks to exclude the potential Settlement Class Member from the Settlement Class and that complies with all requirements in Section 11 of this Settlement Agreement.

2.28. "Settlement" means the settlement set forth in this Settlement Agreement.

2.29. "Settlement Administrator" means a third-party agent or administrator selected by the parties to help implement and effectuate the terms of this Settlement Agreement.

2.30. "Settlement Agreement" means this Settlement Agreement and Release, including all exhibits thereto.

2.31. "Settlement Class" "National Class" or "Florida Class" respectively mean the classes of persons that will be certified by the Court for settlement purposes only, as more fully described in Section 3.1 herein.

2.32. "Settlement Class Member" or "Class Member" means any person who falls within the definition of either Settlement Class and who has not submitted a valid Request for Exclusion.

2.33. "Settlement Class Period" shall commence on June 6, 2018 through and including the date the Court enters the Preliminary Approval Order.

2.34. "Settlement Class Recovery" means the amount of the Settlement Fund available for distribution to Claimants.

2.35. "Settlement Fund" means the collective amount of money to be paid by Walden to the Settlement Administrator pursuant to Section 4.1 of this Settlement Agreement.

2.36. "Settlement Relief" means the payment to be made from the Settlement Fund to Settlement Class Members who submit Approved Claims.

2.37. "Settlement Website" means the Internet site created by the Settlement Administrator pursuant to Section 6.3 of this Settlement Agreement, which shall have the Uniform Resource Locator of www.WaldenTCPASettlement.com, or similar.

2.38. "Settling Parties" means, collectively, Walden, Plaintiff, and all Releasing Persons.

## 3. CLASS DEFINITION AND CONDITIONS AND OBLIGATIONS RELATING TO THE EFFECTIVENESS OF THE SETTLEMENT

3.1.    The Classes shall be defined as follows:

3.1.1. The "National Class":

Since June 6, 2018, all persons to whose telephone number Defendant placed (or had placed on its behalf) more than one telephone call in a 12-month period for the purpose of encouraging enrollment in or providing information about Walden University, after that person had asked Defendant to stop calling.

3.1.2. The "Florida Class":

Since July 1, 2021, all persons to whose telephone number with a Florida area code Defendant placed (or had placed on its behalf) a telephone call for the purpose of encouraging enrollment in or providing information about Walden University after that person had asked Defendant to stop calling.

3.2.   Walden represents that the National Class contains approximately 3,773 individuals total, and that the Florida Class contains approximately 123 individuals.

    3.2.1.  These numbers will be finalized on or before the Notice Deadline.

    3.2.2.  If, subsequent to the Notice Deadline, additional persons meeting either class definition are discovered and those persons were not provided Notice by the Notice Deadline, those additional persons shall not be bound by this Settlement, and nothing herein shall be applicable to those persons.

3.3.   Excluded from each Class are Walden's agents and employees, and any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families.

3.4.   This Settlement Agreement is expressly contingent upon the satisfaction, in full, of the material conditions set forth below. In the event that the Settlement is not finally approved, either Plaintiff or Walden shall be entitled to void the Settlement, and will be refunded any money that has not yet been expended.

3.5.   <u>Condition No. 1: Court Approval</u>. The Settlement must be approved by the Court in accordance with the following steps:

3.5.1. <u>Application for Preliminary Approval of Proposed Settlement, Class Certification, and Class Notice</u>.  Class Counsel will present a Motion for Preliminary Approval to the Court within seven (7) Days of the execution of this Settlement Agreement, or as otherwise set by the Court. The Preliminary Approval Motion shall include Class Notice, in forms substantially similar to Exhibits A and B to this Settlement Agreement. The Settling Parties shall, in good faith, take reasonable steps to secure expeditious entry by the Court of the Preliminary Approval Order.

3.5.2. <u>Settlement Class Conditional Certification</u>.  In connection with the proceedings on Preliminary and Final Approval of the proposed Settlement and solely for the purposes of settlement, providing Class Notice and implementing this Settlement Agreement, Plaintiff shall seek (and Walden will not oppose) orders (preliminary and final, respectively) certifying the Settlement Class pursuant to Rule 23 of the Federal Rules of Civil Procedure for settlement purposes only. If the Settlement is not finalized or finally approved by the Court for any reason whatsoever, the certification of the Settlement Class is voidable by any Party, the Litigation will return to its status as it existed prior to this Settlement Agreement, and no doctrine of waiver, estoppel or

preclusion will be asserted in any litigated class certification proceedings or otherwise asserted in any other aspect of the Litigation or in any other proceeding.

3.5.3. <u>CAFA Notice</u>. Walden shall be responsible for causing timely compliance with the notice requirements of the Class Action Fairness Act, 28 U.S.C. § 1715(b). No later than ten (10) Days before the Final Approval Hearing, Walden shall file with the Court one or more declarations stating that these notice obligations have been complied with.

3.5.4. <u>Entry of Preliminary Approval Order</u>. The Parties will request that the Court enter a Preliminary Approval Order in a form substantially similar to <u>Exhibit D</u> to this Settlement Agreement, which shall, among other things:

(a)    Certify for purposes of settlement a nationwide Settlement Class, approving Plaintiff as class representative and appointing Class Counsel, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(b)    Preliminarily approve the Settlement as fair, reasonable and adequate;

(c)    Order the issuance of Class Notice to the Settlement Class, and determine that such Class Notice complies with all legal

requirements, including, but not limited to, the Due Process Clause of the United States Constitution;

(d)     Schedule a date and time for a Final Approval Hearing to determine whether the Preliminary Approval Order should be finally approved by the Court;

(e)     Require Settlement Class Members who wish to be excluded to submit an appropriate and timely written request for exclusion by the Opt-Out Deadline, as directed in the Settlement Agreement and Class Notice, and advise that a failure to do so shall bind those Settlement Class Members who remain in the Settlement Class;

(f)     Require Settlement Class Members who wish to object to the Settlement Agreement to submit an appropriate and timely written statement by the Objection Deadline, as directed in the Settlement Agreement and Class Notice, and advise that a failure to do so shall prevent those Settlement Class Members from doing so;

(g)     Authorize the Settling Parties to take all necessary and appropriate steps to establish the means necessary to implement the Settlement Agreement; and

(h)     Issue related orders to effectuate the preliminary approval of the Settlement Agreement.

3.5.5. <u>Issuance of Class Notice</u>.  Pursuant to the Preliminary Approval Order to be entered by the Court, the Settlement Administrator shall cause the Class Notice to be issued in accordance with Section 6 below.

3.5.6. <u>Final Approval Hearing</u>.  In connection with the Preliminary Approval Application, the Parties shall request that the Court schedule and conduct a hearing after dissemination of Class Notice, at which time it will consider whether the Settlement is fair, reasonable, and adequate pursuant to Rule 23 of the Federal Rules of Civil Procedure. Specifically, Plaintiff, after good faith consultation with Defense Counsel, shall request that, on or after the Final Approval Hearing, the Court: (i) enter the Final Approval Order and the Judgment; and (ii) determine the Attorneys' Fees and Expenses that should be awarded to Class Counsel as contemplated in the Settlement Agreement. The Settling Parties agree to support entry of the Final Approval Order and the Judgment. The Settling Parties will reasonably cooperate with one another in seeking entry of the Final Approval Order and of the Judgment.

