## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA, JACKSONVILLE DIVISION

**RAJESH VERMA,** on behalf of
himself and all others similarly situated,

      Plaintiff,

                                          **Case No.: 22-cv-776-BJD-JBT**

v.

**WALDEN UNIVERSITY, LLC**

      Defendant.

### DECLARATION OF DEMETRIUS JENKINS OF AMERICAN LEGAL CLAIM SERVICES, LLC REGARDING DUE DILIGENCE IN NOTICING

I, Demetrius Jenkins, declare as follows:

1.  I am a competent adult, over the age of eighteen, and this declaration is based on my personal knowledge.

2.  I am a Case Manager for American Legal Claim Services, LLC ("ALCS"). ALCS was selected to serve as the Settlement Administrator and to otherwise comply with the provisions set forth in the Settlement Agreement And Release and the Order Granting Plaintiff's Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Classes. I was responsible for overseeing the dissemination of Class Notice to class members, claims processing, exclusion processing, and all other matters required as Settlement Administrator.

3.  **Class List Receipt and Processing:** On May 22, 2024, ALCS received the list containing the names, phone numbers and email addresses ("Class List") from counsel for the Defendant. The Class List contained 125 class members in the Florida Class and 3,941 class members in the National class.

4.  **CAFA Notice Mailing:** I was responsible for overseeing the dissemination of the CAFA Notice letter (attached hereto as Exhibit A) and a CD with the copies of the below documents. The CAFA notices were sent more than 90 days before the Final Fairness Hearing.
    a.  Initial Complaint
    b.  First Amended Complaint
    c.  Long Form Notice
    d.  Short Form Notice
    e.  Settlement Agreement

5.  **Initial Class Notice:** As contemplated by the Settlement Agreement, notice was provided by email on June 30, 2024, reaching approximately 89.3% of the class members. A copy of the notice is attached as Exhibit B. After de-duplication, notice was sent to 124 unique Florida class members and 3,908 National class members.

6.  **Subsequent Notice:** On September 9, upon mutual agreement of both Parties to the case, a reminder notice was sent to all class members. The claims rate nearly doubled after this reminder notice was sent.

7. **<u>Website:</u>** On June 30, 2024, ALCS activated a case website, www.waldentcpasettlement.com, that allowed class members to submit their claims online and update their addresses. Additionally, they can view Important Court Documents, Key Dates, and FAQs.

8. **<u>Toll-Free Telephone:</u>**  On June 30, 2024, ALCS activated a toll-free telephone number (888-262-6044) that allowed class members to access recorded information about the settlement.

9. **<u>Claims Processing:</u>** The Notice instructed that those who wish to receive the settlement amount, specific to their subclass, had to submit their claim form to the Settlement Administrator by no later than 11:59 pm on September 28, 2024. As of the date of this declaration, ALCS has received 130 claims, of which 98 were valid and timely claims. 86 were filed by National class members, and twelve (12) were filed by Florida class members. Of the invalid claims, 30 claims were filed by people not originally in the Class List and not having a phone number in the Class List. Two of the invalid claims were duplicate claims filed by a class member.

10. **<u>Exclusions:</u>** The Notice instructed those who wished to opt out of the Settlement to write to the Settlement Administrator stating that the class member does not wish to participate. It further stated that an opt-out request was due by September 28, 2024. ALCS is not aware of any opt-out requests being filed as of the date of this declaration.

11. **<u>Objections:</u>** The Class Action Notice informed class members who wish to object to the settlement to file their written objection by September 28, 2024, and to provide copies to ALCS and to Plaintiff's and Defendant's counsel. ALCS is not aware of any objections being filed as of the date of this declaration.

I declare under penalty of perjury pursuant to the laws of the State of Florida that the foregoing is true and correct to the best of my knowledge.  Executed on October 9, 2024, in Jacksonville, Florida.

