UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAJESH VERMA, on behalf of
himself and all others similarly
situated,

    Plaintiff,

v.

                                Case No. 3:22-cv-776-BJD-SJH

WALDEN UNIVERSITY, LLC,

    Defendant.
_____/

## ORDER OF FINAL APPROVAL

    1.    **THIS CAUSE** is before the Court on Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Certification of Settlement Classes, and Attorneys' Fees and Costs (Doc. 66). The Court has considered the Settlement Agreement dated November 21, 2023, including its Exhibits (Doc. 66.1; the "Agreement"), and the definition of words and terms contained therein, which are incorporated by reference and are used hereafter. The Court also conducted a Final Approval Hearing on October 29, 2024 after giving notice in accordance with the Court's Order Preliminarily Approving Class Action and Certifying Settlement Class (Doc. 60). The terms and definitions of this Court's Preliminary Approval Order are also incorporated by reference into this Final Approval Order.

    2.    This Court has federal question jurisdiction over the subject matter of this case pursuant to the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA"),

personal jurisdiction over Defendant Walden University, LLC, and the Settlement Class Members, certified in the Court's preliminary approval order, who did not timely request exclusion.

3. The Court hereby finds that the Agreement is the product of arm's length settlement negotiations between Plaintiff and Walden, supervised by a well-qualified mediator, attorney Terrance White.

4. The Court hereby finds that the Notice of the Settlement was disseminated to persons in the Settlement Class in accordance with the Court's preliminary approval order, was the best notice practicable under the circumstances, and that the Notice satisfied Federal Rule 23 and due process.

5. There were no objections to the Agreement and no class members opted out of the Agreement.

6. The Unopposed Motion for Final Approval of Class Settlement (Doc. 66) is **GRANTED**. The Court hereby finally **APPROVES** the Agreement, finding it fair, reasonable and adequate as to all members of the Settlement Class in accordance with Federal Rule 23.

7. The Court hereby finally certifies the Settlement Class for settlement purposes. The Court finds for settlement purposes that the Settlement Class satisfies all the requirements of Federal Rule 23.

8. The Court hereby approves the plan of distribution for the Settlement Fund as set forth in the Agreement. The Claims Administrator is hereby ordered to comply with the terms of the Agreement with respect to satisfaction of claims, and any remaining funds.

9. As of the Effective Date, the Plaintiff and every Settlement Class Member hereby releases all Released Parties from the Released Claims, as stated in the Agreement.

10. Class Counsel have moved, pursuant to FED. R. CIV. P. 23(h) and 52(a), for an award of attorneys' fees and reimbursement of expenses. Pursuant to Federal Rules 23(h)(3) and 52(a) this Court makes the following findings of fact and conclusions of law:

(a) The Settlement confers substantial benefits on the members of the Settlement Class;

(b) The value conferred on the Settlement Class is immediate and readily quantifiable, in that members of the Settlement Class who submitted valid and timely claims will receive cash payments that represent a significant portion of the damages available to them were they to prevail in an individual action under the TCPA or the FTSA, the Florida Telephone Solicitation Act, Fla. Stat. 501.059(5);

(c) Class Counsel vigorously and effectively pursued the Settlement Class Members' claims before this Court in this complex case;

(d) the Settlement was obtained as a direct result of Class Counsel's advocacy;

(e) the Settlement was reached following extensive negotiations between Class Counsel and Counsel for Walden, supervised by a well-qualified mediator, and was negotiated in good-faith and without collusion;

(f) members of the Settlement Class were advised in the Notice approved by the Court that Class Counsel intended to apply for an award of

attorneys' fees equal to a 25% of the Settlement Funds in the amount of $103,705.75, plus expenses not to exceed $10,000.00, to be paid from the Settlement Funds;

      (g)      a copy of Plaintiff's motion for an award of attorneys' fees and expenses and any incentive award was made available for inspection in the Court's file and on the settlement website during the period class members had to submit any objections;

      (h)      no member of the Settlement Class objected to the award of attorneys' fees and expenses;

      (i)      counsel who recover a common fund for the benefit for persons other than themselves for their client are entitled to recover a an attorneys' fee from the fund as a whole. In the Eleventh Circuit, "[i]t is well established that when a representative party has conferred a substantial benefit upon a class, counsel is entitled to an allowance of attorneys' fees based upon the benefit obtained." *In re Checking Acct. Overdraft Litig.*, 830 F. Supp.2d 1330, 1358 (S.D. Fla. 2011), citing *Camden I Condo Ass'n v. Dunkle*, 946 F.2d 768, 771 (11th Cir. 1991) and *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). The Eleventh Circuit endorses using the factors articulated *Johnson v. Georgia Highway Expr., Inc.*, 488 F.2d 714 (5th Cir. 1974), to confirm the reasonableness of the award. *See In re Equifax Customer Data Sec. Breach Litig.*, 999 F.3d 1247, 1278 (11th Cir. 2021) (citing *Camden I Condo. Ass'n*, 946 F.2d at 772, n.3 and 775). The *Johnson/Camden I* factors

are (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is contingent; (7) the time limitations imposed; (8) the amount involved and results obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See In re Equifax*, 999 F.3d at 1278, n.22 (citing *Camden I*, 946 F.2d at 772, n.3). These factors confirm the reasonableness of the proposed fee award here. Accordingly, the Unopposed Motion for Award of Attorneys' Fees and Expenses (Doc. 63) is **GRANTED** to the extent Class Counsel are hereby awarded $103,705.75for attorney fees and $8,738.40.40 for reimbursed expenses, which the Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel in accordance with the terms of the Agreement.[1]

11.    This Court hereby grants Plaintiff's Unopposed Motion for Final Approval of Class Action Settlement, Certification of Settlement Classes, and Attorneys' Fees and Costs (Doc. 66), approves the Settlement Agreement, and dismisses this case with prejudice, except the Court retains jurisdiction to

---

[1] The Court adopts the Report and Recommendation entered September 6, 2024 (Doc. 65) regarding attorneys' fees and costs and allows an additional $428.00 for the reasons stated during the Final Approval Hearing.

supervise the administration of the Settlement, enforce the Agreement, and resolve any disputes relating to the same.

**DONE** and **ORDERED** in Jacksonville, Florida this _31st_ day of October, 2024.

*Brian J. Davis*
BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record
Unrepresented Parties