3.6. <u>Condition No. 2:  Finality of Judgment</u>.  The Final Approval Order and the Judgment must become Final in accordance with Section 2.12 above, and shall, among other things:

(a)     Find that (1) the Court has personal jurisdiction over all Settlement Class Members; (2) the Court has subject matter jurisdiction over the claims asserted in this Litigation; and (3) venue is proper;

(b)     Finally approve the Settlement Agreement, pursuant to Rule 23 of the Federal Rules of Civil Procedure, as fair, reasonable, and adequate;

(c)     Finally certify the Settlement Class for settlement purposes only;

(d)     Find that the form and means of disseminating the Class Notice complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

(e)     Enter the Final Approval Order and the Judgment with respect to the claims of all Settlement Class Members and dismiss the claims of all Settlement Class Members with prejudice;

(f)     Make the Releases in Section 10 of the Settlement Agreement effective as of the date of Final Approval;

(g)     Permanently bar Plaintiff and all Settlement Class Members who have not opted out of the Settlement from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction based on any of the Released Claims;

(h)     Find that, by operation of the entry of the Judgment, Plaintiff and all Settlement Class Members who have not opted out of the Settlement shall be deemed to have forever released, relinquished, and discharged the Released Persons from any and all Released Claims;

(i)     Authorize the Settling Parties to implement the terms of the Settlement Agreement, including entry of an injunction as described herein;

(j)     Retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Approval Order, and the Judgment, and for any other necessary purpose; and

(k)     Issue related orders to effectuate the Final Approval of the Settlement Agreement and its implementation.

## 4. SETTLEMENT CONSIDERATION, BENEFITS, AND OTHER RELIEF

4.1.  In consideration for the Releases set forth in Section 10, within fourteen (14) days of Final Approval of the Settlement, and after receiving specific payment instructions and all required tax information from the Class

Administrator and all information needed to determine the identities of Claimants, Walden will deposit the sum of any awarded Attorneys' Fees and Costs, the costs of administration plus an amount necessary to cover a good faith estimate of the cost of remaining work to be done from the Settlement Administrator, plus $97.50 per Approved Claim from a member of the National Class and $400.00 per Approved Claim from a member of the Florida Class, into an interest-bearing escrow account maintained by the Settlement Administrator. This collected sum shall constitute the "Settlement Fund." The Settlement Administrator will hold these amounts until such time as the Parties authorize the distribution of payments to Claimants.

4.1.1. The Court shall retain continuing jurisdiction over the Settlement Fund sufficient to satisfy the requirements of 26 C.F.R. § 1.468B-1. The Settlement Administrator shall at all times seek to have the Settlement Fund treated as a "qualified settlement fund" as that term is defined in 26 C.F.R. § 1.468B-1. The Settlement Administrator shall cause any taxes imposed on the earnings of the Settlement Fund, if any, to be paid out of such earnings and shall comply with all tax reporting and withholding requirements imposed on the Settlement Fund under applicable tax laws. The

Settlement Administrator shall be the "administrator" of the Settlement Fund pursuant to 26 C.F.R. § 1.468B-2(k)(3).

4.1.2. Each Claimant, upon successful completion of a claim form and verification by the Settlement Administrator, shall be entitled to receive Settlement Relief. Any member of the National Class who submits a valid claim shall be entitled to receive a payment of $97.50. Any member of the Florida Class who submits a valid claim shall be entitled to receive a payment of $400.00. Any member of the Florida Class with an Approved Claim is not eligible to also receive a payment as a member of the National Class. No interest shall be included as an element of, or be payable or paid on, any claimed amount.

4.1.3. All payments issued to Claimants via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) Days after the date of issuance.

4.1.4. If after distributing payments, any cash remains from uncashed checks after ninety (90) days after the date of issuance of the checks, those amounts will be returned to Walden.

4.1.5. If for any reason the Final Approval Order and/or the Judgment does not become Final within the meaning of Section 2.12, all money in the Settlement Fund, including the interest

accumulated, shall be returned to Walden within five (5) Days after the occurrence of the condition or event that prevents the Final Approval Order and/or the Judgment from becoming Final.

## 5.   RETENTION OF SETTLEMENT ADMINISTRATOR AND COSTS

5.1.   The parties propose American Legal Claim Services, LLC as the Settlement Administrator, to process claims, field calls and correspondence from Settlement Class Members, and disburse amounts from the Settlement Fund.

5.2.   All Notice and Administrative Costs will be paid from the Settlement Fund.

5.3.   The Settlement Administrator shall administer the Settlement in a cost-effective and timely manner. Without limiting any of its other obligations as stated herein, the Settlement Administrator shall be responsible for Email Notice, Website Notice, the Settlement Website, administration of Settlement Relief, and providing all other related support, reporting, and administration as further stated in this Settlement Agreement.

5.4.   Plaintiff will coordinate with the Settlement Administrator to provide Email Notice and Website Notice to the Settlement Class, as provided in this Settlement Agreement, with Walden's cooperation and participation.

5.5.  W-9 Forms. The Settlement Administrator shall complete and provide to Walden any W-9 forms necessary for Walden to implement this Settlement.

## 6.   NOTICE TO THE CLASS

6.1.  <u>Email Notice</u>:   Within seven (7) days of Preliminary Approval, the administrator shall be provided a list of names and e-mail addresses for the National Class and Florida Class members by Walden, which will be known as the "Notice List." Subject to the requirements of the Preliminary Approval Order, the Settlement Administrator shall disseminate direct Email Notice, in the form attached as <u>Exhibit A</u>, via email to all persons on the Notice List.

   6.1.1.  The Email Notices shall all be sent not less than forty-five (45) Days after the Court's Preliminary Approval Order.

6.2.  <u>Settlement Website</u>:  No later than the dissemination of the Email Notice, the Settlement Administrator shall establish a Settlement Website which shall contain the Website Notice, in a form substantially similar to <u>Exhibit B</u> to this Settlement Agreement, copies of this Settlement Agreement and Exhibits, and the Email Notice. The Settlement Website shall also contain instructions and a Claim Form which may be downloaded or printed from the Internet site.  The Settlement Website shall have a Uniform Resource

Locator    which    identifies    the    Settlement    Website    as
www.WaldenTCPASettlement.com or similar.

6.2.1. The Settlement Website shall remain open and accessible for not
less than thirty (30) Days after the last day to cash any check
drawn on the Settlement Fund. Settlement Class Members shall
also have the option of completing their Claim Form online.

6.2.2. All costs associated with the Settlement Website will be paid from
the Settlement Fund.

## 7. CLAIM FILING, REVIEW, AND APPROVAL PROCESS

7.1. <u>Claim Filing Process</u>. Settlement Class Members may make one claim per
associated unique telephone number called, with the exception that any
member of the Florida Class who makes a valid claim for recovery as a
member of the Florida Class will be ineligible to also receive payment as
a member of the National Class if that individual is also a member of the
National Class and makes a claim to receive a National Class payment.
Settlement Class Members shall be permitted to make a Claim for
Settlement Relief in one of two ways:

(a)    By mailing (either through posting with the United States
Postal Service or through a private mail carrier, such as UPS
or FedEx, provided that proof of the mail date is reflected on

24

the label of the mailing) a written Claim Form providing the required information, to the Settlement Administrator, on a date no later than the Claim Deadline. A written Claim Form will also be available on the Settlement Website for Settlement Class Members to download or print out and mail to the Settlement Administrator pursuant to this Section; or

(b)   By completing an online Claim Form within the Settlement Website.

7.2.   Any Settlement Class Member who does not properly submit a completed Claim Form on or before the Claim Deadline shall be deemed to have waived any claim to Settlement Relief and any such Claim Settlement Form will be rejected.