_____

Demetrius Jenkins

**Exhibit A**

December 7, 2023

<u>Vɪᴀ</u> <u>**CERTIFIED MAIL**</u>

The United States Attorney General,
United States Department of Education and
All State Attorneys General Identified on
the Attached Service List

> Re:     Notice Pursuant to the Class Action Fairness Act of 2005 in connection
> with *Rajesh Verma v Walden University, LLC.,* **No. 3:22-cv-00776-BJD-
> JBT, United States District Court for the Middle District of Florida,
> Jacksonville Division.**

Dear Sir or Madam:

On behalf of Walden University, LLC ("Defendant"), and in accordance with the requirements
of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b), this letter provides notice of a proposed
settlement of a putative class action captioned *Rajesh Verma v Walden University, LLC., No. 3:22-cv-
00776-BJD-JBT, United States District Court for the Middle District of Florida, Jacksonville Division.*

Section 1715 requires defendants participating in a proposed class action settlement to serve
upon appropriate federal and state officials a notice containing information responsive to eight items
enumerated in the statute. Defendant's responses to each of these items are below. Also enclosed is a
CD containing documents relating to the settlement, as required by Section 1715. If you have any
difficulty accessing any of the documents on the enclosed CD, please contact the undersigned.

***Item 1:***     *A copy of the complaint, any materials filed with the complaint, and any amended
complaints. 28 U.S.C. § 1715(b)(1).*

On July 15, 2022, Rajesh Verma ("Plaintiff") filed a Class Action Complaint in the Circuit
Court of the Fourth Judicial Circuit In and For Duval County, alleging that Defendant violated the
Telephone Consumer Protection Act ("TCPA"); a copy of the complaint is included on the enclosed
CD as **<u>Exhibit 1</u>**. The case was subsequently removed to the United States District Court for the Middle
District of Florida, Jacksonville Division.

On March 2, 2023, Plaintiff filed a First Amended Complaint; a copy of this amended
complaint is included on the enclosed CD as **<u>Exhibit 2.</u>**

December 7, 2023
Page 2

**Item 2:**  *Notice of any scheduled judicial hearing in the class action.*
*28 U.S.C. § 1715(b)(2).*

A Final Approval Hearing has not yet been set. However, a hearing date has been requested and once it has been set, the details will be available on the settlement website at www.waldentcpasettlement.com.

**Items 3 and 4:**  *Any proposed or final notification to the class members,*
*28 U.S.C. § 1715(b)(3); any proposed or final class action*
*settlement.  28 U.S.C. § 1715(b)(4).*

On November 27, 2023, Plaintiffs filed his Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Classes. The exhibits to the Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Classes include the proposed Class Long Form Notice as **Exhibit 3** and the Short Form Notice as **Exhibit 4.**

**Item 5:**  *Any settlement or other agreement contemporaneously made between*
*class counsel and counsel for the Defendant.  28 U.S.C. § 1715(b)(5).*

The parties have executed a Settlement Agreement with respect to the proposed Settlement Class.  A copy of the Settlement Agreement and its exhibits are included on the enclosed CD as **Exhibit 5**.

**Item 6:**  *Any final judgment or notice of dismissal.  28 U.S.C. § 1715(b)(6).*

No final judgment or notice of dismissal has been entered.

**Item 7:**  *Either (i) the names of class members who reside in each State and estimated*
*proportionate share of such members to the entire settlement; or, (ii) if not feasible, a*
*reasonable estimate of the number of class members residing in each State and*
*estimated proportionate share of such members to the entire settlement.  28 U.S.C. §*
*1715(a)(7)(A)-(B).*

While the defendant is working diligently to compile the list of class members, as of the date of this letter the list is not complete, and estimates are unavailable.

**Item 8:**  *Any written judicial opinions relating to subparagraphs (3) through (6) under § 1715.*
*28 U.S.C. § 1715(b)(8).*

The Court has not entered any orders or opinions relating to the Motion or any of the matters referenced above.  However, it is anticipated that the order granting preliminary approval will be entered soon and it will be available on the settlement website at www.waldentcpasettlement.com.

December 7, 2023
Page 3

\*\*\*

The table below provides an index of the materials that we have included on the enclosed CD.

|    | **Description** |
|----|-----------------|
| 1. | Class Action Complaint filed June 6, 2022 |
| 2. | First Amended Complaint filed March 2, 2023 |
| 3. | Long Form Notice |
| 4. | Short Form Notice |
| 5. | Settlement Agreement |

Sincerely,

Demetrius Jenkins
Analyst
American Legal Claims Services, LLC

Providing Notification as Settlement Administrator on
Behalf of Defendant
Walden University, LLC
Enclosures (CD)

**Exhibit B**

United States District Court for the Middle District of Florida

**IF YOU RECEIVED UNWANTED CALLS FROM WALDEN UNIVERSITY, YOU MAY BE ELIGIBLE TO RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

- Plaintiff Rajesh Verma brought a lawsuit alleging that Walden University ("Walden") violated the Telephone Consumer Protection Act and Florida Telephone Solicitation Act by placing phone calls to individuals after they requested not to be called.