7.3.   <u>Claim Review Process</u>.   As soon as practicable, the Settlement Administrator shall confirm that each Claim Form submitted is in the form required, that each Claim Form was submitted in a timely fashion, and that the person submitting the Claim is a member of the Settlement Class.

7.4.   <u>Notification</u>.   Within ten (10) Days after the Claim Deadline, the Settlement Administrator shall provide Class Counsel and Walden with

a list of all Settlement Class Members who filed a Claim, whether the Claim was rejected or accepted, and if rejected, the reason it was rejected. The Parties will use their best efforts to amicably resolve any dispute about the processing of any Claim.

7.5.   The Settlement Administrator shall have sixty (60) Days after the Final Settlement Date within which to process the Claims and remit the appropriate Settlement Relief amounts by check to Claimants from the Settlement Fund.

## 8.  COVENANTS

The Settling Parties covenant and agree as follows:

8.1.   <u>Covenant Not to Sue</u>.   Plaintiff and the Settlement Class Members covenant and agree not to file, commence, prosecute, intervene in, or participate in (as class members or otherwise) any action in any jurisdiction based on any of the Released Claims against any of the Released Persons. The foregoing covenant and this Settlement Agreement shall be a complete defense to any of the Released Claims against any of the Released Persons.

8.2.   <u>Cooperation</u>.   The Settling Parties agree to cooperate reasonably and in good faith with the goal of obtaining entry of a Final Approval Order and

a Judgment as quickly as is reasonably practicable and expeditiously reaching agreement on the matters requiring mutual agreement as set forth in this Settlement Agreement, including, but not limited to, the expeditious agreement to the terms of all class notice documents and settlement administration protocols, and the preparation and execution of all other reasonable documents necessary to achieve Final Approval of the Settlement by the Court.

## 9.   REPRESENTATIONS AND WARRANTIES

9.1.   Plaintiff's Representations and Warranties.

    9.1.1.   Plaintiff represents and warrants that he is the sole and exclusive owner of all of his own Released Claims and has not assigned or otherwise transferred any interest in any of his Released Claims against any of the Released Persons, and further covenants that he will not assign or otherwise transfer any interest in any of his Released Claims.

    9.1.2.   Plaintiff represents and warrants that he has no surviving claim or cause of action against any of the Released Persons with respect to any of the Released Claims.

9.2.   The Settling Parties' Representations and Warranties.   The Settling Parties, and each of them on his, her, or its own behalf only, represent and

warrant that they are voluntarily entering into the Settlement Agreement as a result of arm's-length negotiations among their counsel, that in executing the Settlement Agreement, they are relying solely upon their own judgment, belief, and knowledge, and the advice and recommendations of their own independently selected counsel, concerning the nature, extent and duration of their rights and claims hereunder and regarding all matters which relate in any way to the subject matter hereof; and that, except as provided herein, they have not been influenced to any extent whatsoever in executing the Settlement Agreement by representations, statements, or omissions pertaining to any of the foregoing matters by any Party or by any person representing any Party to the Settlement Agreement. Each of the Settling Parties assumes the risk of mistake as to facts or law.

## 10. Releases.

10.1. <u>Released Claims of Settlement Class</u>.  Upon Final Approval, each member of the Settlement Class (i.e., the Florida Class and National Class) shall, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Parties in all capacities, including individual and trustee capacities, from any and all Released Claims.

10.1.1 Upon Final Approval, Walden University shall be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged Rajesh Verma, as well as his agents and attorneys, for all claims related to the Litigation.

10.2. "Released Claims" means any and all TCPA, FTSA, or other state law analog claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory that exist as of the date of the Preliminary Approval Order, arising out of calls or text messages initiated by the Released Parties or their representatives to the Class Members.

10.3. The administration and consummation of the Settlement as embodied in this Settlement Agreement shall be under the authority of the Court. The Court shall retain jurisdiction to protect, preserve, and implement the Settlement Agreement, including, but not limited to, enforcement of the

Releases contained in this Settlement Agreement. The Court shall retain jurisdiction in order to enter such further orders as may be necessary or appropriate in administering and implementing the terms and provisions of the Settlement Agreement.

10.4. Upon entry of the Final Approval Order and the Judgment: (i) the Settlement Agreement shall be the exclusive remedy for any and all Settlement Class Members, except those who have properly requested exclusion (opted out) in accordance with the terms and provisions hereof; (ii) the Released Persons shall not be subject to liability or expense for any of the Released Claims to any Settlement Class Member(s) except as set forth in this Settlement Agreement; and (iii) Settlement Class Members who have not opted out shall be permanently barred from filing, commencing, prosecuting, intervening in, or participating in (as class members or otherwise) any action in any jurisdiction against any of the Released Persons based on any of the Released Claims.

10.5. Nothing in this Settlement Agreement shall preclude any action to enforce the terms of the Settlement Agreement, including participation in any of the processes detailed therein. The Releases set forth herein are not intended to include the release of any rights or duties of the Settling

Parties arising out of the Settlement Agreement, including the express warranties and covenants contained herein.

## 11. OPT-OUT RIGHTS.

11.1. A potential Settlement Class Member who wishes to opt out of the Settlement Class must complete and send to the Settlement Administrator a Request for Exclusion that is postmarked no later than the Opt Out Deadline. The Request for Exclusion must: (a) identify the name and address of the potential Settlement Class Member requesting exclusion; (b) provide the phone number at which that potential Settlement Class Member was called; (c) be personally signed by the potential Settlement Class Member requesting exclusion; and (d) contain a statement that reasonably indicates a desire to be excluded from the Settlement.

11.2. Any potential member of the Settlement Class who properly opts out of the Settlement Class shall: (a) not be bound by any orders or judgments relating to the Settlement; (b) not be entitled to relief under, or be affected by, this Settlement Agreement; (c) not gain any rights by virtue of this Settlement Agreement; and (d) not be entitled to object to any aspect of the Settlement.

11.3. The Settlement Administrator shall provide Class Counsel and Defense Counsel with a list of all timely Requests for Exclusion within seven (7) Days after the Opt Out Deadline.

11.4. Except for those members of the Settlement Class who timely and properly file a Request for Exclusion in accordance with Section 11, all other members of the Settlement Class will, upon Final Approval, be bound by its terms, regardless of whether they receive any monetary relief or any other relief.

11.5. Settlement Termination Provision.   If 5% (five percent) or more of the combined Settlement Class Members (i.e. 5% of the combined number of Florida and National Class members) properly and timely file Requests for Exclusion, then Walden may elect to terminate the Settlement, rendering the Settlement Agreement null and void, by delivering written notice to Class Counsel and the Settlement Administrator. In such a circumstance, the Parties agree to conduct an additional mediation by Zoom to determine if and how the Settlement can be revised.

## 12. OBJECTIONS.

12.1. Overview.  Any potential Settlement Class Member who does not opt out of the Settlement will be a Settlement Class Member and may object to

the Settlement. To object, the Settlement Class Member must comply with the procedures and deadlines in this Settlement Agreement.

12.2. <u>Process</u>.   Any Settlement Class Member who wishes to object to the Settlement must do so in writing on or before the Objection Deadline, as specified in the Class Notice and Preliminary Approval Order. The written objection must be filed with the Clerk of Court, and mailed (with the requisite postmark) to Class Counsel and Defense Counsel (at the addresses identified in Section 18), no later than the Objection Deadline.