- Walden denies that it did anything wrong. However, in order to avoid the risks and expense associated with continued litigation, Walden agreed to settle the case.

- The settlement affects individuals called by Walden after requesting not to be called since July 1, 2021 (for those in Florida) or June 6, 2018 (for everyone else).

- If you received a notice about this lawsuit via e-mail, you may be a Class Member.

- The Settlement, if approved, would provide $400 to persons who allegedly received such calls at a telephone number Florida area code and submit an Approved Claim, and $97.50 to persons who allegedly received such calls at a telephone number with an area code other than Florida who submit an Approved Claim, as well as pay Class Counsel's attorneys' fees and costs, and notice and administration costs of the Settlement.

**Your legal rights are affected whether you act or don't act. Read this notice carefully.**

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **Submit a Claim Form** | This is the only way to get a payment from the Settlement. You can submit a valid and timely claim form by mail to Walden TCPA Settlement, c/o Settlement Administrator, PO Box 23489, Jacksonville, FL 32241-3489. <br><br> If you received an e-mail regarding the Settlement, you may also submit a claim online using the Claim ID in the e-mail at www.waldentcpasettlement.com. If you fail to submit a timely claim, |
| **Do Nothing** | Get no payment. Give up any rights to sue Walden and other Released Persons separately regarding the legal claims in this case. |
| **Exclude Yourself or "Opt Out" of the Settlement** | If you ask to be excluded, you will get no payment. You will also not waive any rights you may have against Walden and the other Released Persons with respect to the legal claims in this case. |
| **Object** | Write to the Court about why you believe the Settlement is unfair. |
| **Go to a Hearing** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options - **and the deadlines to exercise them** - are explained in this notice.

The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made on valid and timely claims if the Court approves the Settlement and after any appeals are resolved. Please be patient.

For updates and other information about the settlement, please monitor the settlement website, www.waldentcpasettlement.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**.................................................................................... **PAGE 4**
1. Why is there a notice?
2. What is this class action lawsuit about?
3. Why is there a Settlement?

**WHO IS IN THE SETTLEMENT** ..................................................... **PAGE 5**
4. How do I know if I am part of the Settlement?

**THE SETTLEMENT BENEFITS - WHAT YOU GET** ................................................ **PAGE 5**
5. What does the Settlement provide?

**HOW YOU GET A PAYMENT**................................................................... **PAGE 5**
6. How and when can I get a payment?
7. What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ......................................... **PAGE 7**
8. How do I exclude myself from the Settlement?

**THE LAWYERS REPRESENTING YOU** ..................................................... **PAGE 8**
9. Do I have a lawyer in this case?
10. How will the lawyers and class representatives be paid?

**OBJECTING TO THE SETTLEMENT** ..................................................... **PAGE 8**
11. How do I tell the Court that I do not think the Settlement is fair?

**THE FINAL APPROVAL HEARING** ........................................................... **PAGE 9**
12. When and where will the Court decide whether to approve the Settlement?
13. May I speak at the hearing?

**IF YOU DO NOTHING** ..................................................................... **PAGE 9**
14. What happens if I do nothing at all?

**GETTING MORE INFORMATION**........................................................... **PAGE 10**
15. How do I get more information?

BASIC INFORMATION

## 1. Why is there a notice?

A Court authorized this Notice because you have a right to know about a proposed Settlement of this class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.

If the Court approves the Settlement and after any objections or appeals are resolved, an administrator appointed by the Court will make the payments that the Settlement allows. Because your rights will be affected by this Settlement, it is important that you read this Notice carefully.

If you received a Notice via e-mail, it is because, according to Walden's records, you may be an individual who received calls from Walden after requesting not to be called between June 6, 2018 and October 16, 2023.

The Court in charge of the case is Judge Brian Davis of the United District Court for the Middle District of Florida, and the case is known as *Verma v. Walden University, LLC*, No. 3:22-cv-00776 (M.D. Fla.). The proposed Settlement would resolve all claims in this case. The person who sued, Rajesh Verma, is called the Plaintiff. The company sued, Walden University, LLC, is called the Defendant, and is referred to in this Notice as "Walden."