12.2.1.       The requirements to assert a valid written objection shall be set forth in the Class Notice and on the Settlement Website, and, to be valid, the written objection must include: (a) the name, address, and telephone number of the Settlement Class Member objecting and, if different, the cellular telephone number at which the Settlement Class Member received a call from Walden during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of the Settlement Class Member's counsel; (c) the basis for the objection; and (d) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel.

12.2.2.    Any Settlement Class Member who fails to object to the Settlement in the manner described in the Class Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the Settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the Settlement or the terms of this Settlement Agreement by appeal or other means.

12.3. <u>Appearance</u>.  Subject to approval of the Court, any Class Member who files and serves a written objection in accordance with Section 12.2 and the Class Notice may appear, in person or by counsel, at the Final Approval Hearing held by the Court, to show cause why the proposed Settlement should not be approved as fair, adequate, and reasonable, but only if the objecting Settlement Class Member: (a) files with the Clerk of the Court a notice of intention to appear at the Final Approval Hearing by the Objection Deadline ("Notice Of Intention To Appear"); and (b) serves the Notice of Intention to Appear on all counsel designated in the Class Notice by the Objection Deadline.

12.3.1.    The Notice of Intention to Appear must include the Settlement Class Member's full name, address, and telephone number, as well as copies of any papers, exhibits, or other evidence

that the objecting Settlement Class Member will present to the Court in connection with the Final Approval Hearing.

12.3.2.     Any Settlement Class Member who does not file a Notice of Intention to Appear in accordance with the deadlines and other specifications set forth in this Settlement Agreement and Class Notice shall not be entitled to appear at the Final Approval Hearing or raise any objections.

## 13. SETTLEMENT APPROVAL.

13.1. Plaintiff shall apply to the Court for entry of the proposed Preliminary Approval Order and setting of a Final Approval Hearing.

13.2. Not later than seven (7) Days before the Final Approval Motion Deadline, the Settlement Administrator will provide Class Counsel with a declaration that the Class Notice has been disseminated in accordance with the Preliminary Approval Order and identifying the number of Requests for Exclusion to the Settlement, along with the number of claims received to date.

## 14. CERTIFICATION OF SETTLEMENT CLASSES FOR SETTLEMENT PURPOSES.

14.1. Plaintiff shall move for Final Approval of the Settlement and entry of the Final Approval Order and Judgment, and shall request that the

preliminary certification of the Settlement Classes for settlement purposes be made final.

14.2. If the Settlement is not granted Final Approval, or this Settlement Agreement is otherwise terminated or rendered null and void, the certification of the above-described nationwide Settlement Class shall be automatically vacated and shall not constitute evidence or a binding determination that the requirements for certification of a class for trial purposes in this or any other action can be or have been satisfied; in such circumstances, Walden reserves and shall have all rights to challenge certification of any settlement class or any other class for trial purposes in the Litigation.

## 15. ATTORNEYS' FEES AND EXPENSES.

15.1. Class Counsel may apply to the Court for an award of Attorneys' Fees up to 25% of the maximum potential value of the claims of the Settlement Class (calculated by multiplying $97.50 by the number of persons on the Notice List in the National Class, plus $400 times the number of persons in the Notice List in the Florida Class), plus their mediation expenses and associated costs (not to exceed $10,000).

15.1.1.　　The Settlement Administrator shall pay the amount of Attorneys' Fees and Expenses awarded by the Court from the Settlement Fund to the account(s) of Class Counsel via wire instructions provided by Class Counsel to the Settlement Administrator within five (5) Days after the Final Settlement Date.

15.2. The procedure for and the grant or denial or allowance or disallowance by the Court of the Attorneys' Fees and Expenses are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement, and any order or proceedings relating to the applications for Attorneys' Fees and Expenses, or any appeal from any order relating thereto or reversal or modification thereof, will not operate to terminate or cancel this Settlement Agreement or the Settlement, or affect or delay the finality of the Final Approval Order or Judgment approving this Settlement Agreement and the Settlement, except as provided for in Section 15.1.

## 16. TERMINATION AND EFFECT THEREOF.

16.1. This Settlement Agreement shall be terminable by any Party if any of the conditions of Section 3 are not fully satisfied, despite best efforts of the Parties, or if the conditions of Section 11.5 occur, unless the relevant

conditions are waived in writing signed by authorized representatives of Plaintiff and Walden.

16.2. This Settlement Agreement shall also terminate at the discretion of Plaintiff or Walden if: (1) the Court, or any appellate court(s), rejects, modifies, or denies approval of any portion of this Settlement Agreement or the proposed Settlement that is material, including without limitation, the terms or relief, the findings or conclusions of the Court, the provisions relating to Class Notice, the definition of the Settlement Class, and/or the terms of the Releases; (2) the Court, or any appellate court(s), does not enter or completely affirm, or alters, or restricts, or expands, any portion of the Final Approval Order or Judgment, or any of the Court's findings of fact or conclusions of law, that is material; (3) if all of the conditions required to be met before the Final Settlement Date do not occur; or (4) if the conditions of Section 11.5 (Settlement Termination Provision) are met and Walden elects to terminate the Settlement Agreement pursuant to that provision.

16.3. If this Settlement Agreement is terminated as provided herein, the Settlement shall be null and void from its inception and the Settling Parties will be restored to their respective positions in the Litigation as of the day prior to the date of the Preliminary Approval Order. In such event,

the terms and provisions of this Settlement Agreement will have no further force and effect with respect to the Parties and will not be used in the Litigation, or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Settlement Agreement will be treated as vacated, nunc pro tunc.

## 17. MISCELLANEOUS PROVISIONS

17.1. The Parties acknowledge that it is their intent to consummate this Settlement Agreement, and they agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their best efforts to accomplish the foregoing terms and conditions of this Settlement Agreement.

17.2. The Settling Parties intend the Settlement to be a final and complete resolution of all disputes between them with respect to the Litigation. The Settlement compromises claims that are contested and will not be deemed an admission by any Settling Party as to the merits of any claim or defense. The Settling Parties agree that the consideration provided to the Settlement Class and the other terms of the Settlement were negotiated in good faith and at arm's length by the Settling Parties, and reflect a Settlement that was reached voluntarily after consultation with

competent legal counsel. The amounts paid are to compromise the Claimants' claims for damages and the amounts paid represent the Claimants' compensation for such alleged damages.

17.3. Neither this Settlement Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Settlement Agreement or the Settlement is or may be deemed to be or may be used as an admission or evidence of the validity of any Released Claims, or of any wrongdoing or liability of Walden.

17.4. All of the Exhibits to this Settlement Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

17.5. This Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of Plaintiff and Walden or their respective successors-in-interest. Any material changes must be approved by the Court.

17.6. This Settlement Agreement and the Exhibits attached hereto constitute the entire agreement among the Settling Parties, and no representations, warranties, or inducements have been made to any Party concerning this Settlement Agreement or its Exhibits other than the representations, warranties, and covenants covered and memorialized herein. Except as

otherwise provided herein, the Parties will bear their own respective costs.

17.7. This Settlement Agreement may be executed in one or more counterparts. All executed counterparts and each of them will be deemed to be one and the same instrument.  A complete set of counterparts will be submitted to the Court.

17.8. This Settlement Agreement will be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties.

17.9. The Court will retain jurisdiction with respect to implementation and enforcement of the terms of this Settlement Agreement, and all Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

17.10. None of the Settling Parties, or their respective counsel, will be deemed the drafter of this Settlement Agreement or its Exhibits for purposes of construing the provisions thereof.  The language in all parts of this Settlement Agreement and its Exhibits will be interpreted according to its fair meaning, and will not be interpreted for or against any Settling Party as the drafter thereof.