## 2. What is this class action lawsuit about?

A class action is a lawsuit in which the claims and rights of many people are decided in a single court proceeding. Representative plaintiffs, also known as "class representatives," assert claims on behalf of the entire class.

The Class Representative, Rajesh Verma, filed this Action alleging that Walden violated the Telephone Consumer Protection Act ("TCPA") and Florida Telephone Solicitation Act ("FTSA") by placing calls to him after he requested that Walden stop placing calls.

Walden denies that it did anything wrong and denies that this case would be appropriate for treatment as a class action without a settlement.

## 3. Why is there a Settlement?

The Court did not decide in favor of the Plaintiff or Defendant. Both sides agreed to a settlement instead of going to trial. That way, they avoid the risk and cost of protracted litigation, and the people affected by the disputed phone calls that participate in the settlement will receive money. The Class Representative and his attorneys think the Settlement is best for all Settlement Class Members.

### WHO IS IN THE SETTLEMENT?

**4. How do I know if I am part of the Settlement?**

If you requested that Walden stop calling you after they placed a call to you, and continued to receive calls from Walden after July 1, 2021 (if you have a Florida area code), or after June 6, 2018 (if you do not), you may be part of the settlement class.

There are two different classes in this settlement – the "National Class" and the "Florida Class."

The "National Class" is defined as follows:

> Since June 6, 2018, all persons to whose telephone number Defendant placed (or had placed on its behalf) more than one telephone call in a 12-month period for the purpose of encouraging enrollment in or providing information about Walden University, after that person had asked Defendant to stop calling.

The "Florida Class" is defined as follows:

> Since July 1, 2021, all persons to whose telephone number with a Florida area code Defendant placed (or had placed on its behalf) a telephone call for the purpose of encouraging enrollment in or providing information about Walden University after that person had asked Defendant to stop calling.

If you have questions about whether you are a Settlement Class Member, or are still not sure whether you are included, you can call 1-888-262-6044 or visit www.waldentcpasettlement.com for more information.

### THE SETTLEMENT BENEFITS - WHAT YOU GET

**5. What does the Settlement provide?**

Walden has agreed to make available $400 to each person who allegedly received such calls at a telephone number Florida area code and submits an Approved Claim, and $97.50 to each person who allegedly received such calls at a telephone number with an area code other than Florida who submit an Approved Claim (an estimated total value of $417,067.50). Everyone who submits an Approved Claim receives these amounts, no matter how many submit such a claim. Walden has also agreed to pay Class Counsel's attorneys' fees and up to $10,000 in costs and pay costs and expenses of settlement notice and administration, separate from the amounts made available to Settlement Class Members.

### HOW YOU GET A PAYMENT

**6. How and when can I get a payment?**

Each Class Member who submits a valid and timely Claim Form will receive monetary Settlement Relief. If you are a member of the Florida Class and submit a valid and timely Claim Form, you will receive a $400.00 payment.  If you are a member of the National Class and submit a valid and timely Claim Form, you will receive a $97.50 payment. If you are a member of the Florida Class with an Approved Claim, you are not eligible to also receive a payment as a member of the National Class. Eligible Settlement Class Members may make one claim per associated unique telephone number

called.

Claims may be mailed to:

> Walden TCPA Settlement
> c/o Settlement Administrator
> PO Box 23489, Jacksonville, FL 32241-3489.

Class Members may alternatively submit their claim electronically via the Settlement Website, using the unique Claim ID provided on the e-mail sent to them.

If you did not receive a notice about this settlement but believe you are a Class Member, you may be required to submit documentation showing that you were the user or subscriber of the phone number on which you received calls after requesting not to be called. Such documentation may include a phone bill, business card or similar.

**All claims must be postmarked or submitted online <u>no later than September 28, 2024</u>.**

The Court will hold a hearing at 9:00 am on October 29, 2024, in Courtroom 12C of the U.S. District Court, Middle District of Florida, located at 300 North Hogan Street, Jacksonville, Florida 32202, to decide whether to approve the Settlement. You do not have to be present at the hearing.

If the Settlement is approved, appeals may still follow. While the Parties want this Settlement finalized efficiently, it is never completely certain how long it will take to issue checks, and resolving appeals can take time, sometimes more than a year. Please be patient. You can check for updates on the Settlement Website, www.waldentcpasettlement.com.