17.11. The Settlement shall be governed by the laws of the State of Florida, except to the extent that the law of the United States governs any matters set forth herein, in which case such federal law shall govern.

17.12. The following principles of interpretation apply to this Settlement Agreement: (a) the plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be; (b) references to a person are also to the person's successors-in-interest; and (c) whenever the words "include," includes," or 'including" are used in this Settlement Agreement, they shall not be limiting, but rather shall be deemed to be followed by the words "without limitation."

17.13. The Settlement Agreement shall not be subject to collateral attack by any Settlement Class Member or any recipient of the notices of the Settlement Class after the Final Approval Order and Judgment are entered.

## 18. NOTICES

18.1. All notices (other than the Class Notice) required by this Settlement Agreement shall be made in writing and communicated by email and mail to the following addresses: All notices to Class Counsel shall be sent to Class Counsel, c/o:

Jeremy M. Glapion
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
jmg@glapionlaw.com


18.2. All notices to Defense Counsel shall be sent to Defense Counsel, c/o:

Aaron S. Weiss
Carlton Fields, P.A.
700 N.W. 1st Ave., Ste. 1200
Miami, Florida 33136
AWeiss@CarltonFields.com

18.3. The notice recipients and addresses designated above may be changed by written agreement of Plaintiff and Walden.

18.4. Upon the request, the Parties agree to promptly provide each other with copies of objections, Requests for Exclusion, or other similar documents received from Settlement Class Members in response to the Class Notice.

# # #

In witness whereof, the Settling Parties have executed and caused this Settlement on the dates set forth below.

**On Behalf of Defendant Walden University, LLC:**

Dated:_____          By:    _____

                                       Name: _____

                                       Title: _____


**On Behalf of Plaintiff and the Settlement Class:**

Dated: _____          By:    _____
                                              Rajesh Verma (Nov 21, 2023 02:28 EST)

                                       Rajesh Verma


**Approved as to form and content:**


For Plaintiff:                         For Walden University, LLC


By: _____          By: _____
    Jeremy M. Glapion (Nov 21, 2023 13:48 EST)

Jeremy M. Glapion                      Aaron S. Weiss
The Glapion Law Firm, LLC              Carlton Fields, P.A.
1704 Maxwell Drive                     700 N.W. 1st Ave., Ste. 1200
Wall, New Jersey 07719                 Miami, Florida 33136

DocuSign Envelope ID: A01C7EFB-E5D5-4773-854T-97216E25DECD

**On Behalf of Defendant Walden University, LLC:**

Dated:_____

By: _____

Name: _____
Michael Betz

Title: _____
President


**On Behalf of Plaintiff and the Settlement Class:**

Dated: _____

By: _____

Rajesh Verma


**Approved as to form and content:**

For Plaintiff:

For Walden University, LLC

By: _____

By: _____

Jeremy M. Glapion
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, New Jersey 07719

Aaron S. Weiss
Carlton Fields, P.A.
700 N.W. 1st Ave., Ste. 1200
Miami, Florida 33136

# Exhibit A

**Court-Approved Class Action Settlement Notice**

*Verma v. Walden University, LLC*, No. 3:22-cv-00776-BJD-JBT
United States District Court for the Middle District of Florida

**This is not a lawsuit against you. You might get a payment from this settlement.**

A class action settlement has been reached in the lawsuit of *Verma v. Walden University, LLC*, No. 3:22-cv-00776-BJD-JBT, which is pending in the U.S. District Court for the Middle District of Florida, Jacksonville Division (the "Court").

The lawsuit claims that Walden University, LLC ("Walden") is liable for telephone calls allegedly made to individuals after those individuals requested not to be called, in alleged violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and the Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. 501.059 et seq. Walden denies that it did anything wrong.

**Who is included?**
You may be a "Settlement Class Member" if you fall into the category of individuals identified above. If you received this notice, you are likely a Settlement Class Member.

**Summary of the Settlement**
Under the proposed Settlement, Walden has agreed to make funds available to: (1) pay Settlement Class Members who make valid and timely claims; (2) pay Class Counsel's attorneys' fees and costs; and (3) pay settlement notice and administration costs. Plaintiff's counsel anticipates requesting attorneys' fees equivalent to 25% of the maximum value of payments to class members. Additional details of the Settlement can be found at www.XXXXXXXXXXXXXXXXX.com or by calling 1-XXX-XXX-XXXX.

**Can I get money from the Settlement?**
Yes, each Settlement Class Member who submits a valid and timely claim will receive a monetary award. If the Settlement Class Member was called by Walden on a telephone number with a Florida area code, that individual will receive a payment of $400.00.  If the Settlement Class Member was called by Walden on a telephone number with an area code from a state other than Florida, that individual will receive a payment of $97.50.

**How do I make a claim?**
You can make a claim by: (1) submitting your claim online at www.XXXXXXXXXXXXXXXX.com; or (2) printing a copy of the claim form (available here [insert hyperlink]) and mailing the completed form to Walden TCPA Settlement, c/o [Settlement Administrator], [Address].

**Do I have a lawyer?**
Yes. The Court has appointed lawyers from The Glapion Law Firm and Eric Kem Injury Lawyers to represent Class Members. The lawyers will be paid from the Settlement Fund. You may enter an appearance through your own attorney if you so desire.

**What should I do?**

Class Members have four options:

**(1) Submit a claim** to the Settlement Administrator by [date]. If the Settlement is approved, you will be bound by the Court's decisions in the lawsuit. You will not have the right to sue separately for the TCPA or FTSA claims in the lawsuit.

**(2) Remain a Class Member but object to the Settlement.** Instructions for objecting are available at www.XXXXXXXXXXXXXXXX.com. Objections and supporting documents must be sent to Class Counsel and Defense Counsel, and filed with the Court by [date]. You may choose to be represented by a lawyer who may send the objection for you at your own expense.

**(3) Exclude yourself from the Settlement** by mailing a request to the Settlement Administrator (not the Court). You must state in writing your name, address, the phone number at which you were called by Walden, and that you want to be excluded from the Settlement in the case *Verma v. Walden University, LLC*, No. 3:22-cv-00776-BJD-JBT (M.D. Fla.). Exclusions must be signed by you and postmarked no later than [date].

**(4) Do nothing.** If you do nothing, you will remain part of the Settlement Class and will release your claims against the Released Parties as defined in the Settlement Agreement, available from the settlement website, but you will not receive any money from the Settlement.

**Scheduled Hearing:** The judge presiding over the lawsuit scheduled a hearing for [date], at [time], in Courtroom 12C of the U.S. District Court, Middle District of Florida, located at 300 North Hogan Street Jacksonville, Florida 32202, regarding whether to give final approval to the Settlement, including the amounts of any attorneys' fees, costs, and Class Representative award. The hearing may be changed without notice. **It is not necessary for you to appear at this hearing, but you may attend at your own expense.**

## For more information

This is only a summary notice. For more information, visit www.XXXXXXXXXXXXXXXX.com, call 1-XXX-XXX-XXXX, or write to Walden TCPA Settlement, c/o [Settlement Administrator], [Address].

# Exhibit B

<u>United States District Court for the Middle District of Florida</u>

**IF YOU RECEIVED UNWANTED CALLS FROM WALDEN UNIVERSITY, YOU MAY BE ELIGIBLE TO RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Plaintiff Rajesh Verma brought a lawsuit alleging that Walden University ("Walden") violated the Telephone Consumer Protection Act and Florida Telephone Solicitation Act by placing phone calls to individuals after they requested not to be called.