## 7. What am I giving up to get a payment or stay in the Class?

If you are a Class Member, unless you exclude yourself, you can't sue, continue to sue, or be part of any other lawsuit against Walden and other Released Persons about the legal issues in this case, and all of the decisions and judgments by the Court will bind you.

The laws upon which this case is based, the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 and Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. 501.059 et seq., generally restrict making calls (including text message calls) to telephone numbers after the recipient asks not to be called. The TCPA and FTSA provide for damages of $500 per violation, or up to $1,500 for knowing or willful violations, plus an injunction limiting future conduct. Persons who exclude themselves could try to obtain these damages at their own expense; the lawyers in this case will not represent you if you do so.

Filing your own case, however, is risky. Walden has raised a host of defenses, denies that it violated the TCPA or FTSA, and will forcefully argue that it had prior express consent to make any calls or other possible defenses. This Settlement permits Class Members the opportunity to obtain a smaller amount of money than they could get if they sued on their own, risk and hassle-free.

If you file a Claim Form for benefits or do nothing at all, you will be unable to file your own lawsuit regarding the claims described in this Notice, and you will release Walden and other Released Persons from any liability for the Released Claims defined below and in the Settlement.

Remaining in the Class means that, upon Final Approval of the Settlement, you and all other Releasing Persons will be deemed to have released the Released Persons from any and all of the Released Claims.

6

"Releasing Persons" means Plaintiff, all Settlement Class Members, and anyone claiming through them such as heirs, next-of-kin, administrators, executors, personal representatives, successors, and assigns.

"Released Persons" means Walden and each of its Affiliates, including but not limited to, each entity's divisions, corporate parent(s) (including AdTalem Global Education), subsidiaries (whether direct or indirect), predecessors, investors, and other schools or entities operating under the AdTalem umbrella, whether past or present, along with all of the officers, directors, managers, employees, agents, brokers, insurers, distributors, representatives and clients, whether past or present, of any of the foregoing entities.

"Released Claims" means any and all TCPA, FTSA, or state court analog claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory that exist as of the date of the Preliminary Approval Order, arising out of calls or text messages initiated by the Released Parties or their representatives to the Class Members.

The Settlement Agreement (available at the website) provides more detail regarding what people who do not exclude themselves will give up, so read it carefully. You can talk to the law firms representing the Class listed in Question 9 for free, or you can, at your own expense, talk to your own lawyer if you have any questions about the Released Persons or the Released Claims or what they mean.

The release does not apply to Class Members who timely opt out of the Settlement.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this Settlement, and you want to keep the right to sue or continue to sue Walden and any of the Released Persons on your own about the legal issues in this case, then you must take steps to exclude yourself from the Settlement. The Court will exclude from the Class any member who requests exclusion.

**8. How do I exclude myself from the Settlement?**

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement Class in *Verma v. Walden University, LLC*, No. 3:22-cv-00776 (M.D. Fla.). You must include your full name, address, and the phone number Walden called. You must personally sign your request for exclusion. You must mail your exclusion request postmarked no later than September 28, 2024, to:

> Walden TCPA Settlement c/o Settlement Administrator
> PO Box 23489
> Jacksonville, FL 32241-3489.

If you ask to be excluded, you will not get any Settlement Relief and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) Walden and other Released Persons relating to any of the Released

Claims in the future. Although no other person may exclude you from the Settlement Class, nothing prohibits you from obtaining the assistance of another, such as a lawyer or family member, in preparing or submitting any individual exclusion. However, "mass" or "class" opt-outs filed by third parties on behalf of a "mass" or "class" of Settlement Class Members, when not signed by each Settlement Class Member, will not be valid.

## THE LAWYERS REPRESENTING YOU

### 9. Do I have a lawyer in this case?

The Court appointed The Glapion Law Firm and Eric Kem Injury Lawyers to represent you and other Class Members.

These lawyers are called Class Counsel. You will not be charged separately for these lawyers' services. If you want to be represented by your own lawyer, you may hire one at your own expense and have that lawyer make an appearance for you if you so desire.

Additionally, you may enter an appearance through your own attorney if you so desire, but you do not need to do so.