- Walden denies that it did anything wrong. However, in order to avoid the risks and expense associated with continued litigation, Walden agreed to settle the case.

- The settlement affects individuals called by Walden after requesting not to be called between June 6, 2018 and [insert preliminary approval order date].

- If you received a notice about this lawsuit via e-mail, you may be a Class Member.

- The Settlement, if approved, would provide $97.50 to persons who allegedly received such calls at a telephone number with an area code other than Florida who submit valid claims, and $400 to persons who allegedly received such calls at a telephone number Florida area code and submit valid claims, as well as pay Class Counsel's attorneys' fees and costs, and notice and administration costs of the Settlement.

**Your legal rights are affected whether you act or don't act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | This is the only way to get a payment from the Settlement. You can submit a valid and timely claim form by mail to Walden TCPA Settlement, c/o Settlement Administrator, [INSERT]. If you received an e-mail regarding the Settlement, you may also submit a claim online using the Claim ID in the e-mail at www.XXXXXXXXXXX.com. If you fail to submit a timely claim, you won't receive a settlement payment. |
| **Do Nothing** | Get no payment. Give up any rights to sue Walden and other Released Persons separately regarding the legal claims in this case. |

| Exclude Yourself or "Opt Out" of the Settlement | If you ask to be excluded, you will get no payment. You will also not waive any rights you may have against Walden and the other Released Persons with respect to the legal claims in this case. |
|---|---|
| Object | Write to the Court about why you believe the Settlement is unfair. |
| Go to a Hearing | Ask to speak in Court about the fairness of the Settlement. |

These rights and options - **and the deadlines to exercise them** - are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made on valid and timely claims if the Court approves the Settlement and after any appeals are resolved. Please be patient.

For updates and other information about the settlement, please monitor the settlement website, www.XXXXXXXXXXX.com.

### WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**................................................................................................. **PAGE**
1. Why is there a notice?
2. What is this class action lawsuit about?
3. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ............................................................................. **PAGE**
4. How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET** ............................................... **PAGE**
5. What does the Settlement provide?

**HOW YOU GET A PAYMENT**.................................................................................. **PAGE**
6. How and when can I get a payment?
7. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** .......................................... **PAGE**
8. How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** .................................................................. **PAGE**
9. Do I have a lawyer in this case?
10. How will the lawyers and class representatives be paid?

**OBJECTING TO THE SETTLEMENT** ...................................................................... **PAGE**
11. How do I tell the Court that I do not think the Settlement is fair?

**THE FINAL APPROVAL HEARING** ......................................................................... **PAGE**
12. When and where will the Court decide whether to approve the Settlement?

13. May I speak at the hearing?

**IF YOU DO NOTHING** ................................................................................... **PAGE**
14. What happens if I do nothing at all?

**GETTING MORE INFORMATION**.................................................................... **PAGE**
15. How do I get more information?

BASIC INFORMATION

**1. Why is there a notice?**

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.

If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is important that you read this Notice carefully.

If you received a Notice via e-mail, it is because, according to Walden's records, you may be an individual who received calls from Walden after requesting not to be called between June 6, 2018 and October 16, 2023.

The Court in charge of the case is Judge Brian Davis of the United District Court for the Middle District of Florida, and the case is known as *Verma v. Walden University, LLC*, No. 3:22-cv-00776 (M.D. Fla.). The proposed Settlement would resolve all claims in this case. The person who sued, Rajesh Verma, is called the Plaintiff. The company sued, Walden University, LLC, is called the Defendant, and is referred to in this Notice as "Walden."

**2. What is this class action lawsuit about?**

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Class Representative, Rajesh Verma, filed this Action alleging that Walden violated the Telephone Consumer Protection Act ("TCPA") and Florida Telephone Solicitation Act ("FTSA") by placing calls to him after he requested that Walden stop placing calls.

Walden denies that it did anything wrong and denies that this case would be appropriate for treatment as a class action without a settlement.

**3. Why is there a Settlement?**

The Court did not decide in favor of the Plaintiff or Defendant. Both sides agreed to a settlement instead of going to trial. That way, they avoid the risk and cost of protracted litigation, and the people affected by the disputed phone calls that participate in the settlement will receive money. The Class Representative and his attorneys think the Settlement is best for all Settlement Class Members.

WHO IS IN THE SETTLEMENT?

## 4. How do I know if I am part of the Settlement?

If you requested that Walden stop calling you after they placed a call to you, and continued to receive calls from Walden between June 6, 2018 and October 16, 2023, you may be part of the settlement class.

There are two different classes in this settlement – the "National Class" and the "Florida Class."

The "National Class" is defined as follows:

> Since June 6, 2018, all persons to whose telephone number Defendant placed (or had placed on its behalf) more than one telephone call in a 12-month period for the purpose of encouraging enrollment in or providing information about Walden University, after that person had asked Defendant to stop calling.

The "Florida Class" is defined as follows:

> Since July 1, 2021, all persons to whose telephone number with a Florida area code Defendant placed (or had placed on its behalf) a telephone call for the purpose of encouraging enrollment in or providing information about Walden University after that person had asked Defendant to stop calling.

If you have questions about whether you are a Settlement Class Member, or are still not sure whether you are included, you can call 1-XXX-XXX-XXXX or visit www.XXXXXXXXXXX.com for more information.

### THE SETTLEMENT BENEFITS - WHAT YOU GET

## 5. What does the Settlement provide?

Walden has agreed to make available $97.50 to each person who allegedly received such calls at a telephone number with an area code other than Florida who submits a valid claim, and $400 to each person who allegedly received such calls at a telephone number with a Florida area code and submits a valid claim, (an estimated total value of $417,067.50). Walden has also agreed to pay Class Counsel's attorneys' fees and up to $10,000 in costs and pay costs and expenses of settlement notice and administration, separate from the amounts made available to Settlement Class Members.

### HOW YOU GET A PAYMENT

## 6. How and when can I get a payment?

Each Class Member who submits a valid and timely Claim Form will receive monetary Settlement Relief. If you are a member of the Florida Class and submit a valid and timely Claim Form, you will receive a $400.00 payment.  If you are a member of the National Class and submit a valid and timely Claim Form, you will receive a $97.50 payment. If you are a member of the Florida Class with an Approved Claim, you are not eligible to also receive a payment as a member of the National Class.

Eligible Settlement Class Members may make one claim per associated unique cellular telephone number called.

Claims may be mailed to:

**Walden TCPA Settlement**
**c/o Settlement Administrator**
**[INSERT]**

Class Members may alternatively submit their claim electronically via the Settlement Website, using the unique Claim ID provided on the e-mail sent to them.

If you did not receive a notice about this settlement but believe you are a Class Member, you may be required to submit documentation showing that you were the user or subscriber of the phone number on which you received calls after requesting not to be called. Such documentation may include a phone bill, business card or similar.

**All claims must be postmarked or submitted online <u>no later than [DATE]</u>.**

The Court will hold a hearing at [TIME] on [DATE], in Courtroom 12C of the U.S. District Court, Middle District of Florida, located at 300 North Hogan Street, Jacksonville, Florida 32202, to decide whether to approve the Settlement. You do not have to be present at the hearing.

If the Settlement is approved, appeals may still follow. While the Parties want this Settlement finalized efficiently, it is never completely certain how long it will take to issue checks, and resolving appeals can take time, sometimes more than a year. Please be patient. You can check for updates on the Settlement Website, www.XXXXXXXXXXXX.com.

## 7. What am I giving up to get a payment or stay in the Class?

If you are a Class Member, unless you exclude yourself, you can't sue, continue to sue, or be part of any other lawsuit against Walden and other Released Persons about the legal issues in this case, and all of the decisions and judgments by the Court will bind you.

The laws upon which this case is based, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. 501.059 et seq., generally restrict making calls (including text message calls) to telephone numbers after the recipient asks not to be called. The TCPA and FTSA provide for damages of $500 per violation, or up to $1,500 for knowing or willful violations, plus an injunction limiting future conduct. Persons who exclude themselves could try to obtain these damages at their own expense; the lawyers in this case will not represent you if you do so.

Filing your own case, however, is risky. Walden has raised a host of defenses, denies that it violated the TCPA or FTSA, and will forcefully argue that it had prior express consent to make any calls or other possible defenses. This Settlement permits Class Members the opportunity to obtain a smaller amount of money than they could get if they sued on their own, risk and hassle-free.

If you file a Claim Form for benefits or do nothing at all, you will be unable to file your own lawsuit regarding the claims described in this Notice, and you will release Walden and other Released Persons from any liability for the Released Claims defined below and in the Settlement.

7

Remaining in the Class means that, upon Final Approval of the Settlement, you and all other Releasing Persons will be deemed to have released the Released Persons from any and all of the Released Claims.

"Releasing Persons" means Plaintiff, all Settlement Class Members, and anyone claiming through them such as heirs, next-of-kin, administrators, executors, personal representatives, successors, and assigns.

"Released Persons" means Walden and each of its Affiliates, including but not limited to, each entity's divisions, corporate parent(s) (including AdTalem Global Education), subsidiaries (whether direct or indirect), predecessors, investors, and other schools or entities operating under the AdTalem umbrella, whether past or present, along with all of the officers, directors, managers, employees, agents, brokers, insurers, distributors, representatives and clients, whether past or present, of any of the foregoing entities.

"Released Claims" means any and all TCPA, FTSA, or state court analog claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory that exist as of the date of the Preliminary Approval Order, arising out of calls or text messages initiated by the Released Parties or their representatives to the Class Members.

The Settlement Agreement (available at the website) provides more detail regarding what people who do not exclude themselves will give up, so read it carefully. You can talk to the law firms representing the Class listed in Question 9 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Persons or the Released Claims or what they mean.

The release does not apply to Class Members who timely opt out of the Settlement.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Walden and any of the Released Persons on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement. The Court will exclude from the Class any member who requests exclusion.

**8. How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement Class in *Verma v. Walden University, LLC*, No. 3:22-cv-00776 (M.D. Fla.). You must include your full name, address, and the phone number Walden called. You must personally sign your request for exclusion. You must mail your exclusion request postmarked no later than [Date], to:

**Walden TCPA Settlement**
**c/o Settlement Administrator**
**[INSERT]**

If you ask to be excluded, you will not get any Settlement Relief and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Walden and other Released Persons relating to any of the Released Claims in the future. Although no other person may exclude you from the Settlement Class, nothing prohibits you from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion. However, "mass" or "class" opt-outs filed by third parties on behalf of a "mass" or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid.

## THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer in this case?

The Court appointed The Glapion Law Firm and Eric Kem Injury Lawyers to represent you and other Class Members.

These lawyers are called Class Counsel. You will not be charged separately for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense and have that lawyer make an appearance for you if you so desire.

Additionally, you may enter an appearance through your own attorney if you so desire, but you do not need to do so.

### 10. How will the lawyers and class representatives be paid?

Class Counsel anticipates asking the Court to approve payment of up to one-fourth of the maximum value of payments to class members, (estimated at $104,266.88) plus costs up to $10,000  to compensate them for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement, plus out-of-pocket costs. The Court may award less than these amounts. These payments, along with the costs of notice and administering the Settlement, will be made by Walden.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

## 11. How do I tell the Court that I do not think the Settlement is fair?

If you are a Class Member, you may object to any part of the Settlement. The Court will consider your views. To object, you must file a written statement with the Court saying that you object to the proposed Settlement in *Verma v. Walden University, LLC*, No. 3:22-cv-00776 (M.D. Fla.). Your written objection must state: (a) the name, address, and telephone number of the Settlement Class Member objecting and, if different, the cellular telephone number at which the Settlement Class Member received a call from Walden during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of the Settlement Class Member's counsel; (c) the basis for the objection; (d) whether the objection applies only to the objector, to a specific subset of the class, or to the entire class; and (e) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel. The objection must state whether it applies only to you, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection. Although all objections must identify any lawyer that represents you as to the Action or your objection, you do not have to hire a lawyer to object.  Your objection should be filed with the Court and sent to Class Counsel and counsel for Walden. Objections must be filed and postmarked by [Date].

The objection must be sent to:

<u>For Filing</u>:

*Verma v. Walden University, LLC*, No. 3:22-cv-00776 (M.D. Fla.)
Clerk of the Court
U.S. Courthouse, Middle District of Florida
300 North Hogan Street
Jacksonville, Florida 32202

<u>By Mail</u>:

Jeremy M. Glapion
The Glapion Law Firm, LLC
1704 Maxwell Drive
Wall, New Jersey 07719
jmg@glapionlaw.com

*Counsel for Plaintiff and the Settlement Class*

Aaron S. Weiss
Carlton Fields, P.A.
700 NW 1st Ave., Ste. 1200
Miami, Florida 33136
aweiss@carltonfields.com

*Counsel for Walden*

### THE FINAL APPROVAL HEARING

## 12. When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to approve the Settlement. This Final Approval Hearing will be held at [Time] on [Date], at the United States District Court for the Middle District of Florida, U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida, in Courtroom 12C. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and in what amounts. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. **It is not necessary for you to appear at this hearing, but you may attend at your own expense.**

## 13. May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that you intend to appear at the Final Approval Hearing in *Verma v. Walden University, LLC*, No. 3:22-cv-00776 (M.D. Fla.). Be sure to include your full name, address, and telephone number, as well as copies of any papers, exhibits, or other evidence that you will present to the Court in connection with the Final Approval Hearing. Your letter stating your notice of intention to appear must be postmarked no later than [date], and be sent to the Clerk of the Court, United States District Court for the Middle District of Florida, U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida, and to the lawyers listed above. You cannot speak at the hearing if you exclude yourself.

### IF YOU DO NOTHING

## 14. What happens if I do nothing at all?

If you do nothing, and are a Class Member, you will not receive a payment. In order to receive a payment, you must submit a claim form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Walden and the other Released Persons about the Released Claims in this case ever again.

### GETTING MORE INFORMATION

## 15. How do I get more information?

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Settlement Administrator toll-free at 1-XXX-XXX-XXXX, writing to: Walden TCPA Settlement, c/o Settlement Administrator, [INSERT]; or visiting the website at www.XXXXXXXXXXXX.com, where you will also find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.

# Exhibit C

**Claim Form**
***Verma v. Walden University, LLC***, No. 3:22-cv-00776 (M.D. Fla.)

(This claim form should only be used if a claim is being mailed in and is not being filed online at www.XXXXXXXXXXXXXX.com.)

---

**NAME**

First Name: _____  Middle Initial: _____  Last Name: _____

**CURRENT ADDRESS, PHONE NUMBER, AND EMAIL**

Street Address 1: _____

Street Address 2: _____

City:_____  State:_____  Zip Code: _____

Current Phone Number: _____

Current E-mail: _____

**CLAIM ID NUMBER**

Claim ID: _____
      (if known; this number can be found in the e-mail you received)

**PHONE NUMBER**

Phone Number to which you received a call from Walden University after requesting not to be called:

_____

(Your phone number must be listed in our records as one of the phone numbers that was called by Walden University and included as part of the Settlement. If you were called on more than one phone number, or are not certain which of your phone numbers was called, you may submit each of them separately, but you will only be allowed one recovery under the settlement.)

---

**CERTIFICATION**

By signing below, I certify that I received calls from Walden University at the above cell phone number after requesting not to be called:

Dated: _____  _____
                                     Your Signature

---

**Please submit your completed claim form, postmarked no later than [date] to:**
**Walden TCPA Settlement, c/o Settlement Administrator, [INSERT]**

# Exhibit D

**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION**

| | |
|---|---|
| **RAJESH VERMA**, on behalf of himself and all others similarly situated,<br><br>                    Plaintiff,<br>v.<br><br>**WALDEN UNIVERSITY, LLC**<br><br>                    Defendant. | **Case No. 22-cv-776-BJD-JBT** |

## [PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CERTIFICATION OF SETTLEMENT CLASSES

WHEREAS, the Parties in the above-captioned litigation have advised the Court that they have settled the Litigation, the terms of which have been memorialized in a proposed settlement agreement ("Settlement Agreement");

WHEREAS, Plaintiff has applied to this Court through an unopposed motion for an order (1) certifying a proposed Class for settlement purposes; (2) granting Preliminary Approval of the Settlement Agreement resolving all claims in the above-captioned matter, (3) directing notice to the class, and (4) setting a fairness hearing; and

WHEREAS, the Court has read and considered Plaintiff's unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Classes ("Motion"), the Settlement Agreement, and all of the supporting documents; and good cause appearing:

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. This Order incorporates by reference the definitions in the Settlement Agreement and all terms defined therein shall have the same meaning in this Order as set forth in the Settlement Agreement.

2. Plaintiff's Motion is **GRANTED**. It appears to this Court on a preliminary basis that the Settlement Agreement satisfies the elements of Fed. R. Civ. P. 23 and is fair, adequate, and reasonable.

3.  The proposed Settlement Classes are hereby preliminarily certified pursuant to Fed. R. Civ. P. 23(a) and (b)(2) for purposes of settlement. The Settlement Classes are defined as:

    Since June 6, 2018, all persons to whose telephone number Defendant placed (or had placed on its behalf) more than one telephone call in a 12-month period for the purpose of encouraging enrollment in or providing information about Walden University, after that person had asked Defendant to stop calling.

    ("National Class")

    Since July 1, 2021, all persons to whose telephone number with a Florida area code Defendant placed (or had placed on its behalf) a telephone call for the purpose of encouraging enrollment in or providing information about Walden University after that person had asked Defendant to stop calling.

    ("Florida Class").

4.  The Court finds that Plaintiff Rajesh Verma will fairly and adequately protect the interests of the Settlement Classes. As a result, the Court appoints and designates Plaintiff as representative of the Settlement Class.

5.  The Court finds that attorney Jeremy M. Glapion of Glapion Law Firm and Eric Kem of Eric Kem Injury Lawyers are experienced and competent counsel who will continue to protect the interests of the Settlement Classes fairly and adequately. As a result, the Court appoints and designates Attorney Glapion and Attorney Kem as Class Counsel for the Settlement Class.

6.  The Court finds that the Notice documents attached to the Settlement Agreement as Agreement Exhibits A and B and the Notice Plan included in the pending motion meet the requirements for due process, the requirements of Rules 23(c)(2) and 23(e) of the Federal Rules of Civil Procedure, and ensure Notice is well calculated to reach representative class members. The Notice and Notice Plan are hereby approved.

7.  As soon as practicable, but no later than forty-five (45) days after the Court's entry of a Preliminary Approval order (the "Notice Deadline"), the Settlement Administrator shall cause notice to be disseminated in accordance with the Notice Plan, and make available for download on the Settlement website:

    a. the class action complaint;

    b. Plaintiff's unopposed motion for preliminary approval of class action settlement and certification of settlement class, and supporting documents; and

    c. the Court's preliminary approval orders, as well as any supporting memorandum.

8. No less than fifteen (15) days before the fairness hearing scheduled in the Litigation, Plaintiff shall file a declaration from the stipulated class action settlement administrator that summarizes the work the administrator performed, proof of notice, and the list of exclusions (if any).

9. The list of exclusions may be filed under seal.

10. Within thirty (30) days of the Notice Deadline, Plaintiff shall move for reasonable attorneys' fees and costs, if requested.

11. Within ninety (90) days of the Notice Deadline, any Settlement Class Member may object to the Settlement Agreement by filing written objections with the Clerk of the Court ("Objection Deadline"). Only such objecting Settlement Class Members shall have the right, and only if they expressly seek it in their objection, to present objections orally at the Fairness Hearing.

12. Within seven (7) days after the Objection Deadline defined above, the Parties may respond to any timely-filed objections.

13. Class Members may submit claims or request exclusion for ninety (90) days after the Notice Deadline.

14. A final approval hearing shall be held before this Court no earlier than one hundred and twenty (120) days after the Notice Deadline. The Court hereby sets this hearing for which is _____ at _____ EST in the United States District Court for the Middle District of Florida, located at Bryan Simpson United States Courthouse, 300 North Hogan Street, Courtroom 12C, Jacksonville, Florida to determine whether the Settlement Agreement shall be granted final approval, and to address any related matters. No less than twenty (20) days before this date, Plaintiff shall file his Motion for Final Approval.

15. The Fairness Hearing may, from time to time and without further notice to the Settlement Class members (except those who have filed timely objections or entered appearances), be continued or adjourned by order of the Court.

16. Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the Settlement Agreement

which are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

**ORDERED** this _____ day of _____, 2023.

_____
Hon. Brian J. Davis
United States District Judge

# [Signature Ready] Verma v. Walden - Settlement Agreement

Final Audit Report                                           2023-11-21

| | |
|---|---|
| Created: | 2023-11-20 |
| By: | Jeremy Glapion (jmg@glapionlaw.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAA3lFe_UZ-2484TFk1kXAEOG1-e3dO99mS |

## "[Signature Ready] Verma v. Walden - Settlement Agreement" History

Document created by Jeremy Glapion (jmg@glapionlaw.com)
2023-11-20 - 8:35:06 PM GMT- IP address: 74.102.75.194

Document emailed to Rajesh Verma (rv49er@gmail.com) for signature
2023-11-20 - 8:35:14 PM GMT

Email viewed by Rajesh Verma (rv49er@gmail.com)
2023-11-21 - 7:24:38 AM GMT- IP address: 73.148.224.209

Document e-signed by Rajesh Verma (rv49er@gmail.com)
Signature Date: 2023-11-21 - 7:28:58 AM GMT - Time Source: server- IP address: 73.148.224.209

Document emailed to Jeremy Glapion (jmg@glapionlaw.com) for signature
2023-11-21 - 7:28:59 AM GMT

Email viewed by Jeremy Glapion (jmg@glapionlaw.com)
2023-11-21 - 6:48:29 PM GMT- IP address: 35.231.92.0

Document e-signed by Jeremy Glapion (jmg@glapionlaw.com)
Signature Date: 2023-11-21 - 6:48:39 PM GMT - Time Source: server- IP address: 74.102.75.194

Agreement completed.
2023-11-21 - 6:48:39 PM GMT

Adobe Acrobat Sign