### 10. How will the lawyers and class representatives be paid?

Class Counsel anticipates asking the Court to approve payment of up to one-fourth of the maximum value of payments to class members, (estimated at $104,266.88) plus costs up to $10,000 to compensate them for attorneys' fees for investigating the facts, litigating the case, and negotiating the Settlement, plus out-of-pocket costs. The Court may award less than these amounts. These payments, along with the costs of notice and administering the Settlement, will be made by Walden.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 11. How do I tell the Court that I do not think the Settlement is fair?

If you are a Class Member, you may object to any part of the Settlement. The Court will consider your views. To object, you must file a written statement with the Court saying that you object to the proposed Settlement in *Verma v. Walden University, LLC*, No. 3:22-cv-00776 (M.D. Fla.). Your written objection must state: (a) the name, address, and telephone number of the Settlement Class Member objecting and, if different, the cellular telephone number at which the Settlement Class Member received a call from Walden during the Settlement Class Period; (b) if represented by counsel, the name, address, and telephone number of the Settlement Class Member's counsel; (c) the basis for the objection; and (d) a statement of whether the Settlement Class Member objecting intends to appear at the Final Approval Hearing, either with or without counsel. The objection must state whether it applies only to you, to a specific subset of the Class, or to the entire Class, and also state with specificity the grounds for the objection. Although all objections must identify any lawyer that represents you as to the Action or your objection, you do not have to hire a lawyer to object.  Your objection should be filed with the Court and sent to Class Counsel and counsel for Walden. Objections must be filed and postmarked by September 28, 2024.

The objection must be sent to:

| For Filing: | By Mail: |
|---|---|
| *Verma v. Walden University, LLC*, No. 3:22-cv-00776 (M.D. Fla.)<br>Clerk of the Court<br>U.S. Courthouse, Middle District of Florida<br>300 North Hogan Street<br>Jacksonville, Florida 32202 | Jeremy M. Glapion<br>The Glapion Law Firm, LLC<br>1704 Maxwell Drive<br>Wall, New Jersey 07719<br>jmg@glapionlaw.com<br><br>*Counsel for Plaintiff and the Settlement Class*<br><br>Aaron S. Weiss<br>Carlton Fields, P.A.<br>700 NW 1st Ave., Ste. 1200<br>Miami, Florida 33136<br>aweiss@carltonfields.com<br><br>*Counsel for Walden* |

### THE FINAL APPROVAL HEARING

**12. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a hearing to decide whether to approve the Settlement. This Final Approval Hearing will be held at 9:00 am on October 29, 2024, at the United States District Court for the Middle District of Florida, U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida, in Courtroom 12C. The hearing may be moved to a different date or time without additional notice, so it is a good idea to check the website for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate, and whether to award attorneys' fees, expenses, and in what amounts. If there are objections, the Court will consider them. At or after the hearing, the Court will decide whether to approve the Settlement. We do not know how long it will take the Court to issue its decision. **It is not necessary for you to appear at this hearing, but you may attend at your own expense.**

**13. May I speak at the hearing?**

You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must send a letter saying that you intend to appear at the Final Approval Hearing in *Verma v. Walden University, LLC*, No. 3:22-cv-00776 (M.D. Fla.). Be sure to include your full name, address, and telephone number, as well as copies of any papers, exhibits, or other evidence that you will present to the Court in connection with the Final Approval Hearing. Your letter stating your notice of intention to appear must be postmarked no later than September 28, 2024, and be sent to the Clerk of the Court, United States District Court for the Middle District of Florida, U.S. Courthouse, 300 North Hogan Street, Jacksonville, Florida, and to the lawyers listed above. You cannot speak at the hearing if you exclude yourself.

### IF YOU DO NOTHING

**14. What happens if I do nothing at all?**

If you do nothing, and are a Class Member, you will not receive a payment. In order to receive a payment, you must submit a claim form. Unless you exclude yourself, you won't be able to start a

lawsuit, continue with a lawsuit, or be part of any other lawsuit against Walden and the other Released Persons about the Released Claims in this case ever again.

GETTING MORE INFORMATION

**15. How do I get more information?**

This Notice summarizes the proposed Settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement by calling the Settlement Administrator toll-free at 1-888-262-6044, writing to: Walden TCPA Settlement, c/o Settlement Administrator, P.O. Box 23489, Jacksonville, FL, 32241-3489; or visiting the website at www.waldentcpasettlement.com, where you will also find answers to common questions about the Settlement, a claim form, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment.